# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; Brigitte Bandit,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzalez, in an official capacity as District Attorney of Bexar County,<br><br>　　　　Defendants. | Civil Action No. 4:23-cv-02847 |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO PROCEED
UNDER A PSEUDONYM**

Plaintiffs The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; and Brigitte Bandit (collectively, "Plaintiffs") bring this Motion for Leave to Proceed Under a Pseudonym (hereinafter, "Motion") for Plaintiff Brigitte Bandit in order to protect her safety and privacy.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 10(a) requires a complaint to name each of the parties, but courts are permitted "to accommodate a plaintiff's asserted need to proceed anonymously through the use of a fictitious name." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Although there is "no hard and fast formula for ascertaining whether a party may sue anonymously," *id.* at 186, courts may weigh the "maintenance of a party's privacy against the presumption of openness in judicial proceedings." *Doe v. CoreCivic, Inc*, No. 4:20-CV-01828, 2020 WL 3640058, at *1 (S.D. Tex. July 6, 2020) (Eskridge, J.).

In determining whether a plaintiff's privacy interests outweigh the public's interests in an open judicial proceeding, courts consider the totality of the circumstances, including: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; or (3) whether the plaintiff would be compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution."

*W.D.O. v. Harris Cnty. Sheriff Dep't*, No. CV H-05-2978, 2005 WL 8169263, at *2 (S.D. Tex. Dec. 5, 2005) (Rosenthal, J.) (quoting *Southern Methodist Univ. Assoc. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)). Courts also consider (4) potential threats of violence, (5) the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, and (6) fairness to the public. *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. CV 22-00338-BAJ-SDJ, 2022 WL 17070549, at *2 (M.D. La. Nov. 17, 2022).

## ARGUMENT

The totality of the circumstances and every factor weigh in favor of granting Plaintiff Brigitte Bandit's request to proceed through the use of a pseudonym. *First*, Plaintiff Brigitte Bandit is suing to challenge governmental action threatened against her. *Second*, the prosecution of this case requires Plaintiff Brigitte Bandit to disclose intimate and private details about her drag artistry, accessories, prosthetics, underwear, and outwear. *Third*, in bringing this court challenge, Plaintiff Brigitte Bandit is admitting her intention to engage in activity arguably made illegal by SB 12.

*Fourth*, Plaintiff Brigitte Bandit has already been the target of harassment and threats of violence, which will significantly worsen if her legal name is made public on the Court's docket. *See* Declaration of Brigitte Bandit, attached hereto as Exhibit 1. Other people have recently called Brigitte a "deviant who doesn't belong

3

with [sic] 500 feet of any children" and said, "I think groomers should be a little afraid"; "They should be terrified"; "You can run but you cannot hide"; and "Kill it with fire." Someone also posted a picture of someone throwing a cinderblock with the words "COME HERE" written on top of it. *Id.* Since filing this lawsuit, Brigitte has had to make some of her social media accounts private because of the vitriol and threats she has received, and exposing her legal name would make it easier for people to target her, harass her, and find her physical address if they intend to turn their threats into violence. *Id.*

*Fifth*, none of the Defendants in this case will be prejudiced if Brigitte Bandit proceeds under her pseudonym. If requested, Brigitte is willing to enter a protective order in this case and share her legal name and other personal information with Defendants and the Court, while still maintaining her pseudonymity with the public. *Sixth*, the public's interest in free and open access to information in this proceeding will not be impaired by allowing Brigitte to use a pseudonym on the Court's docket. The public will still have full and open access to all records in this case, apart from any documents filed under seal or shared via a protective order. On balance, the significant privacy and safety concerns at issue far outweigh the very limited intrusion on the public's access to open courts. Plaintiffs respectfully request the Court grant Brigitte Bandit's request to proceed under a pseudonym.

4

Respectfully submitted,

*/s/Brian Klosterboer*

| | |
|---|---|
| Brian Klosterboer, *attorney-in-charge*<br>  TX Bar No. 24107833<br>  SDTX No. 3314357<br>Chloe Kempf<br>  TX Bar No. 24127325<br>  SDTX No. 3852674<br>Thomas Buser-Clancy<br>  TX Bar No. 24078344<br>  SDTX No. 1671940<br>Edgar Saldivar<br>  TX Bar No. 24038188<br>  SDTX No. 618958<br>Adriana Pinon<br>  TX Bar No. 24089768<br>  SDTX No. 1829959<br>ACLU FOUNDATION OF TEXAS, INC.<br>P.O. Box 8306<br>Houston, TX 77288<br>Tel. (713) 942-8146<br>Fax (713) 942-8966<br>bklosterboer@aclutx.org<br>ckempf@aclutx.org<br>tbuser-clancy@aclutx.org<br>esaldivar@aclutx.org<br>apinon@aclutx.org<br><br>  *Attorneys for Plaintiffs* | Derek McDonald<br>  TX Bar No. 00786101<br>  SDTX No. 18546<br>Maddy Dwertman<br>  TX Bar No. 24092371<br>  SDTX No. 3853795<br>BAKER BOTTS L.L.P.<br>401 S. 1st Street, Suite 1300<br>Austin, TX 78704<br>Tel. (512) 322-2500<br>Fax (512) 322-2501<br>Derek.McDonald@BakerBotts.com<br>Maddy.Dwertman@BakerBotts.com<br><br>Brandt Thomas Roessler<br>  TX Bar No. 24127923<br>  SDTX No. 3853796<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel. (212) 408-2500<br>Fax (212) 408-2501<br>Brandt.Roessler@BakerBotts.com<br><br>Ali Andrews<br>  TX Bar No. 24059381<br>  SDTX No. 2247339<br>BAKER BOTTS L.L.P.<br>910 Louisiana Street<br>Houston, TX 77002<br>Tel. (713) 229-1533<br>Fax (713) 229-2833<br>Ali.Andrews@BakerBotts.com |

## CERTIFICATE OF CONFERENCE

Plaintiffs notified Defendants of their intent to file this motion for leave to proceed under a pseudonym on August 8, 2023, and again on August 14, 2023. All Defendants are unopposed to this Motion. Defendant Angela Colmenero does not oppose using a pseudonym at this stage; however, she reserves the right to take it up with the Court if/when there are grounds to do so.

>  */s/Brian Klosterboer*
>  Brian Klosterboer

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of August, 2023, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record and via e-mail to all Defendants and counsel who have not yet appeared on CM/ECF.

>  */s/Brian Klosterboer*
>  Brian Klosterboer