IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VORTEX Repertory Co., *et al.*,<br><br> Plaintiffs,<br><br>v.<br><br>Angela Colmenero, *et al.*,<br><br> Defendants. | Case No. 4:23-cv-02993<br>The Honorable Ewing Werlein Jr. |
| The Woodlands Pride, Inc., *et al.*,<br><br> Plaintifs,<br>           v.<br><br>Angela Colmenero, *et al.*,<br><br> Defendants. | Case No. 4:23-cv-02847<br>The Honorable David Hittner |

### *VORTEX* PLAINTIFFS' MOTION TO CONSOLIDATE CASES

Plaintiffs The VORTEX; Brock England, Mark Ivy, Jamie Brokaw, Oktavea Williams, and Houston LGBT Chamber of Commerce ("Houston Chamber"), San Antonio LGBT Chamber of Commerce ("San Antonio Chamber"), North Texas LGBT Chamber of Commerce ("North Texas Chamber") (collectively "Chamber Plaintiffs") (collectively "*VORTEX* Plaintiffs") respectfully request this Court consolidate case 4:23-cv-02993 with related case 4:23-cv-02847, *The Woodlands Pride, Inc, et al. v. Colmenero et al.*

1

## I.   Background

The *VORTEX* Plaintiffs filed suit on August 4, 2023, in the United States District Court for the Western District of Texas. *VORTEX Repertory Co. et al. v. Angela Colmenero et al.*, No. 1:23-cv-00918-RP (W.D. Tex.) ("*VORTEX Repertory Co. v. Colmenero*"), Compl., ECF No. 1 ("*VORTEX* Complaint"). The *VORTEX* Plaintiffs brought a facial and as-applied First Amendment challenge to a recently enacted State law, Senate Bill 12. Plaintiffs contemporaneously filed a Motion for Temporary Restraining Order and Preliminary Injunction. *Id.*, Mot. Prelim. Inj., ECF No. 3. All Defendants have either waived service or been properly served a summons with copies of the complaint and *VORTEX* Plaintiffs' motion. *Id.*, Waivers of Service, ECF Nos. 8, 9, 16, 17; Summons, ECF No. 18.

Two days prior to Plaintiffs filing this case in the Western District of Texas, on August 2, 2023, a related case challenging the constitutionality of Senate Bill 12 was filed by a different group of Plaintiffs, ("*The Woodlands Pride* Plaintiffs"), in the Southern District of Texas, alleging Senate Bill 12 violates the First Amendment. *The Woodlands Pride, Inc. et al. v. Colmenero et al.*, No. 4:23-cv-02847 (S.D. Tex.) ("*The Woodlands Pride, Inc. v. Colmenero*"). On August 9, 2023, *The Woodlands Pride* Plaintiffs filed for a Temporary Restraining Order and Preliminary Injunction. *Id.*, Mot. Prelim. Inj., ECF No. 10.

Shortly after the *VORTEX* Plaintiffs filed their case, Judge Robert Pitman of the Western District requested briefing on whether the case should be transferred to the Southern District of Texas, Houston Division, for possible consolidation with *The Woodlands Pride, Inc. v. Colmenero*. *VORTEX Repertory Co. v. Colmenero*, No. 1:23-cv-00918-RP, Order, ECF No. 11.

To preserve judicial resources, the *VORTEX* Plaintiffs, Provisional Attorney General Angela Colmenero, and Harris County District Attorney Kim Ogg filed an Agreed Motion to Transfer on August 14, 2023. *Id.*, Mot. Transfer, ECF No. 19. Judge Pitman granted the Agreed Motion and transferred the case the same day. *Id.*, Order, ECF No. 20. Upon transfer to the Southern District, *VORTEX Repertory Co. v. Colmenero*, 4:23-cv-02993 (S.D. Tex), Transfer, ECF No. 21, the case was assigned to Judge Ewing Werlein Jr. *Id.*, Order, ECF No. 22.

On the same day Judge Pitman transferred *VORTEX Repertory Co. v. Colmenero* to the Southern District, this Court set a hearing on *The Woodlands Pride* Plaintiffs' Motion for Preliminary Injunction and consolidated that hearing with a trial on the merits. *The Woodlands Pride v. Colmenero*, No. 4:23-cv-02847, Hr'g Order, ECF No. 21. That hearing is set for August 28, 2023, at 1:30 P.M. *Id.*

The next day, August 15, 2023, the *VORTEX* Plaintiffs filed a motion for this case to be transferred or reassigned to this Court. *VORTEX Repertory Co. v. Colmenero*, 4:23-cv-2993, Mot. Transfer, ECF No. 23. Judge Werlein denied the

motion, without prejudice, and instructed The *VORTEX* Plaintiffs to file a motion to consolidate in this Court. *Id.*, Order, ECF No. 24.

The *VORTEX* Plaintiffs now respectfully request this Court to consolidate the two above-captioned cases.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 42, this Court may consolidate actions, in whole or for parts, that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The district court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2383 (3d ed. 1998). Typically, courts within the Southern District have looked to four factors:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*Tex. Gen. Land Office v. Biden*, No. 6:21-CV-00052, 2021 WL 5588160, at *2 (S.D. Tex. Nov. 29, 2021) (quoting *In re Enron Corp. Sec.*, No. 4:01-cv-3624, 2007 WL 226051, at *1 (S.D. Tex. Feb. 7, 2007)). For the reasons explained below, each of these factors favor consolidation.

### III.     ARGUMENT

The two above-captioned cases should be consolidated under Federal Rule of Civil Procedure 42. **First,** Plaintiffs in both cases challenged the same law with two of the same Defendants, Provisional Attorney General Angela Colmenero and Travis County Attorney Delia Garza. **Second,** both cases present very similar First and Fourteenth Amendment legal claims, including whether Senate Bill 12 fails strict scrutiny, is overbroad, imposes an invalid prior restraint, and is void for vagueness. *See VORTEX* Compl. at 24–27; *The Woodlands Pride, Inc. v. Colmenero*, No. 4:23-cv-02846, Compl., ECF No. 1, at 39–41. **Third**, the cases present no risk of confusion, particularly when Plaintiffs in neither case requested a jury and this Court is more than capable of keeping the two cases separate when necessary. To the contrary, failing to consolidate risks prejudice to the *VORTEX* Plaintiffs who may risk losing their chance to fully litigate their claims if they become bound by the disposition of *The Woodlands Pride, Inc. v. Colmenero*, which involves different Defendants and different facts. **Finally,** disposing of both cases in a single order will preserve judicial resources by avoiding unnecessary delays.

To be sure, there are important factual distinctions between the *VORTEX* Plaintiffs' claims and those in *The Woodlands Pride, Inc. v. Colmenero*. However, "consolidation [does] not ... completely merg[e] the constituent cases into one, but instead ... enabl[es] more efficient case management while preserving the distinct

identities of the cases." *Leigh Ann H. v. Riesel Indep. Sch. Dist.*, 18 F.4th 788, 795 (5th Cir. 2021) (quoting *Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (alterations in original). Consolidation in these cases would serve this efficiency function by allowing the Court to address common questions of law and fact at the same time, while also reserving the ability to address any relevant differences between the cases.

Further, no party opposes the Motion to Consolidate. Provisional Attorney General Angela Colmenero, a common Defendant in the two cases, Taylor County, and Taylor County District Attorney James Hicks consent. City of Houston, The Woodlands Township, Montgomery County, Montgomery County District Attorney Brett Ligon, Bexar County District Attorney Joe Gonzalez, and the City of Abilene are unopposed. The Plaintiffs in *Woodlands Pride v. Colmenero*, Travis County Delia Garza, and City of Austin take no position. Counsel for Harris County District Attorney Kim Ogg was unavailable via phone or email but was previously unopposed to Plaintiffs' Motion to Transfer this case to this Court. *VORTEX Repertory Co. v. Colmenero*, 4:23-cv-2993, Mot. Transfer, ECF No. 23.

### IV.  Conclusion

For the foregoing reasons, Plaintiffs respectfully request this Court consolidate case 4:23-cv-02993 with case 4:23-cv-02847.

Dated: August 17, 2023

Respectfully submitted,

6

/s/ *Travis Walker Fife*
Travis Walker Fife
Texas Bar No. 24126956
travis@texascivilrightsproject.org
Ashley Fernandez Dorsaneo
Texas Bar No. 24127393
ashley@texascivilrightsproject.org
Dustin Rynders
Texas State Bar No. 24048005
dustin@texascivilrightsproject.org
Molly Petchenik, *pro hac vice forthcoming*
Texas Bar No. 24134321
molly@texascivilrightsproject.org
TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr
Austin, Texas 78741
Tel. (512) 474-5073
Fax (512) 474-0726

Brice M. Timmons. *pro hac vice forthcoming*
Tennessee Bar No.29582
brice@donatilaw.com
Melissa J. Stewart, *pro hac vice forthcoming*
melissa@donatilaw.com
Tennessee Bar No. 40638
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
Tel. (901) 278-1004
Fax (901) 278-3111

**ATTORNEYS FOR *VORTEX* PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on August 17, 2023, a true and correct copy of this document was provided to all counsel of record via electronic filing. All Defendants were also served via electronic mail.

/s/ *Travis Walker Fife*
Travis Walker Fife

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendants Interim Attorney General Angela Colmenero, The City of Houston, the City of Austin, and County Attorney Delia Garza. I attempted to confer with counsel for Harris County District Attorney Kim Ogg, via phone and email, but was unable to reach her counsel.

I also certify that I conferred with Counsel for all Parties in *The Woodlands Pride, Inc. v. Colmenero*, No. 4:23-cv-02847.

/s/ *Travis Walker Fife*
Travis Walker Fife