IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| The Woodlands Pride, Inc.; et al., | § § § | |
| *Plaintiffs*, | § § | C.A. No. 4:23-cv-2847 |
| vs. | § § | **JURY TRIAL DEMANDED** |
| Angela Colmenero, in an official capacity as Interim Attorney General of Texas, et al., | § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT THE WOODLANDS TOWNSHIP'S MOTION
TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION
OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM**

Defendant, The Woodlands Township ("Township), moves to dismiss each Plaintiff's claims against the Township under Fed. R. Civ. P. 12(b)(1) for want of a justiciable controversy. Alternatively, under Fed. R. Civ. P. 12(b)(6), the Township moves to dismiss each Plaintiff's claims against the Township for failure to state a claim.

**I.   BACKGROUND.**

Plaintiffs allege that "Defendant The Woodlands Township is a special district and municipality," and that it "is statutorily tasked with enforcing SB 12." Complaint, at ¶ 16. This allegation is false in all respects but one. The Township is a "special district"; more specifically, it is a reclamation district created under Tex. Const. Art.

III, §§ 52, 52-a, and Art. XVI, § 59. *See* Township Enabling Legislation, attached as **Exhibit 1**.[1] The Township is not a "municipality" within the meaning of the Texas Local Government Code.[2] The Township is governed by a Board of Directors. The Township has no criminal law enforcement powers. It has no police department or local prosecutors.

At issue in this case is, inter alia, the facial validity of SB 12's new permitting prohibitions – Section 243.0031(c) of the Local Government Code. That provision disallows a "municipality or county" from authorizing any "sexually oriented performance" on public property or in the presence of a minor. The Township is neither a "county" nor a "municipality" under the Local Government Code.

---

[1] The enabling legislation is also available at Texas Legislature Online, https://capitol.texas.gov. *See* Act of 1993, S.B. 1373, 73 Leg., R.S., Chap. 289, R.S. (creating Town Center Improvement District of Montgomery, County, Texas (now The Woodlands Township); *amended by* Act of May 10, 1997, S.B. 12, 75th Leg., R.S.; amended by Act of May 25, 1999, S.B. 1807, 76th Leg., R.S.; *amended by* Act of May 25, 2005, S.B. 1353, 79th Leg., R.S.; *amended by* Act of May 25, 2009, S.B. 2515, 81st Leg., R.S.; *amended by* Act of May 22, 2015, H.B. 4149, R.S., 84th Leg; *amended by* Act of May 24, 2017, S.B. 1014, 85th Leg., R.S. (codified as TEX. SPECIAL DIST. LOCAL LAWS CODE Chap. 11011); *amended by* H.B. 5311, 88th Leg., R.S.

[2] "Texas law recognizes three types of municipalities: home-rule municipalities, general-law municipalities, and special-law municipalities." *Town of Lakewood Vill. v. Bizios*, 493 S.W.3d 527, 531 (Tex. 2016); *see also* TEX. LOC. GOV'T CODE Chap. 5 (defining types of Texas municipalities).

Plaintiffs have facially challenged other parts of Texas SB 12 – a statute enacted by the Texas State Legislature – claiming that the law chills their free speech. Plaintiffs have made no allegations that the Township passed any law that chills Plaintiffs' free speech. Plaintiffs have alleged that "Defendants [including the Township] are sued because they are **statutorily tasked** with enforcing this unconstitutional law." Complt., at ¶ 2 (emphasis added). But the enabling legislation of the Township plainly shows that the Township has no power to enforce any criminal laws.

Only one Plaintiff, Woodlands Pride, Inc. ("TWP"), alleges that the Township might not grant a permit for TWP's Annual Pride Festival, informally scheduled for October 21, 2023. But this allegation is nothing more than an assertion of subjective fear. As Plaintiffs admit, the Township has granted a permit for TWP to sponsor the same Festival every year since 2018 – except for COVID year 2020 when no public festivals were allowed. Plaintiffs have admitted that they have not yet applied for any permit for the 2023 Pride Festival, but no allegation is made that the Township threatens to deny any such permit application for any reason, let alone deny it on the basis of SB 12.

## II. STANDARD OF REVIEW.

When reviewing a Rule 12(b)(1) motion to dismiss, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). The Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must consider the allegations set forth in the complaint and any documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004). A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas*, 781 F.3d 772, 775-76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). A claim is facially plausible if the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### III.  ARGUMENT.

The Township moves to dismiss for want of subject-matter jurisdiction each of Plaintiffs' claims against the Township because there is no plausible allegation of any Article III "Case or Controversy" between the Township and any of the Plaintiffs who have sued the Township. Alternatively, even if any Plaintiff has plausibly pled a justiciable controversy between itself and the Township, such Plaintiff has failed to state a claim against the Township under 42 U.S.C. § 1983 for which the relief they seek may be granted. This is because there is no plausible allegation showing that some policy promulgated by the Township Board of Directors has deprived any Plaintiff of a constitutionally protected free speech right or that any such policy poses a credible threat to chill the exercise of any Plaintiff's free speech or expression.

### A.  **No Justiciable Controversy With The Township**.

"Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a 'case or controversy.'" *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "This is a 'bedrock requirement.'" *Id*. (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

To establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria. *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)):

> First, they must show that they have suffered, or are about to suffer, an "injury in fact." Second, "there must be a causal connection between the injury and the conduct complained of." Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." If any one of these three elements – injury, causation, and redressability – is absent, plaintiffs have no standing in federal court under Article III of the constitution to assert their claim.

*Okpalobi*, 244 F.3d at 425 (quoting *Lujan*, 504 U.S. at 560 (internal citation omitted).

Because "standing is not dispensed in gross," *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017), "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). To do so, each plaintiff must demonstrate that it has standing separately as to each defendant. *See Daves v. Dallas Cnty.*, 22 F.4th 522, 542 (5th Cir. 2022) (en banc) ("Standing to sue one defendant does not, on its own, confer standing to sue a different defendant."); *see also Fox v. Saginaw Cnty.*, 67 F.4th 284, 293 (6th Cir. 2023) ("a plaintiff's standing to sue one defendant does not give the plaintiff standing to sue every other defendant. The plaintiff must tie the injury to each defendant."); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 65 (2d Cir. 2012) (rejecting the view that "a plaintiff's injury resulting from the conduct of one defendant should have any bearing on her Article III standing to sue other defendants, even if they engaged in

similar conduct that injured other parties"); *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022).

"In preenforcement free speech challenges, 'chilled speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5th Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show that: (1) he intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)).

"Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013). There must be something more than "the individual's knowledge that a governmental agency was engaged in certain activities or . . . the individual's concomitant fear that, armed with the fruits of those activities, the agency might in the future take some other and additional action detrimental to that individual." *Laird v. Tatum*, 408 U.S. 1, 11 (1972)

There is no allegation of any credible threat of prosecution by the Township under SB 12. Being a special district with no police powers or any police department,

7

the Township lacks legal power to prosecute anyone under SB 12. *See* S.B. 1807, § 7(k) (Enabling Leg., **Exhibit 1**) ("The district may not employ peace officers."). The causation and redressability prongs of standing are also missing from each Plaintiffs' claims against the Township. *Okpalobi*, 244 F.3d at 427 ("causation and redressability will not exist if a governmental defendant has no 'duty or ability to do *anything*' about the enforcement of the challenged law") (emphasis in original).

The only allegation that pertains to the Township is Plaintiff TWP's claim that the Township *might* deny a TWP permit application to host its Pride Festival on Town Green Park. None of the other Plaintiffs has an even arguable or speculative complaint about anything they believe the Township might or might not do. And even Plaintiff TWP's claim of a subjective chill from SB 12 is unfounded as to the Township. SB 12's prohibition against certain "sexually oriented performances" on public property is directed to "counties and municipalities," which the Township is not. *Cf. Zanders v. Swanson*, 573 F.3d 591, 593-94 (8th Cir. 2009) (no credible threat of prosecution where the challenged statute did not prohibit the speech plaintiffs claimed was chilled). Indeed, Plaintiff TWP has alleged that the Township has consistently permitted the Festival since 2018 (except for COVID Year 2020 when no one else was using the parks for large gatherings); and no credible threat exists to show that this year's application by TWP, if and when submitted, will be treated any differently.

In summary, whether these Plaintiffs have a justiciable controversy against the State of Texas for enacting SB 12 is not the point – their controversy with the Township is manufactured, abusive, and a waste of this Defendant's resources. This part of the case should thus be dismissed for want of jurisdiction.

**B.      No Plausible Allegation of Any Township Policymaker Action**.

Section 1983 claims against a local government "require three elements: '(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom." *Arnone v. Dallas Cnty.*, 29 F.4th 262, 265-66 (5th Cir. 2022) (quoting *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (en banc)). "This 'policy or custom' requirement extends to claims for injunctive and declaratory relief." *Robinson v. Hunt Cty.*, 921 F.3d 440, 447 (5th Cir. 2019) (citing *Los Angeles County v. Humphries*, 562 U.S. 29, 31 (2010)).

"Section 1983 litigation requires [the Court] to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims." *Daves v. Dallas Cnty.*, 22 F.4th 522, 533 (5th Cir. 2022) (en banc) (citing *McMillian v. Monroe Cty.*, 520 U.S. 781, 784-85 (1997)). The Woodlands Township is not liable under Section 1983 for just any official policy that may violate these Plaintiffs' constitutional rights. Only a policy of its own – a policy of the Woodlands Township itself – must be shown to have caused the plaintiff's injury, or in this case,

9

the plaintiff's threatened injury by chilling the plaintiff's free speech rights. *See Arnone v. Cnty. of Dallas Cnty.*, 29 F.4th 262, 266 (5th Cir. 2022) ("Dallas County can be held liable only for those decided or acquiesced to by a *county* policymaker.") (emphasis original).[3]

The Woodlands Township's final policymakers are "the officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (quoting *McMillian*, 520 U.S. at 784-85 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). "This inquiry is specific to the particular action at issue, and depends on an analysis of relevant state and local law" *Bolton*, 541 F.3d at 548 (citing *Jett*, 491 U.S. at 737).

The relevant final policymaker for the Township is its elected Board of Directors. *See* S.B. 1373, § 6 (granting the township powers of municipal management

---

[3]Although this section of the Township's motion speaks to whether Plaintiffs have stated a Section 1983 claim given the absence of any Township policy at issue, the question of policymaker involvement also bears directly on constitutional standing and subject-matter jurisdiction. *See Daves*, 22 F.4th at 545 (addressing standing to sue county government and holding that "if there is no defendant county official who acts as a policymaker as to the function at issue, then the County must be dismissed as a party").

districts under Chapter 375 of the Local Government Code); *see id.*, at § 8 (board of directors is the governing body); TEX. LOC. GOV'T CODE § 375.061 (board of directors is the governing body of a municipal management district). The Board sets the policy for using Town Green Park. See TEX. LOC. GOV'T CODE § 375.095; *See* S.B. 1807, § 7(n) (Enabling Leg., **Exhibit 1**) ("The board by rule may regulate the private use of public ... parks," provided the district's rules do not conflict with the rules of a county or municipality with overlapping jurisdiction).[4]

Plaintiffs' claims against the Township fail on the first element of their claim – there is no plausible allegation that the relevant policymaker, the Township Board, has, or will have, anything to do with any of SB 12's mandates directed at local governments. It has been noted that SB 12 prohibits cities and counties from permitting certain activities – "a municipality or county may not authorize a sexually oriented performance on public property or in the presence of an individual younger than 18 years of age." SB 12 (adding LOC. GOV'T CODE § 243.0031(b)). In a codified

---

[4]The Township requests the Court to take judicial notice of these public documents. *See, e.g.*, *Overton v. Austin*, 748 F.2d 941, 955 (5th Cir. 1984) (judicial notice taken of city charter on motion to dismiss); *H. B. Zachry Co. v. Waller Creek, Ltd. (In re Waller Creek, Ltd.)*, 867 F.2d 228, 238, n. 14 (5th Cir. 1989) (city ordinance judicially noticed); *see also cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (judicially noticed matters may be considered on motion to dismiss).

Texas statute, the phrase "'[m]ay not' imposes a prohibition and is synonymous with 'shall not.'" TEX. GOV'T CODE § 311.016. This provision is thus a statutory mandate.

The Township, as shown already, is not a city or county under the Local Government Code, so SB 12's mandate does not apply. But even if it did, the fact that it is a mandate of the State – a state policy of the Texas Legislature – and not a Township policy of the Township's Board, is dispositive on the merits. The Fifth Circuit has repeatedly rejected § 1983 local governmental liability based upon state statutory mandates. *See, e.g., Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) (holding that a county was not liable under § 1983 for county's judge's enforcement of a state statute); *Crane v. Texas*, 759 F.2d 412, 430 (5th Cir. 1985) ("[L]ocal governments and their officials who act in conformance with a state statutory scheme will not be held liable for § 1983 damages if the scheme is later held unconstitutional."); *Bigford v. Taylor*, 834 F.2d 1213, 1223 (5th Cir. 1988) (a local magistrate is not a county policymaker when carrying out the statutory policy of the State of Texas); *Arnone*, 29 F.4th at 266 (affirming dismissal of county where actions of county official were directed by state law).

Particularly pertinent in this line is *Echols v. Parker*, 909 F.2d 795 (5th Cir. 1990), where arrestees brought a federal civil rights action against local officials, seeking a declaratory judgment that Mississippi's anti-boycott statute was

12

unconstitutional. The Fifth Circuit held that the local officials were acting as state agents when they enforced the state's anti-boycott statute, stating:

> [T]he State cannot dissociate itself from actions taken under its laws by labeling those it commands to act as local officials. A county official pursues his duties as a state agent when he is enforcing state law or policy. He acts as a county agent when he is enforcing county law or policy. It may be possible for the officer to wear both state and county hats at the same time, but **when a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official**.

*Id.*, at 800-01 (emphasis added). The district courts of the Fifth Circuit have followed this same principle,[5] as well as some of the other circuits.[6]

---

[5]*See, e.g., Williams v. Dallas Cty.*, No. 3:19-CV-2468-G-BH, 2020 U.S. Dist. LEXIS 153151, *9, 2020 WL 4926561 (July 30, 2020), *R&R adopted and case dism'd*, 2020 U.S. Dist. LEXIS 152433, 2020 WL 4924058 (N.D. Tex., Aug. 21, 2020) (Fish, J.) ("The Fifth Circuit has rejected § 1983 municipal liability based on a state statute.") (citing *Familias Unidas, supra*); *Juarez v. Pizana*, No. 3:17-CV-00368-KC, 2018 U.S. Dist. LEXIS 138605, at *8, 2018 WL 3769431 (W.D. Tex. June 25, 2018) (Cardone, J.) ("The enforcement of state law cannot give rise to municipal liability because the municipal policy 'may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute.'") (quoting *Familias Unidas*, 619 F.2d 391, 404); *Cain v. City of New Orleans*, No. 15-4479, 2016 U.S. Dist. LEXIS 63527, 2016 WL 2849498, at *8 (E.D. La. May 13, 2016) (rejecting premise that "a municipal defendant may be held liable under section 1983 for enforcing a state statute, even though the state mandates a particular course of action."); *Robertson v. Town of Washington*, No. 13-CV-3020, 2015 U.S. Dist. LEXIS 45534, *19 (Feb. 12, 2015), R&R adopted and MSJ granted in relevant part, 2015 U.S. Dist. LEXIS 45439 (W.D. La., Apr. 6, 2015) ("A municipal entity cannot be held liable for enforcing state law because the municipal policy in that instance 'may more fairly be characterized as the effectuation of the policy of the State ... embodied in that statute, for which the citizens of a particular county should not bear

In short, Plaintiffs have alleged no facts plausibly showing that the Township's final policymaker – its Board of Directors – has taken any action, or threatened to take any action, that can plausibly be said to have chilled any of these Plaintiffs from engaging in constitutionally protected free speech. SB 12 is state policy, not Township policy. Ergo, even if any Plaintiff has standing to sue the Township in this case, which plainly none of them do, none have stated a viable Section 1983 claim to support injunctive relief against the Township.

## IV.   CONCLUSION & PRAYER.

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against The Woodlands Township for want of subject-matter jurisdiction. Alternatively, the

---

singular responsibility.' If the municipal entity could not be held liable, then the Chief of Police could not be held individually liable because the policy itself is not that of the Town of Washington but of the State of Louisiana.") (quoting *Familias Unidas*, *supra*); *McLaughlin v. City of Canton*, 947 F. Supp. 954, 966 (S.D. Miss. 1995) ("The municipal defendants here, like the local defendants in *Echols* and *Familias Unidas*, were merely enforcing a state statutory scheme which they believed to be unambiguous on its face and which reflected state, rather than county, policy.").

[6]*See, e.g., Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (holding that county board did not act in a policy-making capacity when it fired plaintiff because termination procedures and criteria were prescribed by the state); *Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991) (holding plaintiff's claim insufficient for *Monell* liability when plaintiff asserted that municipality had a policy of enforcing state statutes, stating that "[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the "policy" of enforcing state law.").

Court should dismiss Plaintiffs' claims against The Woodlands Township for failure to state a claim for which the relief they seek may be granted.

        Respectfully submitted,

        VIADA & STRAYER

        By: /s/ *Ramón G. Viada III*
            Ramón G. Viada III
            State Bar No. 20559350
            Fed I.D. No. 10689
            rayviada@viadastrayer.com
            17 Swallow Tail Court
            The Woodlands, Texas 77381
            281-419-6338

        COUNSEL FOR DEFENDANT
        THE WOODLANDS TOWNSHIP

## CERTIFICATE OF SERVICE

    I certify that all counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Electronic Case Files System of the Southern District of Texas on August 21, 2023.

        /s/ *Ramón G. Viada III*
        Ramón G. Viada III