IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| The Woodlands Pride, Inc.; et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | C.A. No. 4:23-cv-2847 |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| Angela Colmenero, in an official | § | |
| capacity as Interim Attorney General | § | |
| of Texas, et al., | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT CITY OF ABILENE'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM

Defendant, City of Abilene (the "City"), moves to dismiss each Plaintiff's claims against the City under Fed. R. Civ. P. 12(b)(1) for want of a justiciable controversy. Alternatively, under Fed. R. Civ. P. 12(b)(6), the City moves to dismiss each Plaintiff's claims against the City for failure to state a claim.

## I.   BACKGROUND.

The City is a home-rule municipality operating under a city charter. *See* ABILENE CITY CHARTER, attached as **Exhibit 1**. The City's governing body is its elected City Council. *Id.*, at Art. II, Sec. 10 ("All powers and authority, **including determination of all matters of policy**, which are expressly or by implication

conferred on or possessed by the city shall be vested in and exercised by the council; provided, however, that the council shall have no authority to exercise those powers which are expressly conferred upon other city officers by this Charter.") (emphasis added).

Plaintiffs are a group of individuals and organizations that have facially challenged the constitutionality of Texas Senate Bill 12 (SB 12). This is a Texas state statute, not a city ordinance. No city law is challenged in this case. The basis for Plaintiffs' suit against the City of Abilene and other local governments collectively is the claim that "Defendants [including the City] are sued because they are **statutorily tasked** with enforcing this unconstitutional law." Complt., at ¶ 2 (emphasis added); *see id*., at ¶ 19.

SB 12 has three major parts.

Section 1 adds Chapter 769 to the Texas Health & Safety Code, to prohibit certain sexually oriented performances on the premises of a "commercial enterprise." *Id*. It provides for a civil penalty which the Texas Attorney General may enforce. *Id*. The City of Abilene has no enforcement powers under Section 1 of SB 12.

Section 2 adds Section 243.0031 to the Texas Local Government Code. This provision prohibits cities and counties from allowing a "sexually oriented performance" on public property or in the presence of a minor. *Id*., at § 243.031(c).

2

This provision also authorizes cities and counties to "regulate" sexually oriented performances under the police power of these entities. *Id*., at § 243.031(b). No allegation has been made in this case that the City has proposed to enact any new ordinance pursuant to the regulatory authority delegated by Section 243.031(b).

Section 3 adds Section 43.28 to the Texas Penal Code. It defines a "sexually oriented performance" *id*., at § 43.28(a)(2), and criminalizes "sexually oriented performances" in the presence of a minor or on public property where a minor could reasonably be expected to view the performance. *Id*., at § 43.28(b), (c).

The only Plaintiff that claims to be chilled by what it fears will be the City's enforcement of SB 12 is the Abilene Pride Alliance ("APA"). It alleges:

> The Abilene Pride Alliance is currently planning its annual Pride event on September 30, 2023, which will feature a parade through Abilene's public downtown streets and a festival at the Expo Center of Taylor County. The Expo Center of Taylor County is operated by a non-profit organization who rents the facility from Taylor County. **The City of Abilene has issued a permit for the parade.**

Complt., at ¶ 83 (emphasis added).

This allegation confirms that the City has affirmatively permitted the very action that APA feels "chilled" to undertake. Plaintiff APA alleges it "fears that, if SB 12 takes effect, its permit for the use of Abilene's city streets may be revoked—with no established due process or recourse—by the City of Abilene." Complt., at ¶ 86. But

nothing is alleged to show plausibly that the City intends to pull the permit. APA also fears exposure to civil or criminal penalties. But nothing in the Complaint specifies any real threat by the City to arrest or charge APA or its members for protected free expression. *Id*., at ¶¶ 89-90.

## II.   STANDARD OF REVIEW.

When reviewing a Rule 12(b)(1) motion to dismiss, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). The Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must consider the allegations set forth in the complaint and any documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004). A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas*, 781 F.3d 772, 775-76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). A claim is facially plausible if the pleaded factual content

4

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## III.   ARGUMENT.

The City moves to dismiss for want of subject-matter jurisdiction each of Plaintiffs' claims against the City because there is no plausible allegation of any Article III "Case or Controversy" between the City and any of the Plaintiffs who have sued the City. Alternatively, even if any Plaintiff has plausibly pled a justiciable controversy between itself and the City, such Plaintiff has failed to state a claim against the City under 42 U.S.C. § 1983 for which the relief sought may be granted. This is because there is no plausible allegation showing that some policy promulgated by the Abilene City Council has deprived any Plaintiff of a constitutionally protected free speech right, or that any such policy poses a credible threat to chill the exercise of any Plaintiff's free speech or expression.

### A.   No Justiciable Controversy With The City.

"Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a 'case or controversy.'" *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "This is a 'bedrock requirement.'" *Id*. (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

To establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria. *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)):

> First, they must show that they have suffered, or are about to suffer, an "injury in fact." Second, "there must be a causal connection between the injury and the conduct complained of." Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." If any one of these three elements – injury, causation, and redressability – is absent, plaintiffs have no standing in federal court under Article III of the constitution to assert their claim.

*Okpalobi*, 244 F.3d at 425 (quoting *Lujan*, 504 U.S. at 560 (internal citation omitted).

Because "standing is not dispensed in gross," *Town of Chester, N.Y. v. Laroe Estates, Inc*., 581 U.S. 433, 439 (2017), "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). To do so, each plaintiff must demonstrate that it has standing separately as to each defendant. *See Daves v. Dallas Cnty*., 22 F.4th 522, 542 (5ᵗʰ Cir. 2022) (en banc) ("Standing to sue one defendant does not, on its own, confer standing to sue a different defendant."); *see also Fox v. Saginaw Cnty*., 67 F.4th 284, 293 (6th Cir. 2023) ("a plaintiff's standing to sue one defendant does not give the plaintiff standing to sue every other defendant. The plaintiff must tie the injury to each defendant."); *Mahon v. Ticor Title Ins. Co*., 683 F.3d 59, 65 (2d Cir. 2012) (rejecting the view that

6

"a plaintiff's injury resulting from the conduct of one defendant should have any bearing on her Article III standing to sue other defendants, even if they engaged in similar conduct that injured other parties"); *Disability Rts. S.C. v. McMaster*, 24 F.4th 893, 900 (4th Cir. 2022).

"In preenforcement free speech challenges, 'chilled speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5ᵗʰ Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show is that: (1) it intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)).

"Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013). There must be something more than "the individual's knowledge that a governmental agency was engaged in certain activities or . . . the individual's concomitant fear that, armed with the fruits of those activities, the agency might in the future take some other and additional action detrimental to that individual." *Laird v. Tatum*, 408 U.S. 1, 11 (1972).

7

There is no allegation of any credible threat of prosecution by the City under SB 12. The only specific allegation pertaining to the City is that the City has **granted** Plaintiff APA a parade permit; however, APA fears the City might revoke the permit if SB 12 is allowed to stand. APA has "alleged nothing more than subjective, self-imposed chill." *Crenshaw-Logal v. City of Abilene*, 436 Fed. Appx. 306, 309 (5th Cir. 2011) (following *Laird*, 408 U.S. at 11).

## B.    The Claims Against the City Lack Ripeness.

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Ripeness has both constitutional and prudential components. *DM Arbor Court, Ltd. v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021). "Even when constitutional ripeness is satisfied, . . . a court may decide not to hear a case for prudential reasons, such as '[p]roblems of prematurity and abstractness.'" *Id.*, at 218 n.1 (quoting *Buckley v. Valeo*, 424 U. S. 1, 14 (1976)). Further, just as standing is not dispensed in gross, neither is ripeness. *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 434 n.27 (5th Cir. 2021) ("We assess ripeness claim by claim.").

SB 12 has yet to take effect, and APA has alleged nothing *the City* threatens to do pursuant to SB 12 when it does take effect. How the City might enforce SB 12 if

8

or when it does takes effect is open only for rank speculation. "Article III of the
Constitution affords federal courts the power to resolve only 'actual controversies
arising between **adverse litigants**.'" *Whole Woman's Health v. Jackson*, 142 S. Ct.
522, 532 (2021) (quoting *Muskrat v. United States*, 219 U. S. 346, 361 (1911))
(emphasis added). The City did not enact SB 12, and Plaintiffs' quarrel with SB 12
is not a quarrel with the City. The City has granted a parade permit; and Plaintiffs can
point to no regulation the City is poised to enact pursuant to SB 12.

At this time, therefore, the City is not an "adverse litigant" with any of these
Plaintiffs – except to demonstrate that no adversity between these parties exists, yet.
And a justiciable controversy between these parties may never come to pass. The City
has not appeared before the Court as a defender of SB 12 or as its advocate. It is the
State's role to defend and advocate for its law. The City has no standing to act as a
cheerleader for a state statute. Further, any future obligation on the part of local
governments to enforce SB 12 depends on whether the Court upholds the law. If the
law is struck down, there will be no duty to enforce it. Conversely, if some or all of
the law survives the present facial challenge, then local governments with enforcement
powers will then decide how it will be applied. No as-applied challenge is ripe. *See
Buquer v. City of Indianapolis*, No. 1:11-cv-708-SEB, 2013 U.S. Dist. LEXIS 45084,
2013 WL 1332158 (S.D. Ind. Mar. 28, 2013) (where the court, after invalidating a

state law on a facial challenge, dismissed dismissed the Section 1983 claim for
injunctive relief against a city, reasoning that "Plaintiffs' claim against the City is
contingent on the outcome of a variety of intervening acts and scenarios not fully
settled at this time. These uncertainties render the claims against the City premature,
and no longer ripe for adjudication.").

In short, while Plaintiffs' facial challenge to SB 12 appears ripe as to the State,
*see Buchanan v. Alexander*, 919 F.3d 847, 854 (5th Cir. 2019) (citing *Jordahl v.
Democratic Party of Va.*, 122 F.3d 192, 199 n.6 (4th Cir. 1997), for the proposition
that "for a facial challenge to a state law, the proper party was the state rather than the
party seeking an injunction under the law"),[1] the City has yet to demonstrate any
willingness to enforce SB 12 in a manner that chills Plaintiffs' free expression. Thus,
the City is not a proper defendant. *See Tex. Alliance for Retired Americans v. Scott*,
28 F.4th 669, 671-72 (5th Cir. 2022) (emphasis added, internal quotations omitted).[2]
Otherwise, there is no limiting principle to prevent plaintiffs from naming literally

---

[1] *See also Coleman v. Caruso*, 413 Fed. Appx. 866, 872 (6th Cir. 2011)
(affirming dismissal of county defendants in facial challenge to state law, noting that
"to the extent that Plaintiffs are asserting a facial challenge to [Michigan law requiring
filing fees by indigent inmates], "every county in Michigan need not be named").

[2] *Scott* addressed the question of who is a proper party for an injunction suit
under *Ex parte Young*, 209 U.S. 123 (1908), acknowledging the significant overlap
between Article III jurisdiction, *Ex parte Young*, and equitable relief. 28 F.3d at 672
(citing *Air Evac EMS, Inc. v. Tex., Dep't of Ins.*, 851 F.3d 507, 520 (5th Cir. 2017)).

every county, every city, and even every prosecutor and law enforcement officer as a defendant in a pre-enforcement facial challenge to a statute.

### C.   No Plausible Allegation of Any City Policymaker Action.

Section 1983 claims against a local government "require three elements: '(1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose 'moving force' is the policy or custom." *Arnone v. Dallas Cnty.*, 29 F.4th 262, 265-66 (5th Cir. 2022) (quoting *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (en banc). "This 'policy or custom' requirement extends to claims for injunctive and declaratory relief." *Robinson v. Hunt Cty.*, 921 F.3d 440, 447 (5th Cir. 2019) (citing *Los Angeles County v. Humphries*, 562 U.S. 29, 31 (2010)).

"Section 1983 litigation requires [the Court] to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims." *Daves v. Dallas Cnty.*, 22 F.4th 522, 533 (5th Cir. 2022) (en banc) (citing *McMillian v. Monroe Cty.*, 520 U.S. 781, 784-85 (1997)). The City of Abilene is not liable under Section 1983 for just any official policy that may violate these Plaintiffs' constitutional rights. Only a policy of its own – a policy of the City itself – must be shown to have caused Plaintiffs' injuries. *See Arnone v. Cnty. of Dallas Cnty.*, 29

11

F.4th 262, 266 (5th Cir. 2022) ("Dallas County can be held liable only for those decided or acquiesced to by a *county* policymaker.") (emphasis original).[3]

The City's final policymakers are "the officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (quoting *McMillian*, 520 U.S. at 784-85 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988). "This inquiry is specific to the particular action at issue, and depends on an analysis of relevant state and local law" *Bolton*, 541 F.3d at 548 (citing *Jett*, 491 U.S. at 737).

The relevant final policymaker for the City is its elected City Council. *See* ABILENE CHARTER, Art. 2, § 10 (**Exhibit 1**). Plaintiffs' Section 1983 claims against the City fail on the first element of their claim – there is no plausible allegation that the relevant policymaker, the City Council, has or will have anything to do with any of SB 12's mandates directed at local governments. It has been noted that SB 12

---

[3] Although this section of the City's motion speaks to whether Plaintiffs have stated a Section 1983 claim, the question of who is the final policymaker for enacting and mandating enforcement of SB 12 also bears directly on constitutional standing and subject-matter jurisdiction. *See Daves*, 22 F.4th at 545 (addressing standing to sue county government and holding that "if there is no defendant county official who acts as a policymaker as to the function at issue, then the County must be dismissed as a party").

prohibits cities and counties from permitting certain activities – "a municipality or county may not authorize a sexually oriented performance on public property or in the presence of an individual younger than 18 years of age." SB 12 (adding LOC. GOV'T CODE § 243.0031(b)). In a codified Texas statute, the phrase "'[m]ay not' imposes a prohibition and is synonymous with 'shall not.'" TEX. GOV'T CODE § 311.016.

This provision is thus a statutory mandate – a policy of the Texas Legislature, and not a City policy of the City Council. The Fifth Circuit has repeatedly rejected § 1983 local governmental liability based upon state statutory mandates. *See, e.g., Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980) (holding that a county was not liable under § 1983 for county's judge's enforcement of a state statute); *Crane v. Texas*, 759 F.2d 412, 430 (5th Cir. 1985) ("[L]ocal governments and their officials who act in conformance with a state statutory scheme will not be held liable for § 1983 damages if the scheme is later held unconstitutional."); *Bigford v. Taylor*, 834 F.2d 1213, 1223 (5th Cir. 1988) (a local magistrate is not a county policymaker when carrying out the statutory policy of the State of Texas); *Arnone*, 29 F.4th at 266 (affirming dismissal of county where actions of county official were directed by state law).

Particularly pertinent in this line is *Echols v. Parker*, 909 F.2d 795 (5th Cir. 1990), where arrestees brought a federal civil rights action against local officials,

13

seeking a declaratory judgment that Mississippi's anti-boycott statute was unconstitutional. The Fifth Circuit held that the local officials were acting as state agents when they enforced the state's anti-boycott statute, stating:

> [T]he State cannot dissociate itself from actions taken under its laws by labeling those it commands to act as local officials. A county official pursues his duties as a state agent when he is enforcing state law or policy. He acts as a county agent when he is enforcing county law or policy. It may be possible for the officer to wear both state and county hats at the same time, but **when a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official**.

*Id.*, at 800-01 (emphasis added). The district courts of the Fifth Circuit have followed this same principle,[4] as well as some of the other circuits.[5]

---

[4] *See, e.g., Williams v. Dallas Cty.*, No. 3:19-CV-2468-G-BH, 2020 U.S. Dist. LEXIS 153151, *9, 2020 WL 4926561 (July 30, 2020), *R&R adopted and case dism'd*, 2020 U.S. Dist. LEXIS 152433, 2020 WL 4924058 (N.D. Tex., Aug. 21, 2020) (Fish, J.) ("The Fifth Circuit has rejected § 1983 municipal liability based on a state statute.") (citing *Familias Unidas*, *supra*); *Juarez v. Pizana*, No. 3:17-CV-00368-KC, 2018 U.S. Dist. LEXIS 138605, at *8, 2018 WL 3769431 (W.D. Tex. June 25, 2018) (Cardone, J.) ("The enforcement of state law cannot give rise to municipal liability because the municipal policy 'may more fairly be characterized as the effectuation of the policy of the State of Texas embodied in that statute.'") (quoting *Familias Unidas*, 619 F.2d 391, 404); *Cain v. City of New Orleans*, No. 15-4479, 2016 U.S. Dist. LEXIS 63527, 2016 WL 2849498, at *8 (E.D. La. May 13, 2016) (rejecting premise that "a municipal defendant may be held liable under section 1983 for enforcing a state statute, even though the state mandates a particular course of action."); *Robertson v. Town of Washington*, No. 13-CV-3020, 2015 U.S. Dist. LEXIS 45534, *19 (Feb. 12, 2015), R&R adopted and MSJ granted in relevant part, 2015 U.S. Dist. LEXIS 45439 (W.D. La., Apr. 6, 2015) ("A municipal entity cannot be held liable for enforcing state law because the municipal policy in that instance

In short, Plaintiffs have alleged no facts plausibly showing that the Abilene City Council has taken any action, or threatened to take any action, that can plausibly be said to have chilled any of these Plaintiffs from engaging in constitutionally protected free speech. SB 12 is state policy, not City policy. Ergo, even if any Plaintiffs have standing to sue the City in this case, which plainly none of them do, none have stated a viable Section 1983 claim to support injunctive relief against the City.

## IV.    CONCLUSION & PRAYER.

For the foregoing reasons, the Court should dismiss Plaintiffs' claims against Defendant City of Abilene for want of subject-matter jurisdiction. Alternatively, the

---

'may more fairly be characterized as the effectuation of the policy of the State ... embodied in that statute, for which the citizens of a particular county should not bear singular responsibility.' If the municipal entity could not be held liable, then the Chief of Police could not be held individually liable because the policy itself is not that of the Town of Washington but of the State of Louisiana.") (quoting *Familias Unidas*, *supra*); *McLaughlin v. City of Canton*, 947 F. Supp. 954, 966 (S.D. Miss. 1995) ("The municipal defendants here, like the local defendants in *Echols* and *Familias Unidas*, were merely enforcing a state statutory scheme which they believed to be unambiguous on its face and which reflected state, rather than county, policy.").

[5] *See, e.g., Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (holding that county board did not act in a policy-making capacity when it fired plaintiff because termination procedures and criteria were prescribed by the state); *Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991) (holding plaintiff's claim insufficient for *Monell* liability when plaintiff asserted that municipality had a policy of enforcing state statutes, stating that "[i]t is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the "policy" of enforcing state law.").

Court should dismiss Plaintiffs' claims against the City for failure to state a claim for which the relief they seek may be granted.

Respectfully submitted,

VIADA & STRAYER

By:  /s/ ***Ramón G. Viada III***
       Ramón G. Viada III
       State Bar No. 20559350
       Fed I.D. No. 10689
       rayviada@viadastrayer.com
       17 Swallow Tail Court
       The Woodlands, Texas 77381
       281-419-6338

COUNSEL FOR DEFENDANT
CITY OF ABILENE

## CERTIFICATE OF SERVICE

I certify that all counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Electronic Case Files System of the Southern District of Texas on August 21, 2023.

/s/ ***Ramón G. Viada III***
Ramón G. Viada III

16