

**CITY OF ABILENE**

**CITY SECRETARY**

STATE OF TEXAS   )
COUNTY OF TAYLOR  )

CITY OF ABILENE   )

CERTIFICATE OF COPY TO PUBLIC RECORD

I hereby certify, in the performance of the functions of my office, that the attached instrument of the following:

**Abilene City Charter**

As the same appears of record in my office and that said document is an official record from the public office of the City Secretary of the City of Abilene, Taylor County, State of Texas, and is kept in said office.

I further certify that I am the City Secretary of the City of Abilene, that I have legal custody of said record, and that I am a lawful possessor and keeper and have legal custody of the records in said office.

In witness whereof I have hereunto set my hand and affixed the official seal of said office this **17th day of August, 2023.**

(CITY SEAL)

Shawna Atkinson

**City Secretary**

C.A. No. 4:23-cv-2847
CITY OF ABILENE EXHIBIT

**1**

PART I - CHARTER

## PREAMBLE

We the people of the City of Abilene, dedicated to the principal of local self-government, under law, as interpreted by the light of reason, and administered to secure justice, do invoke the guidance of God in establishing a municipal government, capable of efficiently translating the wishes of the voters into effective administration as promptly and economically as possible, and ordain these provisions for the Charter of our City.

ARTICLE I. - INCORPORATION, FORM OF GOVERNMENT AND POWERS

Sec. 1. - Incorporation.

The inhabitants of the City of Abilene, Taylor County, Texas, within the corporate limits as heretofore or hereafter established are hereby constituted and shall continue to be a municipal body politic and corporate in perpetuity under the name of "City of Abilene," hereinafter referred to as the "city," with such powers, rights, duties, privileges and immunities as are herein provided.

Sec. 2. - Form of government.

The municipal government provided by this Charter shall be known as "Council-Manager Government." Pursuant to the provisions of, and subject only to the limitations imposed by, the state constitutions, state laws and this Charter, all powers of the city shall be vested in an elective council hereinafter referred to as the "council," which shall enact legislation, adopt budgets, determine policies and appoint the city manager who shall execute the laws and administer the government of the city.

Sec. 3. - General powers of the city.

The city shall be a home rule city. It shall have all powers granted to home rule cities by the constitution and laws of this state, as fully and completely as though they were specifically enumerated in this Charter, together with all the implied powers necessary to carry into execution such granted powers, and the powers are hereby adopted that are conferred upon cities by Article XI, Section 5, of the Constitution of the State of Texas (Home Rule Amendment). Among other powers, the city shall have the power to contract and to cooperate with the government of the State of Texas or any agency or any political subdivision thereof, or with the United States Government or any agency thereof, to accomplish any lawful purpose. The city may acquire property within or without its corporate limits for any municipal purpose in fee simple or in any lesser interest or estate by purchase, gift, devise, lease or condemnation, and, subject to the provisions of this Charter, may sell, lease, mortgage, hold, manage, improve and control such property as may now or

hereafter be owned by it; may provide for the expenditure of public funds for a retirement system, group health, life and accident insurance coverage, and surety bonds for city employees and officers; may pass ordinances and enact such regulations as may be expedient for the maintenance of good government order and peace of the city and the welfare, health, morals, comfort and safety of its inhabitants consistent with the provisions of this Charter. The enumeration of particular powers by this Charter shall not be deemed to be exclusive and in addition to the powers enumerated or implied herein the city shall have all powers not prohibited by the constitution or laws of this state.

(Ord. No. 10-1997, pt. 3(a), 2-27-97)

Sec. 4. - Annexation.

The council shall have the power to fix, by ordinance, the boundary limits of the city and to provide, by ordinance, for the annexation of additional territory lying adjacent to the city, with or without the consent of the inhabitants of the territory to be annexed. The council shall have the power to detach, by ordinance, any territory with or without the consent of the inhabitants of such area to be detached. Upon the introduction of such annexation or detachment ordinance to the council, it shall be published at least one time in the official newspaper of the city in the form in which it may be finally passed, and said ordinance shall not thereafter be finally acted upon until at least thirty (30) days have elapsed after the first publication thereof, and a public hearing held thereon. When any territory shall be so annexed, the same shall be a part of the city and the property situated therein shall bear its pro rata part of the taxes levied by the city, and the inhabitants thereof shall be entitled to all the rights and privileges of all the citizens, including the right to vote in municipal elections, and shall be bound by the acts, ordinances, resolutions and regulations of the city. When territory has been so detached, the same shall no longer be a part of the city. However, it is specifically provided that the council shall have the authority to annex property to the city by an ordinance passed under its emergency powers and without giving notice thereof when a petition is duly presented bearing the signatures of all of the owners of the property sought to be annexed.

Sec. 5. - Street development and improvement.

The city shall have the power, in connection with its power to develop and improve or cause to be developed and improved any and all public streets, sidewalks, waterways, alleys and other public ways within the corporate limits of the city, to assess the cost of such development and improvement partly or entirely by assessments levied as a lien against the property abutting thereon and against the owners thereof. These assessments may be levied in any amount and under any procedures not prohibited by the constitution or statutes of the State of Texas, and may prescribe the time, terms and conditions of payment thereof, the rate of interest, and may include reasonable attorney's fees and costs of collection, if incurred, but no assessment may be made against land or owners of land in excess of the enhancement in value to the property occasioned by such development or improvement. If improvements be ordered constructed in any part of any area used or occupied by the tracks or facilities of any railway or public utility, then the city

shall have the power to assess the whole cost of improvements in such area and the added costs of improvements in areas adjacent thereto made necessary by such use or occupancy against such railway or utility, and shall have the power, by ordinance, to provide for the enforcement of such assessment. As an alternative and cumulative method of developing, improving and paving any and all public streets, sidewalks, waterways, alleys, highways and other public ways within its corporate limits, the city shall have the power and authority to proceed in accordance with V.T.C.A., Transportation Code Ch. 313, Street Improvements and Assessments In Certain Municipalities.

(Ord. No. 10-1997, pt. 3(b), 2-27-97)

ARTICLE II. - THE COUNCIL


Sec. 6. - Number, selection and term.

The council shall consist of six councilmembers and a mayor, all of whom shall be elected at large, as hereinafter provided. Each councilmember, unless sooner removed under the provisions of this Charter, shall serve for a term of three years, beginning with the first meeting of the council following his or her election, and ending with the first meeting of the council three (3) years later, or until his or her successor has been elected and duly qualified. Such terms for councilmembers shall be on a three year staggered basis to the end that two (2) councilmembers shall be elected each year. The mayor, unless sooner removed under the provisions of this charter, shall serve for a term of three (3) years, beginning with the first meeting of the council following his or her election and ending with the first meeting of the council three (3) years later, or until his or her successor has been elected and duly qualified.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 7. - Qualifications.

At the time of his or her election to office, each councilmember and the mayor shall be at least twenty-one years of age, shall be a citizen and qualified voter of the State of Texas and the city. At the time of his or her election to office each councilmember and mayor shall have resided within the City of Abilene for at least twelve months. Three councilmembers shall be residents of the area of the city north of the Texas and Pacific Railway Company main line, as located in the city on the effective date of this Charter, and the other three councilmembers shall be residents of the area of the city south of such main line. The mayor may be a resident of any part of the city. Residence requirements shall be effective only as of the date of the election of each councilmember, but a member of the council or the mayor ceasing to reside in the city shall immediately forfeit his or her office. Neither the mayor nor any member of the council shall hold any other

office or employment under the city government while he or she is a member of said council; nor shall he or she hold any other paid employment under the city government within two (2) years thereafter unless such employment be an elective office.

(As amended 4-3-76; Ord. No. 10-1997, pt. 3(c), 2-27-97; Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 8. - Salaries.

The mayor and each councilmember shall receive a salary of one dollar ($1.00) per year for each year he or she serves as mayor or councilmember. The council may establish by ordinance methods of reimbursement for all actual and necessary expenses incurred by the mayor and councilmember in the performance of their duties.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 9. - Vacancies.

All vacancies of the council must be filled by election, pursuant to Article XI, Section 11, of the Texas Constitution. Candidates elected to fill such unexpired terms shall have the same qualifications as those officers whose unexpired terms they fill. If required to be filled hereunder, each such vacancy shall be filled by an election called and held for such purpose, within 120 days from the inception of such vacancy.

(Ord. No. 42-2006, pt. 2(1), 8-28-06/referendum 11-7-06)

Sec. 10. - Powers.

All powers and authority, including determination of all matters of policy, which are expressly or by implication conferred on or possessed by the city shall be vested in and exercised by the council; provided, however, that the council shall have no authority to exercise those powers which are expressly conferred upon other city officers by this Charter.

Sec. 11. - Appointments by council.

Members of all boards created by the council shall be appointed by the mayor with the approval of the council.

Sec. 12. - Investigative powers of the council.

The council shall have the power to inquire into or investigate the official conduct of any department, agency, office, officer or employee of the city and for that purpose shall have the power to administer oaths, subpoena witnesses, compel the production of books, papers, records or other evidence, and as it shall

provide by ordinance, to punish and fix penalties for contempt for failure or refusal to obey any such subpoena or to produce any such books, papers, records or other evidence.

Sec. 13. - Interference in administrative matters.

Except for the purpose of inquiry or investigation the council and its members shall deal with the administrative departments and personnel solely through the city manager, and neither the council nor any member thereof shall give orders to any subordinate of the city manager, either publicly or privately, except those administrative departments and personnel whose offices are filled by appointment by the mayor with approval of the council under the provisions of this Charter.

Sec. 14. - Mayor and mayor pro tempore.

The mayor shall preside at all meetings of the council; shall be recognized as the head of the city government; and shall be entitled to vote on all matters considered by the council. At its first meeting following each regular election and qualification of councilmembers, the council shall elect one of its members as mayor pro tempore, who shall act as mayor during the absence or disability of the mayor, and when so acting, shall have the same powers and duties as herein set forth for the office of mayor.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 15. - City secretary.

The mayor, with the approval of the council, shall appoint the city secretary, who may be removed from office at any time by a majority vote of the council. The city secretary shall keep the minutes, agenda, ordinances, and other official records of the council and city; and shall have such other powers and duties as may be prescribed by this Charter or the council. The city secretary shall be the custodian of the official seal of the city. The city secretary shall appoint such assistants as may be authorized by the council.

Sec. 16. - Meetings of the council.

The council shall meet in regular session at least twice each month, which regular meetings shall be at least one week apart, and at such other times as may be prescribed by resolution. Special meetings of the council shall be called by the city secretary upon the written request of the mayor or any three councilmembers. All council meetings shall be held at the city hall, or at such places as will permit the attendance of the general public. The city secretary shall notify news media of the time and place of all special meetings, prior to such meetings.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 17. - Rules of procedure; quorum.

The council shall by resolution determine its own rules and order of business, except that four or more members of the council shall be required to constitute a quorum.

Sec. 18. - Procedure to enact legislation.

The council shall legislate by ordinance only and the enacting clause of every ordinance shall be "Be It Ordained by the City Council of the City of Abilene, Texas." The city attorney shall approve all ordinances prior to their adoption by the council, as to the legality and form thereof, or shall present his written objections thereto to the council and file a copy thereof with the city secretary. Every ordinance enacted by the council shall be signed by the mayor, mayor pro tempore, or any three members of the council and shall be filed with, and recorded by, the city secretary in an ordinance book reserved for that purpose. Except in the case of ordinances issuing bonds or as otherwise provided by state law or this Charter, there shall be a first and second reading of all ordinances in open meetings of the council on two separate days. A reading by descriptive caption only shall be sufficient. Upon consideration for passage of any ordinance, resolution or motion, the city secretary shall call the roll of the council and record the votes, which record of votes shall constitute a public record. Except as otherwise provided by state law or this Charter, passage of an ordinance, resolution or motion shall require the affirmative votes of at least four members of the council. The council shall call a public hearing before the final passage of any ordinance if required by state law or this Charter or by ordinance enacted thereunder, and may call a public hearing before the final passage of any ordinance if such hearing be deemed to be in the public interest; notice thereof shall be given by publication in the official newspaper of the city at least 24 hours prior to the time of such hearing. All ordinances, unless otherwise provided by law, this Charter, or by the terms of such ordinance, shall take effect immediately upon final passage thereof. The requirement for reading of ordinances upon two separate days may be waived by the council in cases where such ordinances relate to the immediate preservation of the public peace, health, safety or welfare, if adopted by the affirmative votes of at least five council members and contain a statement of the nature of the emergency.

Sec. 19. - Publication of ordinances; effective date.

Except as otherwise provided by law or this Charter, the city secretary shall give notice of the enactment of every ordinance imposing any penalty, fine or forfeiture for any violation of its provisions, and of every ordinance required by law or this Charter to be published, by causing said ordinance, or its caption and penalty, to be published at least one time within twenty (20) days after final passage thereof in the official newspaper of the city. The affidavit of such publication by the publisher of such newspaper taken before any officer authorized to administer oaths and filed with the city secretary shall be conclusive proof of the

legal publication and promulgation of such ordinance in all courts. Such ordinance shall take effect ten (10) days after date of such publication, unless otherwise provided in such ordinance, provided that any penal ordinance passed as an emergency measure shall take effect immediately upon publication.

Sec. 20. - Code of Ordinances.

The council shall have the power to cause all general ordinances of the city to be compiled, indexed and printed in code form, whenever the codification or recodification thereof is deemed desirable or required by law. When adopted by the council, the printed codes of general ordinances so designated shall be in full force and effect without the necessity of such codes or any part thereof being published in any newspaper. The caption, descriptive clause and other formal parts of the ordinances of the city may be omitted without affecting the validity of such ordinances when they are published as a code. A printed copy of the city's Code of Ordinances, when authenticated by the city secretary, shall be admitted in evidence in courts without further proof and shall be prima facie evidence in all courts of the existence and regular enactment of all ordinances therein set forth.

Sec. 21. - Emergency powers.

A state of emergency shall be deemed to exist when, as the consequence of a major calamity, activities of a war-like nature, riots, or insurrection, the normal procedures of the municipal government are inadequate for the protection of persons or property. A state of emergency may be declared by the vote of the council, or by order of the mayor, or, in his or her absence or disability, the mayor pro tempore, if a meeting of the council cannot be called within the time available, whenever conditions threaten to render inadequate the normal procedures of the municipal government for protection of persons or property.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 22. - Powers of mayor during emergency.

During a state of emergency the mayor, or, in his or her absence or disability, the mayor pro tempore, shall have all the powers which would be vested in the council under this Charter and may exercise those powers to the extent he or she considers to be reasonable or necessary for the protection of persons or property. In addition thereto he or she shall be specifically empowered:

    a.  To give orders directly to any city officer or employee as well as through the city manager;

    b.  To suspend temporarily or replace any city officer or employee, other than a councilmember, when deemed necessary;

    c.  To place temporarily any city officers, employees, services, equipment or properties under the direction or control of any office or officers of the county, state or federal governments, including the military services, and the duly constituted officers for the civil defense;

    d. To enter upon cooperative agreements with the proper authorities of county, state or federal governments, or other municipalities, for mutual assistance within the area of an existing or threatened emergency;

    e. To order the evacuation of persons from all or any part of the city and to close any buildings or areas within the city;

    f. To authorize expenditures totaling not more than ten (10) per centum of the city's current annual budget for general purposes without budget appropriation therefor;

    g. To re-establish the seat of the city's government at another place, provided that such place, if outside the city's territorial limits, shall be at the place nearest thereto which is suitable and practical; and

    h. To summon citizens to serve as special police, with the powers and duties appropriate thereto.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 23. - When emergency powers of mayor to terminate.

The emergency powers herein provided shall be exercised only to the extent made necessary by the nature of the emergency and during the continuation of the state of emergency. The state of emergency shall terminate when so ordered by the mayor, or by the mayor pro tempore in the absence or disability of the mayor, or may be terminated by vote of a majority of the council.

ARTICLE III. - ELECTIONS, INITIATIVE, REFERENDUM AND RECALL

Sec. 24. - Annual elections.

The regular election of council to places on the council occupied by council whose terms are expiring and the regular election of the mayor, if his or her term is expiring, shall be held on such date as prescribed by the election laws of the State of Texas. In such election each qualified voter shall vote for not more than one candidate for each council place to be filled, and for not more than one candidate for mayor. Said elections shall be ordered by the Council, and in case of its failure to order same, the mayor shall make such order. In case of the inability of the council and mayor to act, the elections may be called by the city secretary, and in case of his or her inability to act, by the county judge of Taylor County, Texas, and in case of his or her inability to act, by the governor of the State of Texas. The city secretary shall give notice of such election by causing said notice to be published at least thirty (30) days prior to the day of such election.

(As amended 4-3-76; Ord. No. 42-2006, pt. 2(2), 8-28-06/referendum 11-7-06; Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 25. - Regulation of elections.

All elections shall be held in accordance with the laws of the State of Texas regulating the holding of municipal elections and in accordance with this Charter and ordinances or resolutions adopted by the council for the conduct of elections. The council shall appoint the election judges and other election officials and shall provide for the compensation of all election officials in the city elections and for all other expenses in holding said elections.

Sec. 26. - Application for candidacy.

Any qualified person may make application to have his or her name placed on the official ballot for the post of councilmember or mayor. The application shall be made in accordance with all applicable laws and shall state that the candidate agrees to serve if qualified and elected. There shall be six councilmember places; councilmember places Nos. 1, 3 and 5 shall be filled by qualified candidates residing at the time of the election north of the main line of the Texas and Pacific Railway Company tracks as located at the time of the effective date of this Charter; and place Nos. 2, 4, and 6 shall be filled by qualified persons residing at the time of the election south of said main line. Said applications shall be filed with the city secretary within time limits as provided by state law.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 27. - Canvassing elections and declaring results.

Returns of every municipal election shall be delivered forthwith by the election judges to the city secretary. The council shall canvass the returns, investigate the qualifications of the candidates and declare the official results of the election on such date as prescribed by the election laws of the State of Texas. The returns of every municipal election shall be recorded in the minutes of the council by election precinct totals. The qualified person receiving a majority of the votes cast for any office shall thereupon be declared elected by said council. The decision of the council, as to qualifications of candidates, shall be conclusive and final for all purposes.

(Ord. No. 42-2006, pt. 2(3), 8-28-06/referendum 11-7-06)

Sec. 28. - Runoff elections.

If no candidate receives a majority of all the votes cast for an office, the council shall immediately upon declaring the official results of the election, order a run-off election for each office to which no one was elected. Such run-off election shall be held on such date as prescribed by the election laws of the State of Texas and in such run-off election the two (2) candidates who received, in the preceding election, the

highest number of votes for each office to which no one was elected, shall be voted on again by the qualified voters, and the candidate who receives the majority of the votes cast for each such office in the run-off election shall be elected to such office.

(Ord. No. 42-2006, pt. 2(4), 8-28-06/referendum 11-7-06)

Sec. 29. - Qualification and notification of city officers.

Any officer elected or appointed must qualify by taking and subscribing his oath of office within thirty (30) days, otherwise, the office shall be deemed vacant. It shall be the duty of the city secretary to notify all persons elected or appointed by the mayor with approval of the council of their election or appointment and all the elected or appointed officers may enter upon their duties after so qualifying.

Sec. 30. - Special elections.

The council, by ordinance or resolution, may call such special elections as are authorized by the state law or this Charter, fix the time and place of holding same, and provide all means for holding such special elections, provided that every special election shall be called and held as nearly as practicable, according to the provisions governing annual elections.

Sec. 31. - Initiative.

The voters of this city shall have the power to propose any ordinance, except an ordinance appropriating money or authorizing the levy of taxes, or one repealing such an ordinance, and to adopt or reject the same at the polls, such power being known as the initiative. Any initiated ordinance may be submitted to the council by a petition signed by qualified voters of the city equal in number to at least ten (10) per centum of such voters computed as of the date of the last regular municipal election. Such ordinance may be passed by the council without change, or submitted to the voters at an election called for that purpose.

Sec. 32. - Referendum.

The voters of this city shall have the power to approve or reject at the polls any ordinance passed by the council which would have been the proper subject of an initiative election under this Charter, except that ordinances authorizing the issuance of either tax or revenue bonds, whether original or refunding, shall not be subject to referendum. The petition for referendum shall require the same number and qualification of signers thereto as required by this Charter for an initiative petition, except that referendum petitions must be filed with the city secretary within sixty (60) days after the final passage of the ordinance which is the subject of the referendum, or the petition shall be barred by the lapse of time. When such petition has been

certified as sufficient by the city secretary, the ordinance specified in the petition shall not go into effect, or, if it has gone into effect, then further enforcement or action thereunder shall be suspended unless and until such ordinance is approved by the voters as herein provided.

Sec. 33. - Recall.

The voters of this city shall have the power to recall any elected officer of this city and may exercise such power by filing with the city secretary a petition which shall be signed and verified by the same number of signers with the same qualifications and in the same manner required in this Charter for an initiative petition. If the petition is certified by the city secretary to be sufficient, the council shall order and hold, or cause to be held, an election forthwith to determine whether such officer shall be recalled.

Sec. 34. - Results of recall election.

If the majority of the legal votes cast at a recall election be for the recall of the officer named on the ballot, the council shall immediately declare his or her office vacant, and such vacancy shall be filled in accordance with the provisions of this Charter. An officer thus removed shall not be eligible to hold office again in the city within a period of four years from the date of his or her recall.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 35. - Limitation on recall.

No recall petition shall be filed against an officer within six months after he or she takes office, and no officer shall be subjected to more than one recall election during a term of office.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 36. - Form of petitions.

All papers for any particular petition circulated for the purpose of an initiative, referendum, or recall shall be uniform in size and style. Initiative petitions shall contain the full text of the proposed ordinance and referendum papers shall contain sufficient description of the ordinance sought to be repealed to positively identify it. The signatures to initiative, referendum or recall petitions need not be appended to one paper, but all petition papers comprising a single petition shall be assembled and filed with the city secretary as one instrument with an affidavit attached made by the person so filing such petition that it bears a stated number of signatures, and that all the signatures appended thereto are, in his or her belief, the genuine signatures of the persons whose names they purport to be. Names and addresses of the signers of such petitions shall be printed adjacent to said signatures.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 37. - Filing, examination and certification of petitions.

Petitions for initiative, referendum or recall shall be filed with the city secretary. Within twenty days after a petition is filed, the city secretary shall determine whether such petition is signed by a sufficient number of qualified voters and whether it has a proper affidavit attached of the person filing same. After completing examination of such petition, the city secretary shall certify the result thereof to the council at its next regular meeting. If such petition is insufficient, the city secretary shall set forth in his or her certificate the particulars in which it is defective, and shall at once notify the person who filed it of his or her findings.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 38. - Amendments of petitions.

An initiative, referendum or recall petition may be amended at any time within ten days after the notice of insufficiency has been sent by the city secretary, by filing a supplementary petition signed and filed as provided in case of an original petition, and the same procedures shall then be followed by the city secretary and council as in the case of an original petition. The finding of the insufficiency of a petition shall not prejudice the filing of a new petition for the same purpose.

Sec. 39. - Consideration of petition by council.

Whenever the council receives a certified initiative or referendum petition from the city secretary, it shall proceed at once to consider such petition. A proposed initiative ordinance shall be read and provision shall be made for a public hearing upon the proposed ordinance. The council shall take final action on such ordinance not later than thirty days after the date on which it was submitted to the council by the city secretary. A referred ordinance shall be reconsidered by the council and its final vote upon such consideration shall be upon the question "Shall the ordinance specified in the referendum petition be repealed?"

Sec. 40. - Submission to voters.

If the council shall fail to pass an ordinance proposed by initiative petition in the exact form proposed, or it fails to repeal a referred ordinance, the proposed or referred ordinance shall be submitted to the voters not less than thirty days nor more than ninety days from the date the council takes its final vote thereon.

Sec. 41. - Results of election.

If a majority of the voting on a proposed initiative ordinance shall vote in favor thereof, it shall thereupon be an ordinance of the city. A referred ordinance which is not approved by a majority of the voters voting thereon shall be deemed repealed. If conflicting ordinances are approved by the voters at the same

election, the one receiving the greatest number of affirmative votes shall prevail to the extent of such conflict.

ARTICLE IV. - ADMINISTRATIVE ORGANIZATION

Sec. 42. - City manager—Generally.

The city manager shall be the chief administrative officer of the city.

Sec. 43. - Same—Appointment.

The city manager shall be appointed by the mayor with approval of the council for an indefinite term, and may be removed by the council by a vote of at least four of the council members. The action of the council in removing the city manager shall be final, it being the intention of this Charter to vest all authority and fix all responsibility for such removal in the council.

Sec. 44. - Same—Qualifications.

The city manager shall be chosen by the council solely on the basis of his or her executive and administrative training, experience and ability. The city manager need not, when appointed, be a resident of the city; however, during his or her tenure of office, he or she shall reside within the city.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 45. - Same—Compensation.

The city manager shall receive such compensation as may be fixed by the council.

Sec. 46. - Same—Powers and duties generally.

The city manager shall be responsible to the council for the proper administration of all city affairs placed in his or her charge by or under this Charter. The powers herein conferred upon the city manager shall include, but shall not be limited to, the powers set forth in sections 47 through 52, inclusive.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 47. - Same—appointments.

Except as otherwise provided in this Charter, the city manager shall appoint and, when he or she deems it necessary for the good of the city, suspend or remove all city employees and appointive administrative officers provided for, by or under this Charter, with the exception of those administrative department heads and officers whose appointment and removal is subject to the approval of the council as may be provided

by the laws of the State of Texas or other provisions of this Charter. The city manager may authorize any such administrative officer whom he or she has appointed to exercise the powers herein granted with respect to subordinates in that officer's department, office or agency.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 48. - Same—Direction and supervision of departments, etc.

The city manager shall direct and supervise the administration of all functions of the city and of its departments, offices and agencies, except for the functions specifically assigned to any such department, office or agency by this Charter.

Sec. 49. - Same—Enforcement of laws; performance of contracts.

The city manager shall see that all laws, provisions of this Charter, and ordinances passed by the council, subject to enforcement by him or her or by officers subject to his or her direction and supervision under this Charter, are faithfully executed, and that all contracts, permits, privileges and franchises to which the city is a party are properly performed.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 50. - Same—To prepare annual budget.

The city manager shall prepare and submit the annual budget and capital program to the council.

Sec. 51. - Same—Reports to council.

The city manager shall make regular monthly reports to the council on the operations of every city department, office and agency subject to his or her direction and supervision under this Charter, keep the council fully advised as to the financial condition and future needs of the city and make such recommendations to the council concerning the affairs of the city as he or she deems desirable.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 52. - Same—other duties.

The city manager shall perform such other duties as may be prescribed by this Charter, or required of him or her by the council not inconsistent with the provisions of this Charter.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 53. - Administrative departments.

There shall be such administrative departments as are established by this Charter or as may be established by ordinance, all of which shall be under the control and direction of the city manager unless otherwise provided in this Charter. The council may abolish or combine one or more departments created by it and may assign or transfer duties of any department of the city from one such department to another by ordinance.

Sec. 54. - Department heads.

At the head of each department which is under the control and direction of the city manager, there shall be a director, who shall be appointed and may be removed by the city manager. Such directors shall have supervision and control over their respective departments, and may serve as chiefs of divisions within their respective departments. With the consent of the council, the city manager may serve as the head of one or more such departments, or may appoint one person as the head of two or more of them.

Sec. 55. - Parks and recreation board—Created.

There is hereby created a board consisting of seven (7) members to be known as the parks and recreation board. Within thirty (30) days after the effective date of this Charter, the initial members of such board shall be appointed by the mayor with the approval of the council. All of the members shall be qualified voters of the city and shall receive no compensation for their services upon this board. The board may elect such officers as it may choose and shall establish a schedule of meetings as it deems necessary.

Sec. 56. - Same—Term of office of member; appointment.

The normal term of office of each member of the parks and recreation board shall be three (3) years. Two of the members of the first board shall be appointed for a term of one year, two members shall be appointed for a term of two years, and three members shall be appointed for a term of three years. Annually thereafter the council shall give due and proper consideration to a list of prospective board members as submitted by the remaining board members; then, the appropriate number of members shall be appointed by the mayor with the approval of the council for a term of three years. Should a vacancy occur for any reason, the mayor, with the approval of the council, shall appoint, within thirty (30) days, a successor to serve the remainder of the unexpired term.

Sec. 57. - Same—Powers and duties.

The parks and recreation board shall have jurisdiction and control over public lands and properties heretofore or hereafter designated for park and recreational uses, and may relinquish such jurisdiction and control over any such land only upon the affirmative vote of four of the seven members of said board. No

such public lands and properties heretofore or hereafter designated for park and recreational uses shall be sold or otherwise disposed of by the city except after the affirmative vote of four of the seven members of said board.

Sec. 58. - Same—To formulate policies.

The parks and recreation board shall be responsible for the formulation and recommendation of park and recreation policies to the city manager and the council, and shall be responsible for the implementation of such policies throughout the city.

Sec. 59. - Same—"Parks" defined.

The term "parks" shall be defined as any public land or lands heretofore or hereafter designated such by the council and accepted as such by the parks and recreation board.

Sec. 60. - Same—Purchase of parks.

No additional parks as heretofore defined shall be purchased by the City and placed under the jurisdiction of the parks and recreation board unless such acquisition and placement first shall be approved by the affirmative vote of four of the seven members of said board.

Sec. 61. - Same—Recommendation of policies.

The parks and recreation board shall recommend to the director of parks and recreation, to the city manager and to the council such policies as it may deem necessary and desirable in the preparation of a comprehensive park and recreation improvement program. It shall recommend acquisition and/or disposal of park and recreation property and generally review the enactment of these programs.

Sec. 62. - Same—Assistance and recommendation of budget.

The parks and recreation board shall advise and assist the director of parks and recreation in the preparation of an annual budget request to be submitted to the city manager and council.

Sec. 63. - Parks and recreation department—Created; director.

There shall be a parks and recreation department. The director of parks and recreation shall be appointed by the city manager. The director of parks and recreation shall serve as the regular technical advisor of the parks and recreation board, shall have the status of a director of a department and shall have such other duties and responsibilities as the city manager may establish.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 64. - Same—Employees; restrictions on board members.

All employees of the parks and recreation department shall be appointed by the director of parks and recreation with the approval of the city manager. No individual member of the parks and recreation board shall issue instructions to any departmental employee, but shall implement the park and recreation program through the director of parks and recreation.

Sec. 65. - Administrative procedures for park and recreation board.

The expenditure of departmental funds, the accounting therefor, all purchases, contracts, bidding procedures, personnel control, and other administrative matters of the parks and recreation board shall be those adhered to by other city departments in conformity with the provisions of this Charter and applicable state laws.

Sec. 66. - Reports by department of parks and recreation.

The director of parks and recreation shall prepare, with the assistance of the board, an annual report of the programs and facilities of the department, and such reports as may be requested from time to time by the council and/or the city manager.

Sec. 67. - Retention of certain powers by council.

All powers, jurisdiction, properties, responsibilities and duties not vested in the parks and recreation board in the foregoing sections 55 through 66 shall be vested in the council.

Sec. 68. - Appropriation of funds for parks.

In adopting the annual budget for the operation of the city government, the council shall appropriate no less than two per centum (2%) of the general operating fund for use by the parks and recreation department. Revenues resulting from the operation of the parks and recreation department shall be credited to the parks and recreation fund or accounts, and shall be in addition to the amount appropriated as set forth in this paragraph. The council shall not be restricted to the minimum appropriation described above, but shall appropriate such funds as it may consider necessary and desirable to carry on an adequate park and recreation program within the city. The council shall give due consideration to the needs of the parks and recreation department when capital improvement projects are prepared and bond proposals are submitted to the voters.

ARTICLE V. - LEGAL DEPARTMENT AND MUNICIPAL COURT

Sec. 69. - Legal department—Established; head.

There shall be a legal department, the head of which shall be the city attorney.

Sec. 70. - Same—Appointment of city attorney.

The city attorney shall be appointed by the mayor with the approval of the council and may be removed by the council.

Sec. 71. - City attorney—Qualifications.

The city attorney shall be licensed to practice law in the State of Texas and shall have been engaged in the practice of law at least five years. He or she shall be a resident of the city during his or her service as city attorney.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 72. - Same—Powers and duties.

The city attorney shall be the legal advisor of, and attorney for, all the offices and departments of the city and he or she shall represent the city in all litigations and legal proceedings. He or she shall examine and approve, or disapprove, as to form and legality, all documents, contracts and legal instruments in which the city may have an interest.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 73. - Assistant city attorneys.

There shall be such Assistant City Attorneys as may be authorized by the Council and appointed by the City Attorney, with the approval of the Council. Such Assistant City Attorneys shall be authorized to act for and on behalf of the City Attorney. Services of an Assistant City Attorney may be terminated by the City Attorney or by the Council in case the office of the City Attorney is vacant.

(Ord. No. 10-1997, pt. 3(j)), 2-27-97, Ref. of 5-3-97)

Sec. 74. - Private practice prohibited.

Neither the city attorney nor assistant city attorneys shall be engaged in the private practice of law while serving as city attorney or assistant city attorneys.

Sec. 75. - Municipal court.

There shall be a court known as the municipal court of the city, which court shall be deemed always open for the trial of causes, with such jurisdiction, powers and duties as are given and prescribed by the laws of the State of Texas.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97)

Sec. 76. - Judge of the municipal court.

The municipal court shall be presided over by a magistrate who shall be known as the judge of the municipal court. He or she shall be a competent attorney who is licensed to practice law in the State of Texas and shall be a resident of the city during his or her tenure of office. He or she shall be appointed by the mayor with the approval of the council for a term of two years, but he or she shall be subject to removal by the council for cause, after notice and hearing.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97; Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 77. - Assistant municipal court judge.

In the event the judge of the municipal court is temporarily unable to act for any reason, the mayor with the approval of the council, shall appoint a qualified attorney to act in his or her place.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97; Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 78. - Additional courts.

The council shall have the power to create and establish additional municipal courts and the mayor with the approval of the council, may appoint one or more judges of each municipal court, each of whom shall be a magistrate.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97)

Sec. 79. - Clerk of the municipal court.

There shall be a clerk of the municipal court who shall be appointed by the city manager and who shall be responsible to the city manager. The clerk shall have the power to administer oaths and affidavits, make certificates, affix the seal of the court thereto, and otherwise perform any and all acts necessary in issuing process of such court and conducting the business thereof. There shall be such deputy clerks as the council may authorize. The clerk of the municipal court shall appoint such deputy clerks, with the approval of the city manager. Such deputy clerks shall have the authority to act for and on behalf of the clerk of the municipal court.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97)

Sec. 80. - Costs, process and procedure in the municipal court.

The council shall determine what costs, if any, shall be charged for proceedings in and for all processes issued by, said court.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97)

Sec. 81. - Style of writs.

The style of all writs issued out of the municipal court shall be in the name of the State of Texas.

(Ord. No. 10-1997, pt. 3(d), 2-27-97, Ref. of 5-3-97)

Sec. 82. - Jurors.

All jurors shall be residents of said city and otherwise possess the same qualifications as jurors in the state courts.

ARTICLE VI. - PLANNING AND ZONING

Sec. 83. - Planning and zoning commission—Created; composition.

There shall be established a planning and zoning commission which shall consist of seven (7) citizens of the city who own real property within said city, and the ex officio members hereinafter specified. The city manager, the chairman of the board of adjustment, the director of public works and others as the council may provide by ordinance or resolution shall serve as ex officio members. Ex officio members shall not have the power to vote. The voting members of said commission shall be appointed by the mayor with the approval of the council for a term of three (3) years, except that of the seven (7) members first appointed, two (2) shall be appointed for a term of one (1) year; two (2) for a term of two (2) years; and three (3) for a term of three (3) years. Such appointees shall serve without compensation and may not hold any elective office of the State of Texas or any other political subdivision thereof. The commission shall elect a chairman from among its official members and shall meet not less than once each month. A vacancy in an unexpired term shall be filled by the mayor with the approval of the council for the remainder of the term. A majority of appointed members shall constitute a quorum, but decisions may only be made with the affirmative vote of four (4) or more members of the commission.

Sec. 84. - Same—Powers and duties.

The planning and zoning commission shall:

a. Make, amend, extend or add to a general plan for the physical development of the city which shall contain the commission's recommendations for growth, improvement and beautification of the city. A copy of the general plan, or any part thereof, shall be forwarded to the city manager who shall thereupon submit such plan to the council with his or her recommendations thereon. The council may adopt this plan as a whole or in part, and may adopt any amendment thereto, after at least one public hearing on the proposed action. All amendments to the general plan recommended by the planning and zoning commission shall be submitted in the same manner to the council for approval, and all recommendations to the council from any city department affecting the general plan must be accompanied by a recommendation from the planning and zoning commission;

b. Recommend to the council approval or disapproval of proposed changes in zoning districts;

c. Approve or disapprove the platting or subdividing of land within the corporate limits of the city and within adjacent areas as permitted by law;

d. Require information from the other departments of the city government in relation to its work;

e. Recommend to the council approval or disapproval of plans for slum clearance, public housing and urban redevelopment and renewal projects;

f. Perform such additional duties and exercise such additional powers as may be prescribed by ordinance not inconsistent with the provisions of this Charter.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

## Sec. 85. - Director of planning.

There shall be a director of planning who shall be appointed by the city manager. The director of planning shall serve as the regular technical advisor of the planning and zoning commission, shall have the status of a director of a department and shall have such other duties and responsibilities as the city manager may establish.

## Sec. 86. - Board of adjustment.

The mayor, with the approval of the council, shall appoint a board of adjustment.

(Ord. No. 10-1997, pt. 3(e), 2-27-97, Ref. of 5-3-97)

## ARTICLE VII. - FISCAL MATTERS

## Sec. 87. - Fiscal year.

The fiscal year shall begin on October 1 each year and end on the following September 30, but the fiscal year may be changed by the council by ordinance, provided that no change shall be effective until six (6) months after final passage of such ordinance.

Sec. 88. - Budget.

The department heads of the city shall prepare annual departmental budget requests for the ensuing fiscal year as directed by the city manager and submit said requests to him or her for his or her review. It shall be the duty of the city manager to submit a balanced annual budget not later than thirty (30) days prior to the end of the current fiscal year to the council for its review, consideration and revision if desired. The council shall call a public hearing or hearings on the budget. The budget shall be finally adopted not later than the 25th day of the last month of the fiscal year. Should the council take no final action on or prior to such day, the budget as submitted by the city manager shall be deemed to have been finally adopted by the council. The budget as adopted must set forth the appropriations for services, functions and activities of the various city departments and agencies, and shall meet all fund requirements provided by law and required by bond covenants.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 89. - Appropriations.

During the fiscal year the council shall have the power to transfer funds allocated by the budget to one activity, function or department, to another activity, function or department, and to re-estimate revenues and expenditures, except that no transfer shall be made of revenues or earnings of any public utility supported principally by its own revenues.

Sec. 90. - Emergency appropriations.

At any time in the fiscal year the council may make emergency appropriations to meet a pressing need for public expenditure in order to protect the public health, safety or welfare.

Sec. 91. - Borrowing.

The council shall have the power, except as prohibited by law, to borrow money by whatever method it may deem to be in the public interest.

Sec. 92. - General obligation bonds.

The city shall have the power to borrow money on the credit of the city and to issue general obligation bonds for permanent public improvements or for any other public purpose not prohibited by the constitution and laws of the State of Texas, and to issue refunding bonds to refund outstanding bonds of the city previously issued. All such bonds shall be issued in conformity with the laws of the State of Texas.

Sec. 93. - Revenue bonds.

The city shall have power to borrow money for the purpose of constructing, purchasing, improving, extending or repairing of public utilities, recreational facilities or any other self liquidating municipal function not prohibited by the constitution and laws of the State of Texas, and to issue revenue bonds to evidence the obligation created thereby. Such bonds shall be a charge upon and payable from the properties, or interest therein, pledged, or the income therefrom, or both. The holders of the revenue bonds shall never have the right to demand payment thereof out of monies raised or to be raised by taxation. All such bonds shall be issued in conformity with the laws of the State of Texas.

Sec. 94. - Bonds incontestable.

All bonds of the city having been issued and sold and having been delivered to the purchaser thereof, shall thereafter be incontestable and all bonds issued to refund in exchange for outstanding bonds previously issued shall, and after said exchange, be incontestable.

Sec. 95. - Purchases.

All purchases made and contracts executed by the city shall be made in accordance with the requirements of the constitution and statutes of the State of Texas.

Sec. 96. - Independent audit.

Within thirty (30) days after the beginning of the fiscal year, the council shall cause a continuing independent audit to be made, by a certified public accountant, of all accounts of the city for such fiscal year. The certified public accountant so selected shall have no direct personal interest in the financial affairs of the city, and shall report in writing to the council at such time as it may require. Upon completion of the audit, the results thereof shall be reported in writing to the council as soon as reasonably possible following the close of the fiscal year, which report shall be a public record.

Sec. 97. - Financial statement.

The council shall, at the end of each month prepare or have prepared under its direction a certified statement as to financial receipts and disbursements for that particular month, and shall publish such statement not later than the 20th day of the following month and the method of publication shall be any

one of the following two methods as the council shall deem best, to wit:

1. By publishing said statement one time in a newspaper of general circulation in Abilene, Texas, or

2. By having a sufficient number of copies of said statement available in the office of the city secretary to be given to those persons who desire to come to said office and secure a copy thereof.

ARTICLE VIII. - RESERVED

Secs. 98—109. - Reserved.

**Editor's note—** At an election held on May 3, 1997, the voters approved a Charter amendment repealing former Article VIII, which pertained to revenue and taxation. Said article is now covered by state law. The amendment was put before the voters by Ordinance 10-1997, pt. 3(f), adopted Feb. 27, 1997.

ARTICLE IX. - FRANCHISES AND PUBLIC UTILITIES

Sec. 110. - Power to grant; term.

The council shall have, by ordinance, the power to grant, renew and extend all franchises, easements or rights of a public nature of all public utilities operating within the city and with consent of the franchise holder to amend the same, provided, however, that no franchise shall be granted for an indefinite term and no franchise shall be granted for a term of more than forty (40) years.

Sec. 111. - Introduction of application for franchise.

Before any ordinance, granting to any individual, corporation or association of persons any franchise, easement or right of a public nature, shall be read or passed by said council, notice of intention to apply therefor shall be published in a newspaper of general circulation in said city at least ten (10) consecutive publication days, the first of which said publication shall appear not more than twenty (20) days next before the introduction of the same before the council. Said notice shall state the nature of the franchise or right for which application is made; the number of years to run; and the streets and alleys or other property covered by same, and shall be published at the expense of the applicant. Filing of a copy of same with the city secretary shall constitute introduction of same before said council.

Sec. 112. - Reading of franchise ordinance; effective date.

Every ordinance granting, renewing, extending or amending a franchise or public right shall be read and passed at two regular meetings of the council, which shall be at least one week apart. A public hearing shall be called and held on such ordinance before final passage, and no such ordinance shall become effective until thirty (30) days after its second and final passage.

Sec. 113. - Required vote for passage.

No ordinance granting any franchise, easement or public right shall be deemed passed without the affirmative votes of at least five members of said council.

Sec. 114. - Powers of city pertaining to franchises.

Included among the powers of the city are the following:

a.  To regulate, locate or prohibit the erection of any and all poles, wires or other utility equipment, conveyance or structure, on the streets, alleys and public places of said city, and to cause the same to be changed, removed, altered, increased, diminished, placed underground, or be supported by poles of such material, kind quality and class as may be determined by said council whether same be telegraph, telephone, electric or otherwise, and to enforce the provisions hereof by appropriate action in any court of competent jurisdiction;

b.  To purchase, own, construct or lease, and to maintain and operate either within or without the limits of said city a system of waterworks, reservoirs, gas and electric plants, sewers and other public utilities for the use of the public and the city, and to furnish service therefrom and to make and collect such charges and fees therefor as may be fixed by said council, and to issue the bonds of said city in payment therefor; provided that the issuance of said bonds shall first be submitted to a vote of the qualified voters of said city, as provided herein for other bond elections; and

c.  To regulate the carrying of electric currents and the controlling of such currents.

Sec. 115. - Ownership, use and control of streets, etc.

No franchise or easement involving the right to use the same either along, over, across, under or upon the streets, alleys, highways, parks and public ways shall be valid unless granted in compliance with the terms hereof.

Sec. 116. - Compensation for franchise.

No exclusive franchise or privilege shall ever be granted by said city, nor a franchise or privilege to commence at any time after seven (7) months subsequent to the passage of the ordinance granting the same, and all persons or corporations to whom a franchise may hereafter be granted shall pay to said city

for such privileges such compensation therefor as may be fixed by said council, in the grant of such franchise or privilege. Said compensation as fixed by said council shall become due and payable at such time as said council shall fix in the grant of such franchise or privilege, and upon the failure on the part of any person, firm or corporation to pay said compensation when due, the franchise or privilege as enjoyed by him or her or them shall, after thirty (30) days from such date, become forfeited.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 117. - Council to fix and regulate charges, fares or rates.

Said council shall determine, fix and regulate the charges, fares or rates of any person, firm or corporation that may now or hereafter enjoy a franchise or exercise any other public privilege from said city, and of any and all public utilities of whatsoever kind, and to prescribe the kind of service to be furnished to the public by such person, firm or corporation, and the manner in which it shall be rendered and from time to time alter or change such rules, regulations and compensation, after reasonable notice to, and a hearing of, the owners of such utilities, and after a public hearing thereon, provided that the rates, charges and fares so fixed shall at all times be reasonable, and permit a reasonable net return on the actual value of the physical properties and equipment of such utilities. In this connection, the council may require any utility or franchise holder to furnish such financial reports as the council may request, including reports of actual operating costs and the financial condition of its operation within the City of Abilene.

ARTICLE X. - GENERAL PROVISIONS

Sec. 118. - Interim government.

The present charter of the city shall continue in full force and effect until the regular city election held on the first Tuesday in April, 1963. At such election, the councilmembers for Place Three (north side) and Place Four (south side) shall be elected for a term of three years. The councilmembers for place five (north side) and place six (south side) shall be elected for a term of two years. The election for the mayor shall be as provided herein. The councilmembers for places one and two shall serve the remaining one year of their terms, said councilmembers being the commissioners now having served only one year of their terms in present commission places two and four.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 119. - Continuity in government.

Any ordinance in effect at the time this Charter is adopted, and not otherwise in conflict with this Charter, which refers to some office or employment of the city which ceases to exist under this Charter, shall continue in force and the powers and duties therein prescribed shall be the powers and duties of the

office or employment which, under this Charter, succeeds to the same general powers and duties of such office or employment under the previous Charter. When the term "city commission" appears in any such ordinance it shall be construed as "council" after the effective date of this Charter.

Sec. 120. - Effect of charter on existing law.

All ordinances, resolutions, rules and regulations in force in the city on the effective date of this Charter, and not in conflict with this Charter, shall remain in force until altered, amended or repealed. All taxes, assessments, liens, encumbrances and demands, of or against the city, fixed or established before such date, or for the fixing or establishing of which proceedings have begun at such date, shall be valid when properly fixed or established either under the law in force at the time of beginning of such proceedings or under the law after the adoption of this Charter.

Sec. 121. - Official oath.

All officers of the city shall, before entering upon the duties of their respective offices, take and subscribe the oath of office prescribed in the constitution of the State of Texas. Oath of the office shall be administered by the mayor, mayor pro tempore, or any other person authorized by law to administer oaths.

(Ord. No. 10-1997, pt. 3(g), 2-27-97, Ref. of 5-3-97)

Sec. 122. - Public meetings.

All meetings of the council and boards or commissions appointed by the council shall be held in accordance with the laws of the State of Texas, commonly referred to as the Texas Open Meetings Act. Minutes of all such open meetings shall be kept and such minutes shall constitute public records.

(Ord. No. 114-1980, 11-20-80; Ref. of 1-17-81; Ord. No. 42-2006, pt. 2(5), 8-28-06/referendum 11-7-06)

Sec. 123. - Public records.

All public records of every office, department or agency of the city shall be open to inspection by any citizen at all reasonable times, provided that such police records, vital statistics records, or any other records which are closed to the public by law shall not be considered public records for the purpose of this section.

Sec. 124. - Official newspaper.

The council shall have the power to designate by resolution a newspaper of general circulation in the city as the official newspaper, and shall cause to be published therein all ordinances, notices and other matters which are required to be officially published by this Charter, the ordinances of the city, or the constitution or

laws of the State of Texas.

Sec. 125. - Notice of injury or damage.

The city shall never be liable for any personal injury, whether resulting in death or not, unless the person injured or someone in his or her behalf, or in the event the injury results in death, the person or persons who may have a cause of action under the law by reason of such death injury, shall file a notice in writing with the city secretary within six (6) months after the same has occurred, stating specifically in such notice when, where and how the exact injury occurred, the full extent of the injury, the amount of damages claimed or asserted, and a list of persons, if known, who witnessed the injury. The city shall never be liable for any claim for damage or injury to personal property unless the person whose personal property has been injured or damaged, or someone in his or her behalf, shall file a claim in writing with the city secretary within six (6) months after said damage or injury occurred, stating specifically when, where and how the injury was sustained. The person giving notice under this section shall subscribe his or her name to the notice under oath that the statements and facts contained in said notice are true and correct.

(Ord. No. 10-1997, pt. 3(h), 2-27-97; Ref. of 5-3-97; Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 126. - Execution, garnishment and assignment.

Property, real or personal, belonging to the city shall not be liable for sale or appropriation under any writ of execution or cost bill. Funds belonging to the city, in the hands of any person, firm or corporation shall not be liable to garnishment, attachment or sequestration; nor shall the city be liable to garnishment on account of any debt it may owe or funds or property it may have on hand or owing to any person. Neither the city nor any of its officers or agents shall be required to answer any writ of garnishment on any account whatsoever. The city shall not be liable to the assignee of any wages of any officer, agent or employee of said city, whether earned or unearned, upon any claim or account whatsoever, and as to the city such assignment shall be absolutely void.

Sec. 127. - Bond or security not required.

It shall not be necessary in any action, suit or proceeding in which the city is a party, for any bond, undertaking or security to be executed on behalf of said city, but all such actions, suits, appeals or proceedings shall be conducted in the same manner as if such bond, undertaking or security had been given, and said city shall be liable as if such obligation had been duly given and executed.

Sec. 128. - Judicial notice of Charter.

This Charter shall be deemed a public act and shall have the force and effect of a general law; may be read in evidence without pleading or proof, and judicial notice shall be taken thereof in all courts and places

without further proof.

Sec. 129. - Remission of fines and penalties.

The council shall have the power to remit in whole or in part, on such conditions as it may deem proper, by a vote of at least five of the council members, any fine or penalty belonging to the city which may be imposed or incurred under any penal ordinance of the city.

Sec. 130. - Offset on debts.

The city shall be entitled to counterclaim and off-set against any debt, claim, demand or account owed by the city to any person, firm or corporation in arrears to the city for any debt, claim, demand or account of any nature whatsoever, including taxes, penalty and interest. No assignment or transfer of any such debt, claim, demand or account owed by the city shall effect the right of the city to off-set the sum owed to the city.

Sec. 131. - Nepotism.

No person related within the third degree by affinity or consanguinity to the mayor, any member of the council or the city manager shall be appointed to any paid office, position, clerkship or other service of the city. This prohibition shall not apply, however, to any person who shall have been employed by the city at least ninety (90) days prior to and at the time of the election of the mayor or councilmember, or the appointment of the city manager.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 132. - Unjust benefit.

No elected or appointed officer or employee of the city shall benefit unduly by reason of his or her holding public office.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 133. - Ethics.

No officer or employee having a direct or indirect interest in any proposed or existing contract, purchase, work, sale or service to or by the city shall vote or render a decision, or use his or her position, authority or influence in a manner that would result in his or her financial betterment to any degree. Further, any elected officer shall publicly disclose any such interest upon assumption of office or prior to consideration of any such matters.

(Ord. No. 10-1997, pt. 3(i), 2-27-97, Ref. of 5-3-97; Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 134. - Malfeasance in office.

Failure to comply with any provisions of the foregoing sections 132 or 133 shall constitute malfeasance in office and any officer or employee failing to so comply shall immediately forfeit his or her office or position, and said office or position shall be deemed vacant.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 135. - When contracts voidable.

Any violation of the foregoing sections 132 and 133 with the knowledge, express or implied, of persons or corporations contracting with the city shall render the contract voidable by the council.

Sec. 136. - Political and religious discrimination.

No person in the service of the city or seeking admission thereto shall be employed, promoted, demoted, discharged or in any way favored or discriminated against because of political opinions or affiliations or because of race or religious beliefs, provided that such opinions, affiliations or beliefs do not advocate the overthrow of the government of the United States of America by force or violence.

Sec. 137. - Political activity.

No appointed or hired employee on the payroll of the city shall make a contribution to the campaign fund of any person seeking election to a city office or to any political party supporting a candidate for election to a city office, nor shall he or she be solicited for this purpose; nor shall he or she take active part in any political campaign relating to an election to a city office. Notwithstanding the above, police officers and fire fighters shall abide by the applicable civil service statutes governing political activities.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 138. - Bribery.

No person seeking appointment to or promotion in the administrative service of the city shall either directly or indirectly give, render or pay any money, service or other valuable thing to any person for or on account of or in connection with his or her appointment or promotion or any examination conducted therefor.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 139. - Ineligibility for office for certain acts.

Any person who either by himself or herself or with others wilfully violates any provision of the foregoing sections 137 or 138 shall be ineligible for appointment or election to a position in the city for a period of four years, and if he or she is an officer or employee of the city at the time of such violation he or she shall immediately forfeit the office or position he or she holds.

(Ord. No. 67-2022 , § 4(Exh. A), 12-15-22)

Sec. 140. - Charter amendments.

The Charter may be amended in accordance with the provisions of the statutes of the State of Texas, as amended from time to time.

Sec. 141. - Use of gender.

A word importing the masculine gender only shall extend and be applied to include females, firms, partnerships and corporations as well as males.

Sec. 142. - Construction of Charter.

This Charter shall be liberally construed as a general grant of power subject only to the limitations of the constitution and statutes of the State of Texas.

Sec. 143. - Severability.

If any section or part of a section of this Charter be held to be invalid or unconstitutional by a court of competent jurisdiction, such invalidity shall not invalidate or impair the validity, force or effect of any other section or part of a section of this Charter.

Sec. 144. - Rearrangement and renumbering.

The council shall have the power, by ordinance, to renumber and rearrange all articles, sections and paragraphs of this Charter or any amendments thereto, as it shall deem appropriate, and upon the passage of any such ordinance, a copy thereof, certified by the city secretary, shall be forwarded to the secretary of state for filing.

CERTIFICATE

September 26, 1962

To the Honorable Mayor and Board of Commissioners,

City of Abilene, Texas.

Sirs:

In the election held on the 28th day of June, 1962 the voters of the City of Abilene voted affirmatively on the question "Shall a Commission be chosen to frame a new charter?"

Members of the charter commission elected at that time and who thereafter qualified by taking the oath of office are:

Bryan Bradbury, Robert J. Tiffany, George Minter, Jr., Garnett Gracy, Dr. John C. Stevens, Garvin Beauchamp, C. G. Whitten, John Crutchfield, Hudson Smart, Floyd Childs, Riley Maxwell, A. Crutcher Scott, James E. Russell, W. Lee Byrd, and J. Floyd Malcom.

After organizing, this charter commission elected the following officers:

| Chairman | Bradbury |
|---|---|
| Vice-Chairman | Smart |
| Secretary | W. Lee Byrd |

The commission has held 28 meetings and numerous subcommittee meetings. After the taking of evidence, receiving suggestions, performing considerable research and after full consideration of the many problems and the ends to be accomplished, the charter commission has prepared and given its final approval to a new charter, a copy of which is hereto attached for submission to the qualified voters of this City in an election to be held for that purpose.

Pursuant to the obligations imposed on this charter commission by law, it has determined and hereby certifies:

1. That the annexed charter is a true and correct copy of the charter prepared and approved by this charter commission.

2. That the City of Abilene, Texas is a city having more than 5,000 inhabitants.

3. That in the submission of this charter to the voters, it would be impracticable to segregate each subject for a separate vote thereon for the reason that the Charter is so constructed that in order to enable it to work and function it is necessary that it should be adopted in its entirety. Therefore, it is to be submitted so as to be voted upon as a whole.

4. That the election for this purpose is to be held in the City of Abilene on the 6th day of November, 1962.

5.  That the charter commission completed its work on the 26th day of September, 1962.

Respectfully submitted,

Bryan Bradbury

_____

Bryan Bradbury, Chairman

Charter Commission of the City of Abilene

ATTESTED:

W. Lee Byrd

_____

W. Lee Byrd, Secretary

CHARTER COMPARATIVE TABLE

Included herein is a listing of legislation affecting the 1962 Charter.

| Ordinance Number | Adoption Date | Referendum Date | Part | Disposition |
|---|---|---|---|---|
| 114-1980 | 11-20-80 | 1-17-81 | | <u>122</u> |
| 10-1997 | 2-27-97 | 5- 3-97 | 3(a) | 3 |
| | | | 3(b) | 5 |
| | | | 3(c) | 7 |
| | | | 3(d) | Title, 75-81 |
| | | | 3(e) | <u>86</u> |
| | | | 3(f)    Rpld | 98-109 |
| | | | 3(g) | <u>121</u> |

| | | | 3(h) | <u>125</u> |
|---|---|---|---|---|
| | | | 3(i) | <u>133</u> |
| | | | 3(j) | <u>73</u> |
| 42-2006 | 8-28-06 | 11- 7-06 | 2(1) | 9 |
| | | | 2(2) | 24 |
| | | | 2(3) | 27 |
| | | | 2(4) | 28 |
| | | | 2(5) | <u>122</u> |
| <u>67-2022</u> | 12-15-22 | | 4(Exh. A) | 6—8 |
| | | | | 14, 16 |
| | | | | 21, 22 |
| | | | | 24, 26 |
| | | | | <u>34</u>—37 |
| | | | | <u>44</u> |
| | | | | <u>46, 47</u> |
| | | | | <u>49</u> |
| | | | | <u>51, 52</u> |
| | | | | <u>63</u> |
| | | | | <u>71, 72</u> |

|  |  |  |  | <u>76, 77</u> |
|---|---|---|---|---|
|  |  |  |  | <u>84, 88</u> |
|  |  |  |  | <u>116, 118</u> |
|  |  |  |  | <u>125</u> |
|  |  |  |  | <u>131</u>—134 |
|  |  |  |  | <u>137</u>—139 |