IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc.; et al., § § *Plaintiffs*, § § vs. § § Angela Colmenero, in an official § capacity as Interim Attorney General § of Texas, et al., § § *Defendants*. § | C.A. No. 4:23-cv-2847 **JURY TRIAL DEMANDED** |

**RESPONSE OF DEFENDANTS CITY OF ABILENE
AND THE WOODLANDS TOWNSHIP TO PLAINTIFFS'
MOTION FOR TRO AND PRELIMINARY INJUNCTION**

Defendants City of Abilene (the "City") and The Woodlands Township (the "Township") oppose Plaintiffs' motion for temporary restraining order and for preliminary injunction (Dkt. 10).

**I.    Nature of Proceeding.**

As part of this pre-enforcement facial challenge to Texas Senate Bill 12, the Plaintiffs have joined several Texas local governmental entities and officials as defendants, seeking a declaration that SB 12 is facially invalid and granting an injunction prohibiting all of the Defendants from enforcing SB 12. Although the City and Township had nothing to do with the passage of this Texas statute and in fact have

done nothing to suggest they will enforce any law against any of the Plaintiffs in an unconstitutional manner, Plaintiffs seek attorneys fees from the City and Township and possibly from related non-parties[1] under 42 U.S.C. § 1983 and § 1988, simply on the theory that SB 12 will cause Plaintiffs to self-censor unless it is struck down.

The City and Township respectfully request the Court to dismiss Plaintiffs' claims against them for want of jurisdiction, or, alternatively, for failure to state a claim, and have so moved in Rule 12 motions now pending before the Court. The suit against these two Defendants (and their non-party officials, employees, and attorneys) is misdirected. No City or Township policy threatens Plaintiffs' constitutional rights. Plaintiffs only dispute is with the validity of a state policy – an act of the Texas Legislature – that regulates conduct they claim is constitutionally protected. Whether and how SB 12 gets enforced at the local level is subject to at least one major contingency – the Court has set the Plaintiffs' facial challenge on August 28, 2023, four days before SB 12 takes effect, and if that challenge is sustained, the chill Plaintiffs allege is nullified. There is no separate or subsidiary threat of enforcement

---

[1] Plaintiffs request the Court to issue an injunction against "Defendants,"which they define in the prayer of their Complaint to "include[ ] their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive notice of the injunction." *See* Complt., ¶ 136 n.62

of SB 12 by these local governments that needs to be independently reined in. Thus, the request for an injunction against the City and Township should be denied.

## II. Standard of Review.

Any injunctive relief is considered "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir. 2000) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). A district court may grant a preliminary injunction only if the movant establishes four requirements:

> First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest.

*Id.* (quoting *Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (quoting *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994))). Each of these elements is a mixed question of fact and law. *Carmax Auto Superstores Inc.*, 177 F.3d at 312.

"A preliminary injunction, like final relief, cannot be requested by a plaintiff who lacks standing to sue." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 329-30 (5th

Cir. 2020). "Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a 'case or controversy.'" *Okpalobi v. Foster*, 244 F.3d 405, 425 (5th Cir. 2001) (en banc). "This is a 'bedrock requirement.'" *Id*. (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

To establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria. *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)):

> First, they must show that they have suffered, or are about to suffer, an "injury in fact." Second, "there must be a causal connection between the injury and the conduct complained of." Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." If any one of these three elements – injury, causation, and redressability – is absent, plaintiffs have no standing in federal court under Article III of the constitution to assert their claim.

*Okpalobi*, 244 F.3d at 425 (quoting *Lujan*, 504 U.S. at 560 (internal citation omitted).

Because "standing is not dispensed in gross," *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017), "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). To do so, each plaintiff must demonstrate that they have standing separately as to each defendant. *See Daves v. Dallas Cnty.*, 22 F.4th 522, 542 (5th Cir. 2022) (en

4

banc) ("Standing to sue one defendant does not, on its own, confer standing to sue a different defendant.").

"In preenforcement free speech challenges, 'chilled speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5th Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show is that: (1) it intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). Since standing is not dispensed in gross, "the threat of prosecution" must be shown to be a threat by each defendant. *See Daves*, 22 F.4th at 542. "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013); *see also Laird v. Tatum*, 408 U.S. 1, 11 (1972).

### III. No Credible Threat by These Defendants to Support Any Live Controversy Between Them and Any of the Plaintiffs.

The Township and the City have filed motions to dismiss for want of subject-matter jurisdiction on the ground that no justiciable controversy exists between any

of the Plaintiffs and these Defendants. *See* City's MTD [Dkt. 42], at pp. 5-8; Township's MTD [Dkt. 40], at pp. 5-9. Those motions are incorporated by reference.

While neither the City nor Township denies the Plaintiffs' standing to sue the Attorney General to challenge the facial validity of SB 12, there is no allegation, much less proof, to support any claim by any Plaintiff that either of these two Defendants are poised to take any action pursuant to SB 12 to deprive any of these Plaintiffs of their free speech rights.

In support of their motion for preliminary injunction, Jason Rocha, the President of The Woodlands Pride, Inc. ("TWP") (see **Exhibit 2** to Mot. for Prelim. Inj., [Dkt. 10-2]), has testified that TWP has hosted its Pride Festival at Town Green Park in The Woodlands every year since 2018 (except for COVID-year 2020). While Mr. Rocha expresses subjective fear that SB 12 "could criminalize or ban" many "common aspects" of the Festival, he has pointed to no facts suggesting an concrete threat of enforcement – that the Township plans to deny TWP's permit application, yet to be filed, to host its 2023 Pride Festival. Mr. Rocha even admits TWP has not applied for such permit yet out of fear of SB 12. Yet even if his fear of SB 12 has some basis in fact, his fear of the Township enforcing it is not, given that SB 12 only disallows "municipalities and counties" from permitting certain sexually oriented performances. The Township is neither a "municipality" nor "county."

In support of their motion for preliminary injunction, Gavyn Hardegree, the President of Abilene Pride Alliance ("APA") (see **Exhibit 3** to Mot. for Prelim. Inj. [Dkt. 10-2]), freely admits that "**the City has issued us a permit**" for APA's planned annual Pride event, scheduled for September 30, 2023. While Mr. Hardegree expresses subjective fear that the City may revoke the permit on account of SB 12, there is no specific evidence that the City plans to do this. In short, Plaintiffs' have no current quarrel with the City of Abilene, only with the State of Texas and its law.

### IV.  No Likelihood of Success on the Merits as to These Defendants.

The Township and the City have filed motions to dismiss for failure to state a claim. *See* City's MTD [Dkt. 42], at pp. 8-15; Township's MTD [Dkt. 40], at pp. 9-14. Those motions are incorporated by reference.

Even if Plaintiffs can demonstrate a justiciable controversy between any of themselves and the City and Township, none of the Plaintiffs can prove a valid claim under 42 U.S.C. § 1983 against these Defendants. This is because there is no plausible allegation or proof showing that some policy promulgated by the Abilene City Council or by The Woodlands Township Board has deprived any Plaintiff of a constitutionally-protected free speech right, or that any such policy poses a credible threat to chill the exercise of any Plaintiff's free speech or expression. Thus, there is

no likelihood of success on the merits against these Defendants, only the certainty of failure on the merits.

## V. No Irreparable Harm by Denying the Injunction Against These Defendants.

To show irreparable harm, a plaintiff must show that the injury in question is imminent; it cannot be merely speculative. *Chacon v. Granata*, 515 F.3d 922, 925 (5th Cir. 1975); *see also Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008) (requiring a showing that irreparable injury is "likely," not merely "possible.").

In considering whether to enjoin local governments from enforcing a state statute, this Court should consider the fact that the Texas Attorney General is already a party and can defend the State's interest in upholding SB 12. To the extent the Court holds SB 12 void and unenforceable by the State, that determination would be binding downstream against all state and local governmental actors who are commanded by SB 12 and other state law to enforce it. *See Harris County v. Carmax Auto Superstores Inc.*, 177 F.3d 306, 318 (5th Cir. 1999) (recognizing that "a local law enforcement official is bound when his interests are represented by the state attorney general") (citing cases). The key fact is that no enforcement is possible if the Court strikes down the law. If Plaintiffs succeed in showing that SB 12 is unconstitutional and the Court invalidates it, the chill they have alleged evaporates. A pre-enforcement

declaration of invalidity denies the law of any effect and renders moot any hypothetical obligation on the part of local governments to enforce the law.

Accordingly, there is and can be no substantial risk of irreparable harm to Plaintiffs by denying the injunction as to the local governments.

## VI. Balance of Equities & Public Interest Favor These Defendants.

The balance of equities does not favor an injunction against the City or the Township because the injunction sought is overkill. Plaintiffs have not pointed to any credible threat of injury from either the City or the Township. Indeed, SB 12 does not mandate any enforcement by Texas special districts such as the Township, which is not a "municipality" within the meaning of the Texas Local Government Code.

In addition to being superfluous, the injunction sought against local governments who pose no threat to Plaintiffs would disserve the public interest. The federal courts, as a matter of federalism, should refrain from endorsing the practice of plaintiffs joining every local law enforcement authority in sight whenever the validity of state penal statute is challenged. The law has yet to take effect, and this Court can invalidate the law before it takes effect if facially it poses an unconstitutional burden on free speech. The Court need not and should not go the extra mile of ordering local governments to refrain from enforcing a law to the extent the Court has declared it facially defective. If the Court allows the law to stand, prudence dictates that the Court

9

await a live controversy on the basis of a specific application rather than issue a blanket and vague advisory opinion on what may be acceptable or not.

## VII. Conclusion & Prayer.

For the foregoing reasons, the Court should deny Plaintiffs' request for injunctive relief against the City of Abilene and The Woodlands Township.

Respectfully submitted,

VIADA & STRAYER

By: /s/ ***Ramón G. Viada III***
　　Ramón G. Viada III
　　State Bar No. 20559350
　　Fed I.D. No. 10689
　　rayviada@viadastrayer.com
　　17 Swallow Tail Court
　　The Woodlands, Texas 77381
　　281-419-6338

COUNSEL FOR DEFENDANTS
CITY OF ABILENE
THE WOODLANDS TOWNSHIP

## CERTIFICATE OF SERVICE

I certify that all counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Electronic Case Files System of the Southern District of Texas on August 21, 2023.

　　　　/s/ ***Ramón G. Viada III***
　　　　Ramón G. Viada III