# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; Brigitte Bandit,<br><br>　　*Plaintiffs,*<br><br>v.<br><br>Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzalez, in an official capacity as District Attorney of Bexar County,<br><br>　　*Defendants.* | Civil Action No. 4:23-cv-02847 |

## PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

1

Pursuant to Federal Rule of Evidence 201, Plaintiffs The Woodlands Pride, Inc. ("Woodlands Pride"), Abilene Pride Alliance ("Abilene Pride"), Extragrams, LLC ("Extragrams"), 360 Queen Entertainment LLC ("360 Queen"), and Brigitte Bandit (collectively, "Plaintiffs") respectfully request that the Court take judicial notice of the following documents in connection with Plaintiffs' Complaint and Motion for Temporary Restraining Order and Preliminary Injunction.

The Court may take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(d).

"Courts routinely take judicial notice of public records." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-L, 2020 WL 730522, at *2 (N.D. Tex. Feb. 13, 2020) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts ... which were matters of public record directly relevant to the issue at hand.")). Courts especially take judicial notice of facts "that only an unreasonable person would insist on disputing." *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998). The United States Supreme Court has held that state

legislative records, when offered as evidence in district courts, "prove their own authenticity." *Town of S. Ottawa v. Perkins*, 94 U.S. 260, 274 (1876); *see also Humble Oil & Ref. Co. v. R.R. Comm'n of Tex.*, 85 S.W.2d 813, 814 (Tex. Civ. App.—Austin 1935, writ dism'd) ("the courts may properly take judicial notice, not only of the development and application of [] laws themselves, but of the conditions which impelled their enactment"); *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 789 (E.D. La. 2009) (taking judicial notice of public congressional testimony). Furthermore, government websites "are self-authenticating under Federal Rule of Evidence 902(5)." *Nat'l Urb. League, Inc. v. Urb. League of Greater Dallas & N. Cent. Texas, Inc.*, No. 3:15-CV-3617-B, 2017 WL 4351301, at *6 (N.D. Tex. Sept. 29, 2017), *aff'd*, 750 F. App'x 305 (5th Cir. 2018).

Also, while social media posts generally are not self-authenticating, those authored by public officials have been considered ripe for judicial notice under Federal Rule of Evidence 201 because their source cannot reasonably be questioned. *See, e.g.*, *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio,* 364 F. Supp. 3d 253, 263 (S.D.N.Y. 2019) (taking judicial notice of tweets shared from New York City Mayor Bill de Blasio's official twitter account); *Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir.) (taking judicial notice of President Trump's statement made via Twitter), *vacated on other grounds*, 138 S. Ct. 377 (2017). Even outside the

context of public officials, courts take judicial notice of social media posts because "the existence of the publicly-available articles and tweets cannot reasonably be questioned." *Napear v. Bonneville Int'l Corp.*, No. 2:21-CV-01956-DAD-DB, 2023 WL 3025258, at *5 (E.D. Cal. Apr. 20, 2023) (quoting *Unsworth v. Musk*, No. 19-mc-80224-JSC, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019)); *see also Nat'l Rifle Ass'n of Am. v. City of Los Angeles*, 441 F. Supp. 3d 915, 933–34 n.6 (C.D. Cal. 2019) ("The Court therefore takes judicial notice of O'Farrell's statements via his verified Twitter account.").

Evidence supplied by newspaper or periodical sources are also self-authenticating pursuant to Federal Rule of Evidence 902(6) and qualify for judicial notice pursuant to Federal Rule of Evidence 201 because their source cannot reasonably be questioned. Fed. R. Evid. 902(6); *see* Fed. R. Evid. 201(b); *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 673, 680 (W.D. Tex. 2006) ("Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles.").

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Plaintiffs' Exhibits 1–29 that are appended to the Declaration of Charelle Lett in Support of Plaintiffs' Request for Judicial Notice, filed concurrently herewith.

Respectfully submitted,

| | |
|---|---|
| Brian Klosterboer, *attorney-in-charge*<br>  TX Bar No. 24107833<br>  SDTX No. 3314357<br>Chloe Kempf<br>  TX Bar No. 24127325<br>  SDTX No. 3852674<br>Thomas Buser-Clancy<br>  TX Bar No. 24078344<br>  SDTX No. 1671940<br>Edgar Saldivar<br>  TX Bar No. 24038188<br>  SDTX No. 618958<br>Adriana Pinon<br>  TX Bar No. 24089768<br>  SDTX No. 1829959<br>ACLU FOUNDATION OF TEXAS, INC.<br>P.O. Box 8306<br>Houston, TX 77288<br>Tel. (713) 942-8146<br>Fax (713) 942-8966<br>bklosterboer@aclutx.org<br>ckempf@aclutx.org<br>tbuser-clancy@aclutx.org<br>esaldivar@aclutx.org<br>apinon@aclutx.org | */s/ Brandt Thomas Roessler*<br>Brandt Thomas Roessler<br>  TX Bar No. 24127923<br>  SDTX No. 3853796<br>BAKER BOTTS L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel. (212) 408-2500<br>Fax (212) 408-2501<br>Brandt.Roessler@BakerBotts.com<br><br>Derek McDonald<br>  TX Bar No. 00786101<br>  SDTX No. 18546<br>Maddy Dwertman<br>  TX Bar No. 24092371<br>  SDTX No. 3853795<br>BAKER BOTTS L.L.P.<br>401 S. 1st Street, Suite 1300<br>Austin, TX 78704<br>Tel. (512) 322-2500<br>Fax (512) 322-2501<br>Derek.McDonald@BakerBotts.com<br>Maddy.Dwertman@BakerBotts.com<br><br>Ali Andrews<br>  TX Bar No. 24059381<br>  SDTX No. 2247339<br>Emily Rohles<br>  TX Bar No. 24125940<br>  SDTX No. 3715273<br>BAKER BOTTS L.L.P.<br>910 Louisiana Street<br>Houston, TX 77002<br>Tel. (713) 229-1234<br>Fax (713) 229-1522<br>Ali.Andrews@BakerBotts.com<br>Emily.Rohles@BakerBotts.com |
| *Attorneys for Plaintiffs* | |

## **CERTIFICATE OF CONFERENCE**

Plaintiffs notified Defendants of their intent to file this motion on the morning of August 22, 2023, and simultaneously provided them with the list of exhibits attached to the Declaration of Charelle Lett in Support of Plaintiffs' Request for Judicial Notice. All Defendants either did not respond or were unable to determine their position before the filing of this Request.

*/s/Brandt Thomas Roessler*
Brandt Thomas Roessler

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 23rd day of August 2023, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record and via e-mail to Defendants who have not yet appeared.

*/s/Brandt Thomas Roessler*
Brandt Thomas Roessler