# EXHIBIT 6

BILL ANALYSIS

Senate Research Center                                                                                                   S.B. 12
                                                                                                                    By: Hughes
                                                                                                                 State Affairs
                                                                                                                    3/21/2023
                                                                                                                     As Filed

**AUTHOR'S / SPONSOR'S STATEMENT OF INTENT**

A recent cultural trend has been for drag shows to be performed in venues generally accessible to the public, including children. These shows often contain sexually explicit performances and music.

Texas is just one of over a dozen states considering legislation to stop such performances in front of children. These states have taken different approaches to the issue. Some would include these events in the definition of a sexually oriented business. Some would define these events as one of several types of "adult cabaret performances" that appeal to the prurient interest. Others define a "drag show" specifically.

S.B. 12 integrates aspects of these different proposals. The bill amends Chapter 43 of the Penal Code to define a "sexually oriented performance" as one (1) featuring nudity; (2) or a male performer exhibiting as a female or a female performer exhibiting as a male; and (3) appealing to the prurient interest in sex. The bill goes on to address sexually oriented performances in two types of settings: (1) on public property; and (2) in commercial establishments. In both settings, the goal is to protect children from seeing these performances.

Municipalities are authorized to regulate sexually oriented performances to promote the public health, safety, or welfare of their communities. S.B. 12 says explicitly that a municipality may not authorize a sexually oriented performance on public property or in the presence of a child. The bill is not intended to stop theatrical or other similar exhibitions. Municipalities are authorized to regulate such shows as they see fit.

While drag shows have received the most media attention, S.B. 12 is not limited to this type of sexually oriented performance. Drag shows today may be replaced by other types of harmful performances in the future. S.B. 12 applies to and will protect children from sexually oriented performances in general.

As proposed, S.B. 12 amends current law relating to restricting certain sexually oriented performances on public property, on the premises of a commercial enterprise, or in the presence of a child, authorizes a civil penalty, and creates a criminal offense.

**RULEMAKING AUTHORITY**

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

**SECTION BY SECTION ANALYSIS**

SECTION 1. Amends Subtitle A, Title 9, Health and Safety Code, by adding Chapter 769, as follows:

CHAPTER 769. SEXUALLY ORIENTED PERFORMANCES

Sec. 769.001. DEFINITIONS. Defines "premises" and "sexually oriented performance."

      Sec. 769.002. CERTAIN SEXUALLY ORIENTED PERFORMANCES PROHIBITED ON PREMISES OF COMMERCIAL ENTERPRISE; CIVIL PENALTY; INJUNCTION. (a) Prohibits a person who controls the premises of a commercial enterprise from allowing a sexually oriented performance to be presented on the premises in the presence of an individual younger than 18 years of age.

           (b) Provides that a person who violates this section is liable to this state for a civil penalty of not more than $10,000 for each violation.

           (c) Authorizes the attorney general to bring an action to recover the civil penalty imposed under this section or obtain a temporary or permanent injunction to restrain the violation.

           (d) Authorizes an action under this section to be brought in a district court in Travis County or a county in which any part of the violation occurs.

           (e) Requires the attorney general to deposit a civil penalty collected under this section in the state treasury to the credit of the general revenue fund.

           (f) Authorizes the attorney general to recover reasonable expenses incurred in bringing an action under this section, including court costs, attorney's fees, investigative costs, witness fees, and deposition expenses.

SECTION 2. Amends Chapter 243, Local Government Code, by adding Section 243.0031, as follows:

      Sec. 243.0031. AUTHORITY TO REGULATE CERTAIN SEXUALLY ORIENTED PERFORMANCES. (a) Defines "sexually oriented performance."

           (b) Authorizes a municipality or county, subject to Subsection (c), to regulate sexually oriented performances as the municipality or county considers necessary to promote the public health, safety, or welfare.

           (c) Prohibits a municipality or county from authorizing a sexually oriented performance on public property or in the presence of an individual younger than 18 years of age.

           (d) Provides that this section, except as provided by Subsection (c), does not limit the authority of a municipality to license, tax, suppress, prevent, or otherwise regulate theatrical or other exhibitions, shows, or amusements under Section 215.032 (Exhibitions; Shows; Amusements).

SECTION 3. Amends Subchapter B, Chapter 43, Penal Code, by adding Section 43.28, as follows:

      Sec. 43.28. CERTAIN SEXUALLY ORIENTED PERFORMANCES PROHIBITED. (a) Defines "sexually oriented performance."

           (b) Provides that a person commits an offense if, regardless of whether compensation for the performance is expected or received, the person engages in a sexually oriented performance on public property or in the presence of an individual younger than 18 years of age.

           (c) Provides that an offense under this section is a Class A misdemeanor.

SECTION 4. Effective date: September 1, 2023.