# EXHIBIT 9

BILL ANALYSIS

C.S.S.B. 12<br>
By: Hughes<br>
State Affairs<br>
Committee Report (Substituted)

**BACKGROUND AND PURPOSE**

In cities around Texas, sexually oriented performances sometimes occur in venues generally accessible to the public, including children. For instance, on October 18, 2022, the New York Post reported an all ages lunch at the Ebb & Flow restaurant in Plano, Texas. The restaurant hosted a performance which featured a male performer who gyrated and lifted his skirt in front of a little girl, and made explicit comments referencing anatomy and sexual acts.

C.S.S.B. 12 seeks to deter children from being exposed to sexually oriented performances by making a person who controls the premises of a commercial enterprise and allows a sexually oriented performance to be presented on the premises in front of an individual younger than 18 years of age civilly liable to the state and by creating a Class A misdemeanor offense for a person who engages in a prohibited sexually oriented performance under certain circumstances. C.S.S.B. 12 also enables a municipality or county to regulate sexually oriented performances. A municipality or county may not authorize a sexually oriented performance on public property or in the presence of an individual younger than 18 years of age.

**CRIMINAL JUSTICE IMPACT**

It is the committee's opinion that this bill expressly does one or more of the following: creates a criminal offense, increases the punishment for an existing criminal offense or category of offenses, or changes the eligibility of a person for community supervision, parole, or mandatory supervision.

**RULEMAKING AUTHORITY**

It is the committee's opinion that this bill does not expressly grant any additional rulemaking authority to a state officer, department, agency, or institution.

**ANALYSIS**

C.S.S.B. 12 amends the Health and Safety Code to prohibit a person who controls the premises of a commercial enterprise from allowing a sexually oriented performance to be presented on the premises in the presence of an individual younger than 18 years of age. The bill makes a person who violates this prohibition liable to the state for a civil penalty in an amount capped at $10,000 for each violation. The bill authorizes the attorney general to bring an action in Travis County or a county in which any part of the violation occurs to recover the civil penalty or obtain a temporary or permanent injunction to restrain the violation. The bill authorizes the attorney general to recover reasonable expenses incurred in bringing the action, including court costs, attorney's fees, investigative costs, witness fees, and deposition expenses, and requires the attorney general to deposit a civil penalty collected through the action in the state treasury to the credit of the general revenue fund.

C.S.S.B. 12 amends the Local Government Code to authorize a municipality or county to regulate sexually oriented performances as the municipality or county considers necessary to

promote the public health, safety, or welfare, but prohibits a municipality or county from authorizing a sexually oriented performance on public property or in the presence of an individual younger than 18 years of age. Except as provided by that prohibition, these provisions expressly do not limit the authority of a municipality to license, tax, suppress, prevent, or otherwise regulate theatrical or other exhibitions, shows, or amusements under provisions relating to the regulation of such by a Type A general-law municipality.

C.S.S.B. 12 amends the Penal Code to create a Class A misdemeanor offense for a person who, regardless of whether compensation for the performance is expected or received, engages in a sexually oriented performance on public property at a time, in a place, and in a manner that could reasonably be expected to be viewed by a child or on the premises of a commercial enterprise in the presence of an individual younger than 18 years of age.

C.S.S.B. 12 defines the following terms for purposes of its provisions:
- "premises" as a building or a portion of a building, excluding any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area;
- "sexually oriented performance" as a visual performance that appeals to the prurient interest in sex and features a performer who is nude, as defined by Business & Commerce Code provisions relating to fees imposed on certain sexually oriented businesses, or any other performer who engages in sexual conduct; and
- "sexual conduct" as the following:
    - the exhibition or representation, actual or simulated, of sexual acts, including vaginal sex, anal sex, and masturbation;
    - the exhibition or representation, actual or simulated, of male or female genitals in a lewd state, including a state of sexual stimulation or arousal;
    - the exhibition of a device designed and marketed as useful primarily for the sexual stimulation of male or female genitals; or
    - actual contact or simulated contact occurring between one person and the buttocks, breast, or any part of the genitals of another person.

C.S.S.B. 12 provides for the severability of the bill's provisions if any particular provision or its application to any person or circumstance is held invalid.

**EFFECTIVE DATE**

September 1, 2023.

**COMPARISON OF SENATE ENGROSSED AND SUBSTITUTE**

While C.S.S.B. 12 may differ from the engrossed in minor or nonsubstantive ways, the following summarizes the substantial differences between the engrossed and committee substitute versions of the bill.

The substitute omits a provision from the engrossed that included as a criterion that qualifies a visual performance as a "sexually oriented performance" prohibited under the bill, provided the performance appeals to the prurient interest in sex, the performance's feature of a male performer exhibiting as a female, or a female performer exhibiting as a male, who uses clothing, makeup, or other similar physical markers and who sings, lip syncs, dances, or otherwise performs before an audience.

While both the engrossed and the substitute make it an offense for a person to engage in a sexually oriented performance in the presence of an individual younger than 18 years of age, the substitute includes a specification absent from the engrossed that this conduct occurs on the premises of a commercial enterprise in the presence of such an individual. Accordingly, the

88R 31025-D                                                                                                          23.137.500
Substitute Document Number: 88R 28856

substitute includes a definition for "premises" applicable to this offense that was not in the engrossed.