# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| THE WOODLANDS PRIDE, INC., *et al.*, § § § § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | Civil Action No. 4:23-cv-02847 | |
| § | | |
| ANGELA COLMENERO, *et al.*, § | | |
| *Defendants*. § | | |

## COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT AND RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

TO THE HONORABLE DAVID HITTNER:

COME NOW, Montgomery County, Texas; Montgomery County District Attorney, Brett Ligon; Taylor County, Texas; Taylor County Criminal District Attorney James Hicks; Travis County Attorney Delia Garza; and, Bexar County District Attorney Joe D. Gonzales[1], six of the named Defendants in the above-styled lawsuit (hereinafter collectively "County Defendants"), and file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and

---

[1] Defendant Gonzales' surname is misspelled as "Gonzalez" in Plaintiffs' Original Complaint, ECF. 1.

response to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.² (ECF No. 10).

## A. <u>INTRODUCTION</u>

Plaintiffs bring this pre-enforcement facial challenge against several Texas local governmental entities and elected officials to enjoin the enforcement of Senate Bill 12 because Defendants "are statutorily tasked with enforcing this unconstitutional law." (ECF No. 1, pg. 2 ¶ 2.)³

Plaintiffs' Original Complaint was filed on August 2, 2023. On August 9, 2023, prior to the County Defendants filing an Answer or appearing in the lawsuit, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 10). The Court has set a consolidated preliminary injunction hearing with a trial on the merits to begin on August 28, 2023, at 10:30 a.m. (ECF Nos. 21, 46).

All claims fail against the County Defendants for two reasons. First, Eleventh Amendment immunity bars Plaintiffs' claims. Plaintiffs' allegations do not provide any basis to assert, with respect to the County Defendants, the *Ex Parte Young*

---

² In their Original Complaint, Plaintiffs have only asserted official capacity claims against the County Defendants for prospective injunctive and declaratory relief. *See* ECF No. 1, ¶¶ 2, 17, 20-23. To the extent Plaintiffs' allegations may be interpreted as claims against the County Defendants in their individual capacities, each of the County Defendants asserts their entitlement to absolute prosecutorial immunity and qualified immunity, and expressly reserve their right to more fully brief these affirmative defenses.
³ 88(R) SB 12 - Enrolled version (texas.gov)

exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor could Plaintiffs make any such proper allegations.

Second, Plaintiffs have not asserted a proper basis for Article III standing against the County Defendants. Plaintiffs' Original Complaint contains no allegations or evidence of threatened criminal prosecution of SB 12. Therefore, Plaintiffs have not asserted a proper basis for Article III standing with respect to any claims against the County Defendants.

### B. <u>MOTION TO DISMISS STANDARDS</u>

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. The motion to dismiss should only be

granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id*. (citation omitted).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plaintiff's legal conclusions are not entitled to the same deference and assumptions as his well pleaded facts; '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Dumas*, 2022 WL 488151, at *2 (quoting *Iqbal*, 556 U.S. at 678).

## C. ARGUMENT

### 1. The County Defendants are entitled to Eleventh Amendment and sovereign immunity because the Ex Parte Young exception does not apply.

The County Defendants occupy a constitutionally established position within the Judicial Department of the State of Texas.[4] As State of Texas officials, the County Defendants are generally entitled to sovereign immunity from suit. State sovereign immunity generally precludes suits against state officials in their official capacities. *E.g.*, *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020)

---

[4] *See* Tex. Const. art. V, sec. 21; Tex. Code of Crim. Proc. Art. 2.01 (providing that each district attorney shall represent the State in all criminal cases in the district courts of their district) and Art. 2.02 (providing that each county attorney shall represent the State); Tex. Gov't Code §§ 43.101, *et seq*.

(hereinafter "Tex. Democratic Party I"). Unless waived by the state, abrogated by Congress, or an exception applies, the immunity precludes suit. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179 (5th Cir. 2020) (hereinafter "Tex. Democratic Party II").

There is no allegation (nor could there be) that the County Defendants have waived sovereign immunity, or that Congress has abrogated immunity from these claims.

The *Ex parte Young* exception to sovereign immunity does not apply. In *Ex parte Young*, 209 U.S. 123 (1908), the United States Supreme Court recognized that sovereign immunity does not bar "suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Under *Ex parte Young*, "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." *Ex parte Young*, 209 U.S. at 155-56 (emphasis added).

As has been made clear by the progeny of *Ex parte Young*, to avoid the Eleventh Amendment immunity bar, state officials must "have 'some connection' to the state law's enforcement." *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507,

517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. at 157). A merely hypothetical or theoretical connection is not enough; the complaint must allege an ongoing violation of federal law and seek relief properly characterized as prospective. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002). To fit within the *Ex parte Young* exception to state sovereign immunity, it is not enough to allege that the defendant official has a "general duty to see that the laws of the state are implemented." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). A mere connection by statute or otherwise to a law's potential enforcement is not sufficient. The state official "must have taken some step to enforce" the statute. *Tex. Democratic Party I,* 961 F.3d at 401 (emphasis added). The Fifth Circuit has repeatedly held that this requires a plaintiff to plead and sufficiently demonstrate that the state official took some "affirmative action" regarding enforcement of the challenged statute, such that the official has "a demonstrated willingness to enforce that duty." *See id.* at 400 ("some step" and "affirmative action"); *Morris*, 739 F.3d at 746 ("demonstrated willingness"); *Tex. Democratic Party II*, 978 F.3d at 179 (same).

The Fifth Circuit recently recognized guideposts in applying the "enforcement" aspect of *Ex parte Young*. Specifically, the Fifth Circuit re-emphasized that "enforcement" includes a showing of "compulsion or constraint." *Texas All. for Retired Americans. v. Scott*, No. 20-40643, 2022 WL 795862, at *2

(5th Cir. March 16, 2022) (citing *City of Austin v. Paxton*, 943 F.3d 993, 1000 (5th Cir. 2019)). Accordingly, if there is no showing – as is the case here with respect to the County Defendants – that the sued official has compelled or constrained anyone to obey the challenged law, there is no standing to sue. This is because enjoining that official could not stop any ongoing constitutional violation. *Id*.

Even where a state official possesses enforcement authority, past Fifth Circuit decisions consistently require some affirmative step by the defendant for the *Ex parte Young* exception to apply. *See City of Austin*, 943 F.3d at 1000 ("Attorney General Paxton is not subject to the *Ex parte Young* exception because our *Young* caselaw requires a higher showing of 'enforcement' than the City has proffered"); *Air Evac EMS*, 851 F.3d at 510-13 (noting that the state officials at issue were actively involved in rate-setting and overseeing the arbitration processes implicated by the challenged law); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 392-95 (5th Cir. 2015) (*Ex parte Young* exception applied when the attorney general had sent "numerous 'threatening letters'" to the plaintiffs); *K.P. v. LeBlanc*, 627 F.3d 115, 119-25 (5th Cir. 2010) (defendant took an "active role" in enforcing the statute at issue).

The County Defendants, in their constitutional and statutory roles as prosecutors, indisputably have the statutory authority within the boundaries of their respective Counties to prosecute cases under Texas statutes that set out criminal

offenses. However, that type of general jurisdiction to enforce criminal laws does not establish a waiver or exception to sovereign immunity in the absence of actual or threatened enforcement of a criminal statute. Granting a proper injunction against a prosecutor requires more than general and hypothetical jurisdiction over criminal statutes. *See, e.g., Miller v. Mitchell*, 598 F. 3d 139 (3d Cir. 2010) (affirming the grant of a preliminary injunction when a district attorney threatened to file charges); *Ameritech Corp. v. McCann*, 297 F.3d 582 (7th Cir. 2002) (holding that *Ex parte Young* was satisfied where a district attorney refused to comply with Electronic Communications Privacy Act provision). A prosecutor's mere status as elected prosecutor, without more, is insufficient to make a proper claim to the *Ex parte Young* exception. Here, Plaintiffs sue the County Defendants only because they hold their offices in jurisdictions where Plaintiffs engage in their desired conduct. This is not enough to satisfy the *Ex parte Young* exception under Fifth Circuit precedent.

2. ***The Court Lacks Jurisdiction over the County Defendants because there is No Case or Controversy.***

   *(a) Plaintiffs' Claim against the County Defendants is Not Ripe.*

Plaintiffs have sued each County Defendant because they are "statutorily tasked with enforcing SB 12." *See* ECF No. 1, pgs. 6-7. Further, for each County Defendant, the allegation is that the Plaintiffs <u>fear</u> criminal penalties and <u>worry</u> the County Defendant will restrict a performance. *See e.g.,* ECF No. 1, pg. 26-27, ¶¶ 74 and 78; pg. 28 ¶ 84; pg. 29 ¶ 86; pg. 30 ¶89; pg. 31 ¶ 95 and 97; pg. 33 ¶103; pg. 35

¶111; pg. 36 ¶113; and pg. 39 ¶124. Plaintiffs have not alleged the existence of any pending or existing attempt to stop performances and their claims are therefore not ripe. Further, Plaintiff failed to identify a County policy maker who is the moving force behind an offending policy. *See e.g., Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-55 (5th Cir.2022).

In determining whether to dismiss a federal declaratory judgment action, the court applies a three-step inquiry: (1) whether the declaratory action is justiciable, a threshold issue; (2) if it has jurisdiction, whether the court has the authority to grant declaratory relief in the present action; and (3) if it has jurisdiction and authority, whether to exercise its broad discretion to decide or dismiss the action. *Sherwin Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003).

If the action is not ripe for adjudication and therefore not justiciable, the court need not reach the second or third steps. *Shields v. Norton*, 289 F.3d 832, 837 (5th Cir. 2002) ("[W]e must not proceed until the issue is ripe—until we have that case or controversy."). Thus, even actions for declaratory relief, which by design permit pre-enforcement review, require the presence of an actual "case" or "controversy." *United Transp. Union*, 205 F.3d 851, 857 (5th Cir. 2000); *see also Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (recognizing that although "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge ..., a declaratory judgment action, like any other action, must be ripe in order to be

justiciable."); *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) ("[A] ripeness inquiry is often required when a party is seeking pre-enforcement review of a law or regulation.").

"In pre-enforcement free speech challenges, 'chilled speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5th Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show that: (1) it intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)).

Plaintiffs' request for declaratory relief is not ripe, and therefore not justiciable. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Ripeness has both constitutional and prudential components. *DM Arbor Court, Ltd. v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021). "Even when constitutional ripeness is satisfied . . . a court may decide not to hear a case for prudential reasons, such as '[p]roblems of prematurity and abstractness.'" *Id.*, at 218 n.1 (quoting *Buckley v. Valeo*, 424 U. S. 1, 14 (1976)). Further, just as standing is not dispensed

in gross, neither is ripeness. *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 434 n.27 (5th Cir. 2021) ("We assess ripeness claim by claim."). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (*quoting Texas v. United States*, 523 U.S. 296 (1998)).

The Original Complaint does not allege any action on the part of the County Defendants to invoke this Court's jurisdiction over them. Accordingly, the allegations set forth in the Original Complaint do not state a claim against the County Defendants over which this Court has jurisdiction.

### (b) *Plaintiffs Lack Article III Standing Because They Have Failed to Plead a Causal Connection Between Their Alleged Injury and Any Actions of the County Defendants.*

The subject-matter jurisdiction of federal courts is limited to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992). To establish standing, the plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the

defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cty., Tex.*, 22 F.4th 522, 541–42 (5th Cir. 2022) (*quoting Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020). Specifically, Plaintiffs "must demonstrate 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Id. DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

The courts have determined that the plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561). At the preliminary injunction stage, "the plaintiffs must make a 'clear showing' that they have standing to maintain the preliminary injunction." *Id*. (*quoting Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id.* (quoting *Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734 (2008) (internal citation omitted). As the Fifth Circuit states, in a class action suit, "for each *named* defendant, at least one named plaintiff must have standing to sue." *Id*. (*citing Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) (emphasis added); *NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012). "Standing to sue one defendant does not, on its own, confer standing to sue a different defendant." *Id*.

Plaintiffs lack standing to bring their claims against the County Defendants because there is no allegation they have suffered, or imminently will suffer, a

concrete and particularized injury fairly traceable to the named County Defendants' conduct. *See generally* ECF No. 1, Plaintiffs' Original Complaint. More specifically, there has been no allegation or evidence offered by Plaintiffs demonstrating any statements, comments, interviews, or correspondence by County Defendants threatening any enforcement action in response to Plaintiffs' desired conduct—the ability to continue putting on visual performances in Texas, including drag performances.

Overall, Plaintiffs do not assert non-speculative facts supporting an irreparable injury that is both great and immediate and that is traceable to the County Defendants. Accordingly, the Court lacks subject matter jurisdiction to hear the Complaint against the County Defendants.

### D. **RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION**

Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction on August 9, 2023. (ECF. No. 10). In that motion, Plaintiffs move the Court to "enjoin SB 12 before it goes into effect on September 1." Plaintiffs' Motion, ECF No. 10, pg. 54. On August 18, 2023, the Court ordered Defendants to respond to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction by close of business on August 23, 2023. (ECF 37).

Any injunctive relief is considered "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the

burden of persuasion." *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917 (5th Cir. 2000) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). A district court may grant a preliminary injunction only if the movant establishes four requirements:

> First, the movant must establish a substantial likelihood of success on the merits. Second, there must be a substantial threat of irreparable injury if the injunction is not granted. Third, the threatened injury to the plaintiff must outweigh the threatened injury to the defendant. Fourth, the granting of the preliminary injunction must not disserve the public interest. *Id*. (quoting *Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (quoting *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994))).

Accordingly, County Defendants assert the Court should deny the Motion because of the lack of justiciability and standing as to the County Defendants argued above. The Original Complaint does not identify an injury traceable directly to each of these defendants individually. Standing is not determined "in gross." *Daves,* 22 F.4th at 542 (*Davis v. Federal Elec. Comm'n*, 554 U.S. 724, 734, (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6, (1996)). "Standing to sue one defendant does not, on its own, confer standing to sue a different defendant." *Id*. (citation omitted). Plaintiffs "must demonstrate standing for each claim [they] seek to press and for each form of relief that is sought." *Id*.

Finally, the County Defendants are not necessary parties to this litigation. In this case, the Plaintiffs filed suit prior to the law taking effect. As of the date of this

trial, none of the County Defendants have the power to enforce the law, and none have taken steps to chill the Plaintiffs' speech. There is nothing to enjoin – if the Court holds the law is unconstitutional, it will not be enforced prior to having ever gone into effect. *See Harris County, Texas v. Carmax Auto Superstores, Inc.*, 117 F.3d 306, 318 (5th Cir. 1999) (The Attorney General's presence in this suit binds local law enforcement).

The County Defendants understand the Court views this case to present a pure question of law, to be decided by briefing and argument. The State of Texas, through the Texas Attorney General, is a party to this lawsuit, and it defends and advocates for its law in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, County Defendants Montgomery County, Texas; Montgomery County District Attorney, Brett Ligon; Taylor County, Texas; Taylor County Criminal District Attorney James Hicks; Travis County Attorney Delia Garza; and, Bexar County District Attorney Joe D. Gonzales pray that their motion be granted, that Plaintiffs' claim(s) be dismissed without prejudice, and for such relief, both general and special, at law or in equity, to which they are justly entitled.

Respectfully submitted,

**DELIA GARZA
TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX

By: /s/Amy S. Ybarra
LESLIE W. DIPPEL
State Bar No. 00796472
SDTX Federal ID No. 236158
Leslie.Dippel@traviscountytx.gov
AMY S. YBARRA
State Bar No. 24013573
SDTX Federal ID No. 3854149
Amy.Ybarra@traviscountytx.gov
CYNTHIA W. VEIDT
State Bar No. 24028092
SDTX Federal ID No. 35785
Cynthia.Veidt@traviscountytx.gov
Assistant Travis County Attorneys
**Attorneys for Travis County Attorney Delia Garza**

/ / /

BD Griffin  
County Attorney, Montgomery County

By: /s/ Daniel Plake  
Daniel Plake  
Assistant Montgomery County Attorney  
Texas Bar No. 24062942  
Federal ID No. 918023  
Daniel.plake@mctx.org  
BD Griffin  
Montgomery County Attorney  
Texas Bar No. 08468500  
Federal ID No. 1862  
BD.Griffin@mctx.org  
501 N. Thompson St. Suite 100  
Conroe, TX 77301  
Phone: (936) 539-7828  
Facsimile: (936) 538-8079  
**Attorney for Montgomery County and Brett Ligon, Defendants**

BY: /s/ Robert B. Wagstaff  
Robert B. Wagstaff  
State Bar No. 20665000  
SDTX Bar No. 13115  
rwagstaff@mcmahonlawtx.com  
MCMAHON SUROVIK SUTTLE, P.C.  
P. O. Box 3679  
Abilene, TX 79604  
(325) 676-9183 Telephone  
(325) 676-8836 Fax  
**Attorneys for Defendants Taylor County and Taylor County Criminal District Attorney James Hicks**

JOE D. GONZALES
Bexar County Criminal
District Attorney

By: /s/ Lisa V. Cubriel
**LISA V. CUBRIEL**
Assistant District Attorney
Texas Bar No. 24045731
SDTX Federal ID No. 3146931
Lisa.Cubriel@bexar.org
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Fax: (210) 335-2773

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of August, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to each attorney who has made an appearance in this case.

*/s/ Amy S. Ybarra*
Amy S. Ybarra