## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; Brigitte Bandit,<br><br>     Plaintiffs,<br><br>v.<br><br>Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzales, in an official capacity as District Attorney of Bexar County,<br><br>     Defendants. | Civil Action No. 4:23-cv-02847 |

## **JOINT PRETRIAL ORDER**

Pursuant to the Court's Pretrial Procedures and instruction by Mr. Wells, Case Manager to Judge David Hittner, Plaintiffs The Woodlands Pride, Inc., Abilene Pride Alliance, Extragrams, LLC, 360 Queen Entertainment LLC, and Brigitte Bandit, along with Defendants Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzales, in an official capacity as District Attorney of Bexar County submit this abbreviated Pretrial Order.

I.   **APPEARANCE OF COUNSEL**

  A.   **PLAINTIFFS THE WOODLANDS PRIDE, INC., ABILENE PRIDE ALLIANCE, EXTRAGRAMS, LLC, 360 QUEEN ENTERTAINMENT LLC, AND BRIGITTE BANDIT**

  Brian Klosterboer, attorney-in-charge
  TX Bar No. 24107833
  SDTX No. 3314357
  Chloe Kempf
  TX Bar No. 24127325
  SDTX No. 3852674
  Thomas Buser-Clancy
  TX Bar No. 24078344
  SDTX No. 1671940
  Edgar Saldivar
  TX Bar No. 24038188
  SDTX No. 618958
  Adriana Pinon
  TX Bar No. 24089768
  SDTX No. 1829959
  ACLU FOUNDATION OF TEXAS, INC.
  P.O. Box 8306
  Houston, TX 77288
  (713) 942-8146
  (713) 942-8966 (Fax)
  bklosterboer@aclutx.org
  ckempf@alcutx.org
  tbuser-clancy@alcutx.org
  esaldivar@alcutx.org

apinon@alcutx.org

Derek McDonald
TX Bar No. 00786101
SDTX No. 18546
Maddy Dwertman
TX Bar No. 24082371
SDTX No. 3853795
BAKER BOTTS L.L.P.
401 S. 1st Street, Ste. 1300
Austin, TX 78704
(512) 322-2500
(512) 322-2501 (Fax)
derek.mcdonald@bakerbotts.com
maddy.dwertman@bakerbotts.com

Brandt Thomas Roessler
TX Bar No. 24127923
SDTX No. 3853796
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500
(212) 408-2501 (Fax)
brandt.roessler@bakerbotts.com

Ali Andrews
TX Bar No. 24059381
SDTX No. 2247399
Emily Rohles
TX Bar No. 24125940
SDTX No. 3715273
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
(713) 229-1234
(713) 229-1522(Fax)
ali.andrews@bakerbotts.com
emily.rohles@bakerbotts.com

**B.**    **DEFENDANT ANGELA COLMENERO**

Taylor Gifford
State Bar No. 24027262
SD ID No. 3624053
Office of the Attorney General
P.O. Box 12548, Capitol Station (019)
Austin, Texas 78711-2548
Taylor.Gifford@oag.texas.gov
Telephone: (512) 936-2650
Fax: (512)320-0667

Charles K. Eldred
Texas Bar No. 00793681
Southern District ID No. 20772
Chief, Legal Strategy Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Charles.Eldred@oag.texas.gov
(512) 936-1706
FAX: (512) 320-0667

**C.**    **DEFENDANTS THE WOODLANDS TOWNSHIP AND THE CITY OF ABILENE**

Ramón G. Viada III
State Bar No. 20559350
Fed I.D. No. 10689
rayviada@viadastrayer.com
17 Swallow Tail Court
The Woodlands, Texas 77381
281-419-6338

**D.**    **DEFENDANTS MONTGOMERY COUNTY, TEXAS AND BRETT LIGON**

Daniel Plake
Assistant Montgomery County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100

Conroe, TX 77301
Phone: (936) 539-7828
Facsimile: (936) 538-8079

B.D. Griffin
Montgomery County Attorney
Texas Bar No. 08468500
Federal ID No. 1862
Bd.Griffin@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 538-8202
Facsimile: (936) 760-6920

**E.     DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS**

Robert B. Wagstaff
Attorney-in-Charge
State Bar No. 20665000
SDTX Bar No. 13115
rwagstaff@mcmahonlawtx.com
MCMAHON SUROVIK SUTTLE, P.C.
P. O. Box 3679
Abilene, TX 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

**F.     DEFENDANT DELIA GARZA**

Leslie W. Dippel
State Bar No. 00796472
SDTX Federal ID No. 236158
Leslie.Dippel@traviscountytx.gov
Amy S. Ybarra
State Bar No. 24013573
SDTX Federal ID No. 3854149
Amy.Ybarra@traviscountytx.gov
Cynthia W. Veidt
State Bar No. 24028092
SDTX Federal ID No. 35785
Cynthia.Veidt@traviscountytx.gov

Assistant Travis County Attorneys
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX

G.    DEFENDANT JOE D. GONZALES

Lisa V. Cubriel
Bexar County District Attorney's Office
Texas Bar No. 24045731
Southern District of Texas Federal ID No. 3146931
Civil Division
101 W. Nueva, 7th Floor
San Antonio, TX 78205
United States
210-335-2142
Fax: 210-335-2773
Lisa.Cubriel@bexar.org

## II.    STATEMENT OF THE CASE

### A.    PLAINTIFFS' STATEMENT OF THE CASE

Senate Bill 12 ("SB 12" or the "Drag Ban") was signed by Governor Abbott on June 18, 2023, and is scheduled to take effect on September 1, 2023.  The Drag Ban purports to ban "sexually oriented performances" through at least three mechanisms: (1) criminalizing many such performances; (2) creating civil penalties for commercial entities that host such performances; and (3) mandating that counties and municipalities ban many "sexually oriented performances," and granting them authority to regulate other such performances.

While aiming to criminalize, chill, and censor drag performances, SB 12 is sweepingly overbroad and vague.  The statute's key terms are undefined and fail to give adequate notice of what the law proscribes.  Steep criminal and civil penalties— including up to a year in jail and fines of up to $10,000 per violation—threaten to chill entire genres of expressive activity in our state.  Combined with a complete lack of any *mens rea* requirement, SB 12 seemingly imposes strict liability on performers of all types, including actors, dancers, comedians, singers, gymnasts, wrestlers, and more.  Performers have no way of knowing the age of every person in their audience or whether their expressive activity might be found to "appeal[] to

the prurient interest in sex," but SB 12 threatens to punish them for a wide universe of ordinary and innocent conduct. The Drag Ban thereby diminishes the free expression of all Texans and severely restricts access to cherished works of art, from Shakespeare's plays to Broadway musicals to Michelangelo's *David*.

Plaintiffs in this case include the following:

- The Woodlands Pride, a non-profit LGBTQIA+ organization in Montgomery County, Texas that hosts an annual Pride Festival and participates in other fundraisers, summits, and community events;
- The Abilene Pride Alliance, a non-profit organization focused on supporting Abilene's LGBTQIA+ community based in Taylor County, Texas;
- Extragrams, a drag entertainment and delivery service based in Austin, Texas;
- 360 Queen Entertainment, a gay and Latinx-owned drag production company founded in 2022 to provide joy, hope, and celebration through drag performances in Bexar County, Texas; and
- Brigitte Bandit, a non-binary drag artist.

Defendants in this case include the following:

- Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township;
- Montgomery County, Texas;
- Brett Ligon, in an official capacity as District Attorney of Montgomery County;
- City of Abilene, Texas;
- Taylor County, Texas;
- James Hicks, in an official capacity as District Attorney of Taylor County;
- Delia Garza, in an official capacity as County Attorney of Travis County; and
- Joe D. Gonzales, in an official capacity as District Attorney of Bexar County.

Plaintiffs have already suffered concrete injuries due to the passage of SB 12, including having to change or censor their own free expression, the financial loss of business, and increased threats to their personal safety. Both The Woodlands Pride and Abilene Pride Alliance are hosting local Pride festivals this September and

October that feature drag performers and are directly impacted by this law.  They intend to engage in conduct arguably proscribed by SB 12 and reasonably fear that themselves, their drag artists, and their attendees could be subject to civil and criminal penalties if the law is not enjoined.  Plaintiffs Extragrams and Brigitte Bandit also intend to continue engaging in conduct arguably proscribed by the Drag Ban shortly after September 1 and reasonably fear steep penalties and prosecution under this new law.  Plaintiff 360 Queen Entertainment has made the difficult decision to shut down its popular drag performances after September 1 because it cannot determine how to comply with this vague and overbroad law at its current venue.  If not blocked by this Court, SB 12 will drive 360 Queen Entertainment out of business and completely chill its free expression.

Plaintiffs seek to vindicate their First and Fourteenth Amendment rights and maintain the status quo.  Any interest that Defendants allege is necessary to protect children from obscenity is already shielded by Texas law, and SB 12 does not further any legitimate governmental purpose.  Plaintiffs ask this Court to enter a permanent injunction to stop Defendants from enforcing SB 12 and declare that SB 12 is facially unconstitutional, void, and of no effect.  Alternatively, Plaintiffs ask the Court to preliminarily enjoin this law to prevent irreparable harm, or to issue a temporary restraining order to preserve the status quo and block the Drag Ban's enforcement until the Court can rule upon Plaintiffs' Motion for a Preliminary Injunction.  Plaintiffs also ask that the Court award reasonable costs and attorney's fees and grant such further relief as the Court may deem proper.

## B.   DEFENDANT COLMENERO'S STATEMENT OF THE CASE

Senate Bill 12 ("SB 12") does not violate the Constitution. Sexually-oriented performances are not categorically covered by the First Amendment because they are not inherently expressive. Even to the extent that they are covered by the First Amendment, state may regulate sexually-oriented performances in front of minors without violating the First Amendment. Sexually-oriented performances harm significant numbers of children who watch them.

To the extent Plaintiffs claim SB 12 infringes on their constitutional right to conduct drag performances, the First Amendment does not categorically cover drag performances because they are not inherently expressive.

SB 12 is not unconstitutionally vague or overbroad.

Colmenero is entitled to sovereign immunity against Plaintiffs' claims under 42 U.S.C. § 1983.

Plaintiffs lack standing to sue Colmenero. She is not an appropriate enforcement authority.

Due to limited time and the Court's expedited schedule, Defendant Colmenero reserves the right to modify her Statement of the Case.

C.   **Defendants Montgomery County, Texas; Montgomery County District Attorney, Brett Ligon; Taylor County, Texas; Taylor County Criminal District Attorney James Hicks; Travis County Attorney Delia Garza; and, Bexar County District Attorney Joe D. Gonzales Statement of the Case (collectively "County Defendants")**

Montgomery County, Texas; Montgomery County District Attorney, Brett Ligon; Taylor County, Texas; Taylor County Criminal District Attorney James Hicks; Travis County Attorney Delia Garza; and, Bexar County District Attorney Joe D. Gonzales (hereinafter collectively "County Defendants") assert that Plaintiffs' claims fail against the County Defendants for two reasons.

First, Eleventh Amendment immunity bars Plaintiffs' claims. Plaintiffs' allegations do not provide any basis to assert, with respect to the County Defendants, the *Ex Parte Young* exception to the Eleventh Amendment's general rule precluding suits against state officials in their official capacities, nor could Plaintiffs make any such proper allegations.

Second, Plaintiffs have not asserted a proper basis for Article III standing against the County Defendants. Plaintiffs' Original Complaint contains no allegations or evidence of threatened criminal prosecution of SB 12. Therefore, Plaintiffs have not asserted a proper basis for Article III standing with respect to any claims against the County Defendants.

The County Defendants further assert that the Court should deny the requested injunctive relief because of the lack of justiciability and standing as to the County Defendants. The Original Complaint does not identify an injury traceable directly to each of these defendants individually and the County Defendants are not necessary parties to this litigation.

### III.   JURISDICTION

#### A.   PLAINTIFFS' POSITION

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action raises federal questions and seeks to vindicate civil rights protected by the First and Fourteenth Amendments to the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

The Court has personal jurisdiction over Defendants because they are residents and officials in the State of Texas.

This Court has jurisdiction to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Fed. R. Civ. P. 65.

#### B.   DEFENDANT COLMENERO'S POSITION

Defendant Colmenero will move to dismiss for lack of subject-matter jurisdiction on August 23. The Court lacks standing over Plaintiffs' claims against her.

#### C.   DEFENDANTS WOODLANDS TOWNSHIP AND CITY OF ABILENE'S POSITION

Defendants Woodlands Township and City of Abilene have moved to dismiss for lack of subject-matter jurisdiction.  *See* Dkt. 40, 42.

#### D.   COUNTY DEFENDANTS' POSITION

The County Defendants are also filing a Joint Motion to Dismiss Plaintiffs' claims pursuant to both Fed. R. Civ. P. 12(b)(1) and (12)(b)(6) prior to the Court's close of business deadline on August 23, 2023.

### IV.   MOTIONS

- Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 10)

- Motion to Consolidate Lead Case No. 4:23-cv-02847 and Member Case No. 4:23-cv-02993 by VORTEX Repertory Company, Brock England, Mark Ivy, Jamie Brokaw, Oktavea Williams, The Greater Houston LGBT Chamber of Commerce, The San Antonio LGBT Chamber of Commerce,

The North Texas Gay Lesbian Bisexual Transgender Chamber of Commerce (Dkt. 33)

- Defendant The Woodlands Township's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or, Alternatively, for Failure to State a Claim (Dkt. 40)

- Defendant City of Abilene's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, or, Alternatively, for Failure to State a Claim (Dkt. 42)

- Plaintiffs' Request for Judicial Notice (Dkt. 47)

- Defendant Colmenero's motion to dismiss under Rule 12(b)(1) and 12(b)(6) (to be on August 23).

- County Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

## V.     CONTENTIONS OF THE PARTIES

### A.     PLAINTIFFS' CONTENTIONS

- Content and Viewpoint Discrimination in Violation of the First Amendment, 42 U.S.C. § 1983

   o SB 12 regulates and criminalizes performances, including drag performances, that are inherently expressive and shielded by the First Amendment.  Each element of the law's definition of "sexually oriented performances" is content-based and triggers heightened scrutiny.  The Drag Ban also constitutes viewpoint discrimination.  For instance, the Drag Ban's prohibition on "the exhibition of sexual gesticulations using accessories or prosthetics that exaggerate male or female sexual characteristics" is viewpoint-based since it prohibits expressive activity that "exaggerate[s] male or female sexual characteristics" while permitting the same "gesticulations" for performers who already have those characteristics and need not "exaggerate" them.  This is "particularly pernicious" under the First Amendment since the Drag Ban imposes the government's viewpoint of what kind of "male or female sexual characteristics" are appropriate in performances and threatens Plaintiffs with criminal and civil

penalties if they do not comply.  Both viewpoint and content-based discrimination are presumptively invalid and trigger heightened scrutiny under the First Amendment.

o Because SB 12 triggers heightened scrutiny, the burden is on Defendants to show that the law furthers a compelling governmental interest and is narrowly tailored to that end.  There is no compelling governmental interest that justifies prohibiting such huge swaths of constitutionally protected expression barred by SB 12.  Even if there were, this law is not narrowly tailored to those ends. SB 12 is not "actually necessary" to achieve any compelling state interest and is therefore unconstitutional.

- Overbreadth in Violation of the First Amendment, 42 U.S.C. § 1983

  o SB 12 is also unconstitutionally overbroad in that it prohibits a substantial amount of protected speech relative to its plainly legitimate sweep.

  o The broad and undefined provisions of SB 12 are substantially disproportionate to the statute's lawful sweep. Because the Drag Ban applies to common depictions of ordinary and lawful activities and creates a criminal prohibition of alarming breadth, it is unconstitutionally overbroad on its face and violates the First Amendment. The lack of *mens rea* in the Drag Ban also worsens the law's unconstitutional overbreadth.

- Vagueness in Violation of the First and Fourteenth Amendments, 42 U.S.C. § 1983

  o SB 12 is also unconstitutionally vague because it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case.  A litany of key terms in the Drag Ban are so vague and open-ended that the law fails to give notice of what conduct is prohibited and encourages arbitrary and discriminatory enforcement.

  o A more stringent vagueness test applies where a law interferes with the right of free speech, especially where it contains

criminal penalties. Here, the criminalization of performance and art—combined with a lack of *mens rea*—chills constitutionally protected conduct and violates the First and Fourteenth Amendments.

- Prior Restraint on Speech in Violation of the First Amendment, 42 U.S.C. § 1983

  o By requiring municipalities and counties to prohibit all "sexually oriented performances" on public property or in the presence of an individual younger than 18 years of age—and allowing municipalities and counties to "regulate" all other such performances—the Drag Ban is a prior restraint on free expression. This prior restraint bears a heavy presumption of unconstitutionality.

  o SB 12 does not have narrowly drawn, reasonable and definite standards but instead gives local and state officials unbridled discretion to encourage some views and discourage others through the arbitrary application of the law. The Drag Ban is a content and viewpoint-based prior restraint that lacks constitutionally required safeguards and violates the First Amendment.

**B.   DEFENDANT COLMENERO'S CONTENTIONS**

- SB 12 does not violate the Constitution.
  o There is no categorical right to perform sexually-oriented performances because sexually-oriented performances are not inherently expressive.
  o To the extent that there is a right to perform sexually-oriented performances, states may regulate them and prohibit their viewing by minors, consistent with the Constitution.
  o SB 12 is neither unconstitutionally vague nor unconstitutionally overboard.
  o There is no categorical right to perform drag performances because drag performances are not inherently expressive.

- Defendant Colmenero is entitled to sovereign immunity against Plaintiffs' claims under 42 U.S.C. § 1983.

- Plaintiffs lack standing to sue Defendant Colmenero.

- Due to limited time and the Court's expedited schedule, Defendant Colmenero reserves the right to modify her contentions.

### C.   DEFENDANTS THE WOODLANDS TOWNSHIP AND CITY OF ABILENE'S CONTENTIONS

The Defendants The Woodlands Township and the City of Abilene take no position on the validity of SB 12. It is not a law or policy of these Defendants. Defendants contend they have been dragged into a dispute over a law they did not pass or have no agreement or dispute with, and that they have no current stated intention of enforcing in any way. These Defendants have no controversy with these Plaintiffs other than over whether this suit against these Defendants poses any live controversy. Defendants contend they should not be made a target for attorneys fees in a suit where the real party defendant in interest is the State of Texas, which is immune from suit under Section 1983 and Section 1988.

### D.   COUNTY DEFENDANTS' CONTENTIONS

County Defendants assert that Plaintiffs' claims against them must be dismissed as a matter of law for the reasons set forth in Section II above.

## VI.   ADMISSIONS OF FACT

See parties' pleadings.

Defendants The Woodlands Township and City of Abilene state that they have not answered the complaint yet and are not in a position to admit or deny the pleadings except to the extent stated in these Defendants' motions to dismiss.

## VII.   CONTESTED ISSUES OF FACT

### A.   PLAINTIFFS

Plaintiffs' Proposed Findings of Fact and Conclusions of Law are forthcoming.

### B.   DEFENDANT COLMENERO

See parties' pleadings.

### C.   DEFENDANTS THE WOODLANDS TOWNSHIP AND CITY OF ABILENE

The Defendants The Woodlands Township and the City of Abilene contend that in this facial challenge to a state law, there are no issues of fact, much less any issues that pertain to these Defendants.  However, if the Court were to rule otherwise, these Defendants object and request a jury trial on all such issues and a reasonable time for discovery as per the Federal Rules.

### D.   COUNTY DEFENDANTS

County Defendants reserve the right to submit alternative Proposed Findings of Fact and Conclusions of Law after review of Plaintiffs' submission.

### VIII.   AGREED PROPOSITIONS OF LAW

### A.   PLAINTIFFS

Plaintiffs' Proposed Findings of Fact and Conclusions of Law are forthcoming.

### B.   DEFENDANT COLMENERO

See parties' pleadings.

### C.   COUNTY DEFENDANTS

County Defendants reserve the right to submit alternative Proposed Findings of Fact and Conclusions of Law after review of Plaintiffs' submission.

### IX.   CONTESTED PROPOSITIONS OF LAW

### A.   PLAINTIFFS

Plaintiffs' Proposed Findings of Fact and Conclusions of Law are forthcoming.

### B.   DEFENDANT COLMENERO

See parties' pleadings.

### C.   DEFENDANTS THE WOODLANDS TOWNSHIP AND CITY OF ABILENE

As a matter of law, the elements of liability 42 U.S.C. Section 1983 are not alleged, and cannot be proved by a preponderance of the evidence, as to The

Woodlands Township or the City of Abilene.   In particular, in particular: no allegations or evidence exists to prove:

   a. any policymaker of the Township or the City;

   b. enacted a policy;

   c. that is the moving force of;

   d. any deprivation of any of these Plaintiffs' federal constitutional rights or any legally sufficient chill of these Plaintiffs' rights.

   **D.   COUNTY DEFENDANTS**

   County Defendants reserve the right to submit alternative Proposed Findings of Fact and Conclusions of Law after review of Plaintiffs' submission.

## X.   EXHIBITS

   **A.   PLAINTIFFS**

   Plaintiffs' Exhibit List is attached as Exhibit A.

   **B.   DEFENDANT COLMENERO**

   Defendant Colmenero has one exhibit: Dr. Arambula's CV. Due to limited time and the Court's expedited schedule, Defendant Colmenero reserves the right to modify her Exhibit List.

   **C.   COUNTY DEFENDANTS**

   County Defendants do not reasonably anticipate the need to present any exhibits at this time. County Defendants reserve the right to submit rebuttal exhibits after receiving Plaintiffs' list of exhibits.

## XI.   WITNESSES

   **A.   PLAINTIFFS**

   Plaintiffs' Witness List is attached as Exhibit B.

   If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

### B.    DEFENDANT COLMENERO

Michael Arambula M.D., and any witness called by any other party. Due to limited time and the Court's expedited schedule, Defendant Colmenero reserves the right to modify her Witness List.

### C.    COUNTY DEFENDANTS

County Defendants do not reasonably anticipate the need to present any witness testimony at this time. County Defendants reserve the right to identify rebuttal witnesses after receiving Plaintiffs' witness list.

## XII.   SETTLEMENT

Because this case concerns the constitutionality of a newly enacted state statute, it cannot be settled. It will have to be tried.

## XIII.   TRIAL

### A.    PLAINTIFFS

Plaintiffs' witness testimony and legal argument is expected to last around 4 hours.

### B.    DEFENDANT COLMENERO

Defendant Colmenero's witness testimony and legal argument is expected to last a minimum of one hour.

### C.    COUNTY DEFENDANTS

County Defendants anticipate that their legal arguments, to the extent the Court deems them necessary, will take approximately 30 to 45 minutes.

## XIV.   ATTACHMENTS

Plaintiffs' Exhibit List is attached as Exhibit A.

Plaintiffs' Witness List is attached as Exhibit B.

Respectfully submitted,

*/s/ Brian Klosterboer*
Brian Klosterboer, *attorney-in-charge*
TX Bar No. 24107833
SDTX No. 3314357
Chloe Kempf
TX Bar No. 24127325
SDTX No. 3852674
Thomas Buser-Clancy
TX Bar No. 24078344
SDTX No. 1671940
Edgar Saldivar
TX Bar No. 24038188
SDTX No. 618958
Adriana Pinon
TX Bar No. 24089768
SDTX No. 1829959
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
bklosterboer@aclutx.org
ckempf@aclutx.org
tbuser-clancy@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

*/s/ Emily Rohles*
Ali Andrews
TX Bar No. 24059381
SDTX No. 2247339
Emily Rohles
TX Bar No. 24125940
SDTX No. 3715273
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
Tel. (713) 229-1234
Fax (713) 229-1522
Ali.Andrews@BakerBotts.com
Emily.Rohles@BakerBotts.com

Derek McDonald
TX Bar No. 00786101
SDTX No. 18546
Maddy Dwertman
TX Bar No. 24092371
SDTX No. 3853795
BAKER BOTTS L.L.P.
401 S. 1st Street, Suite 1300
Austin, TX 78704
Tel. (512) 322-2500
Fax (512) 322-2501
Derek.McDonald@BakerBotts.com
Maddy.Dwertman@BakerBotts.com

Brandt Thomas Roessler
TX Bar No. 24127923
SDTX No. 3853796
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Tel. (212) 408-2500
Fax (212) 408-2501
Brandt.Roessler@BakerBotts.com

*Attorneys for Plaintiffs*

18

**ANGELA COLMENERO**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Acting Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

*/s/Taylor Gifford*
**TAYLOR GIFFORD**
Assistant Attorney General
Attorney-in-Charge
Texas Bar No. 24027262
Southern District ID No. 3624053

**CHARLES K. ELDRED**
Chief, Legal Strategy Division
Texas Bar No. 00793681
Southern District ID No. 20772

General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Taylor.Gifford@oag.texas.gov
Charles.Eldred@oag.texas.gov

Attorney for Defendant Colmenero

/s/ Ramón G. Viada III
Ramón G. Viada III
State Bar No. 20559350
Fed I.D. No. 10689
rayviada@viadastrayer.com
17 Swallow Tail Court
The Woodlands, Texas 77381
281-419-6338

Counsel for Defendants The Woodlands
Township and City of Abilene


**DELIA GARZA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas 78767
(512) 854-9415
(512) 854-4808 FAX

By:  /s/Amy S. Ybarra
LESLIE W. DIPPEL
State Bar No. 00796472
SDTX Federal ID No. 236158
Leslie.Dippel@traviscountytx.gov
AMY S. YBARRA
State Bar No. 24013573
SDTX Federal ID No. 3854149
Amy.Ybarra@traviscountytx.gov
CYNTHIA W. VEIDT
State Bar No. 24028092
SDTX Federal ID No. 35785
Cynthia.Veidt@traviscountytx.gov
Assistant Travis County Attorneys
**Attorneys for Travis County Attorney**
**Delia Garza**

BD Griffin
County Attorney, Montgomery County

By: /s/ Daniel Plake
Daniel Plake
Assistant Montgomery County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
BD Griffin
Montgomery County Attorney
Texas Bar No. 08468500
Federal ID No. 1862
BD Griffin@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 539-7828
Facsimile: (936) 538-8079
**Attorney for Montgomery County and
Brett Ligon, Defendants**


BY: /s/ Robert B. Wagstaff
Robert B. Wagstaff
State Bar No. 20665000
SDTX Bar No. 13115
rwagstaff@mcmahonlawtx.com
MCMAHON SUROVIK SUTTLE, P.C.
P. O. Box 3679
Abilene, TX 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax
**Attorneys for Defendants Taylor
County
and Taylor County District Attorney
James Hicks**

JOE D. GONZALES
Bexar County Criminal
District Attorney

By:   /s/ Lisa V. Cubriel
**LISA V. CUBRIEL**
Assistant District Attorney
Texas Bar No. 24045731
SDTX Federal ID No. 3146931
Lisa.Cubriel@bexar.org
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Fax: (210) 335-2773

## CERTIFICATE OF SERVICE

I hereby certify that, on August 23, 2023, a true and correct copy of the foregoing was served via the CM/ECF system to all counsel of record.

*/s/ Emily Rohles*
Emily Rohles