## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; Brigitte Bandit, | |
| *Plaintiffs,* | |
| *v.* | |
| Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzalez, in an official capacity as District Attorney of Bexar County, | Civil Action No. 4:23-cv-02847 |
| *Defendants.* | |

_____

## MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF TEXAS VALUES IN OPPOSITION TO PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER

Texas Values moves this Court for leave to file the accompanying *amicus curiae* brief in support of Defendants. The proposed *amicus* seeks to use its broad experience in legislative policy and legal matters to assist the Court's understanding of this rule's legislative intent and content-neutral design. Texas Values is a statewide non-profit organization that exists to promote research and education to encourage, strengthen, and protect Texas families. Texas Values has over 100,000 supporters in all 254 counties in the State of Texas. Texas Values provides its members legal and legislative representation and support on issues of faith, family, and freedom and is the leading organization in Texas on issues affecting constitutionally-protected religious freedom, free speech, and parental rights.

For these reasons, Texas Values respectfully asks the Court to grant this motion and accept the accompanying brief.

DATED this 25th day of August, 2023

/s/ Kevin Fulton
 Kevin Fulton
Texas Bar Number: 24059787
Southern District I.D.: 1127417
Fulton Law Group PLLC
7676 Hillmont Street, Suite 191
Houston, Texas 77040
713.589.6964
832.201.8847 (fax)
kevin@fultonlg.com
*Counsel for Amicus Curiae*

/s/ Jonathan M. Saenz
Jonathan M. Saenz
Texas Bar Number: 24041845
TEXAS VALUES
1005 Congress Ave.
Austin, TX 78701
512.478.2220
512.478.2229 (fax)
jsaenz@txvalues.org
*Co-Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I electronically filed the foregoing Motion for Leave to File Brief of Amicus Curiae Texas Values using the CM/ECF system. Counsel for all parties to the case are registered users and will be served by the CM/ECF system.

/s/ Kevin Fulton
Kevin Fulton

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; Brigitte Bandit, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> Angela Colmenero, in an official capacity as Interim Attorney General of Texas; The Woodlands Township; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzalez, in an official capacity as District Attorney of Bexar County, <br><br> *Defendants.* | Civil Action No. 4:23-cv-02847 |

_____

### *AMICI CURIAE* BRIEF OF TEXAS VALUES IN OPPOSITION TO PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER

# TABLE OF CONTENTS

Table of Contents ………………………………………………….... i

Index of Authorities ……………………………………………… ii

Interest of Amici Curiae ………………………………………… 1

Argument ………………………………………………………… 1

    I.    Senate Bill 12 Establishes Content-Neutral Restrictions as
        Intended by the Texas Legislature ……………………..… 1

    II.    Legal Obscenity Definition Is Met Because
        Children Are the Actual Target Audience……………………… 4

    III.    Plaintiffs' Alleged Harms Are Speculative …………………… 6

    IV.    SB 12's Requirements Are Well Within First Amendment
        Boundaries ………………………………………………… 6

Conclusion and Prayer ………………………………………… 7

Certificate of Service ………………………………………… 9

# INDEX OF AUTHORITIES

**Cases**

*United States v. Williams,* 553 U.S. 285, 292 (2008) ……………………… 1

*R.A.V. v. City of St. Paul,* 505 U.S. 377, 388 (1992) ……………………… 1

*Virginia v. Black,* 538 U.S. 343, 361-62 (2003) ……………………………2

*Ginsberg v. New York,* 390 U.S. 629 (1968) ………………………………...5

*Sable Commc'ns of Cal., Inc. v. FCC,* 492 U.S. 115, 126 (1989) …………...6

*Louisiana v. Biden,* 55 F.4th 1017 at 1034 (5th Cir. 2022) ………………..6

*Chacon v. Granata,* 515 F.3d 922, 925 (5th Cir. 1975) ………………………6

**Statutes**

Tex. Penal Code § 43.22 …………………………………………………2

Tex. Penal Code § 43.25 …………………………………………………2

**Other Authorities**

*New York Post*, https://nypost.com/2022/10/18/video-of-drag-queen-gyrating-next-to-child-sparks-backlash "Video of drag queen gyrating in front of child has Texas pols pushing for legislative action" (visited Aug. 21, 2023) ……………………………………………..….…5

*Washington Post*, https://www.washingtonpost.com/nation/2022/12/04/texas-holiday-parade-drag "A Texas culture clash: Dueling parades over the meaning of Christmas" (visited Aug. 22, 2023) …5

*Protect Texas Kids,* Twitter, https://twitter.com/protecttxkids_/status/1664756604292550658 (last visited Aug. 23, 2023) …………………………………………………..6

## INTEREST OF AMICUS CURIAE

Texas Values is a statewide Judeo-Christian non-profit organization that promotes research, education, and legislative advocacy to encourage, strengthen, and protect Texas families. Texas Values has over 100,000 supporters in all 254 counties in the State of Texas. Texas Values provides its members legal and legislative representation and support on issues of faith, family, and freedom and is the leading organization in Texas on issues affecting constitutionally-protected religious freedom, free speech, and parental rights.

## ARGUMENT

### I.   Senate Bill 12 establishes content-neutral restrictions as intended by the Texas Legislature

Though inartfully pled, Plaintiffs assert that Senate Bill (SB) 12 is content-based and fails to survive the resulting strict scrutiny because it is not narrowly tailored and is overbroad. But a statute is overbroad only if it "prohibits a substantial amount of protected speech." *United States v. Williams,* 553 U.S. 285, 292 (2008). And here, SB 12 restricts conduct that is not protected by the First Amendment: admitting a child to a "sexually oriented performance" by adults.  This feature does not require close First Amendment scrutiny because it is protecting a vulnerable class from materials obscene as to them. *R.A.V. v. City of St. Paul,* 505 U.S. 377, 388 (1992)

1

(noting that "a State might choose to prohibit only that obscenity … which involves the most lascivious displays of sexual activity" without triggering strict scrutiny); *see also Virginia v. Black,* 538 U.S. 343, 361 (2003). While Texas Penal Code addresses adult crimes of indecent and exposure and lewdness[1], as well as the crimes of inducing a child to be involved in a sexual performance[2] it does not specifically address sexually oriented performances by adults in front of an audience of children.

Plaintiffs contend that a fundamental indicator of a content-based restriction is that it was enacted due to disagreement with the message. The message that the Plaintiffs seem to have in mind is the social viewpoint inherent in drag performances. However, SB 12 protects children from exposure to sexually oriented performances regardless of who performs them or what social view point they seek to convey.

As an organization with full-time personnel present at the Texas Capitol all 140 days of the 88th Regular Session, *amicus* observed lawmakers, parents and grandparents themselves, authentically concerned by the possibility of premature exposure of children to emotionally and psychologically traumatic stimuli.

---

[1] Texas Penal Code 43.22 – Obscene Display or Distribution
[2] Texas Penal Code 43.25 – Sexual Performance by a Child

2

Nowhere in SB 12 does it target or even mention drag shows[3]. The legislative history shows that SB 12 was enacted due to the harmful nature of sexualized performances to minors – not disagreement with the content of drag shows. In laying out SB 12 in the Senate, primary author Texas Senate Committee Chairman Bryan Hughes made the following statements about legislative intent:

- I know that all of us can agree that children should not be exposed to sexually explicit material. This material can take various forms in print and visual media, and live performances.[4]

- Let me stress, Senate Bill 12 is about children – about what children should be exposed to…something I believe, I hope, we'll have common ground on.[5]

- The bill does not intend to stop theatrical or other shows that do not appeal to the prurient interest.[6]

- While drag shows have received the most media attention, Senate Bill 12 is not limited to this type of sexually oriented performance. Drag shows could be replaced by some other types of harmful performances in the future. The protections in this bill will protect children from sexually oriented performances in general.[7]

---

[3] S.B. 12, 88th Leg. (2023) is codified as proposed Tex. Health & Safety Code § 769.002; Tex. Local Gov. Code § 243.0031; Tex. Penal Code § 43.28
[4] Texas Senate Video Archive: senate.texas.gov/av-archive.php. 04/04/23 Part 1. Timestamp: 2:19:08
[5] Texas Senate Video Archive: senate.texas.gov/av-archive.php. 04/04/23 Part 1. Timestamp: 2:20:05
[6] Texas Senate Video Archive: senate.texas.gov/av-archive.php. 04/04/23 Part 1. Timestamp: 2:22:36
[7] Texas Senate Video Archive: senate.texas.gov/av-archive.php. 04/04/23 Part 1. Timestamp: 2:23:00

Texas House of Representative member, and SB 12 House sponsor Rep. Matt Shaheen remarked in his bill layout and explanation that the engrossed version of SB 12 from the Texas Senate included "an unnecessary reference to drag shows," and that the reference had been removed without reducing protections for Texas children.[8] The legislative record is replete with examples of content-neutral intent by bill authors, House and Senate committee members, and Texas Legislature leadership. In fact, Texas Values has successfully worked on several legislative efforts where the resulting enacted bill affected more than just a single issue or person. SB 1978 from the 86th Legislature, also known as the "Save Chick-Fil-A Law," afforded religious freedom protections to faith-based charities, religious educational institutions, and everyday Texans.[9]

## II. Legal obscenity definition is met because children are the actual target audience

Plaintiffs seem to suggest a monochrome definition of legal obscenity that applies to adults and children equally without regard to audience levels of sexual immaturity, potential psychological and neurological harms, or the state's greater interest in protecting children. However, it is well-established that there is a legitimate governmental interest in the welfare of children.

---

[8] Texas House of Representatives Video Archive: house.texas.gov/video-audio/chamber 5/19/23  Timestamp 31:03
[9] Texas Legislature Online: https://capitol.texas.gov/BillLookup/History.aspx?LegSess=86R&Bill=SB1978 SB 1978

*Ginsberg v. New York,* 390 U.S. 629 (1968) (the government's interest in the 'well-being of its youth' justified the regulation of otherwise protected expression). Further, what is obscene to children may not be to adults; the concept of obscenity or of unprotected matter may vary according to the group to whom the questionable material is directed. *Id* at 636. Psychological harms are also recognized as a compelling governmental interest. *Sable Commc'ns of Cal., Inc. v. FCC,* 492 U.S. 115, 126 (1989).

Many recent sexualized drag show performances show a pattern, and arguably an intention, to lure kids into exposure which impedes their values (i.e., their sense of self-control and judgement).   One commonly used example in Texas legislative hearings on SB 12 occurred in 2022 when a drag queen at a Plano, Texas restaurant lifted her skirt and gyrated in front of confused kids while lip-synching sexually explicit lyrics from a song.[10]  In Taylor, Texas a drag queen with the pseudonym, Sedonya Face ("sit-on-your-face") made an appearance on a float at a public city-sponsored Christmas parade where children have commonly been present for years.[11] And in Arlington, Texas drag performers put on a "show" while donning

---

[10] New York Post: "Video of drag queen tyrating in front of child has Texas pols pushing for legislative action" October 18, 2022
[11] Washington Post: "A Texas culture clash: Dueling parades over the meaning of Christmas" December 4, 2022

form-fitting, sexual genitalia-revealing outfits at a Six Flags Over Texas kids theme park.[12]

### III.  Plaintiffs' alleged harms are speculative

Aside from being an impermissible shotgun pleading, Plaintiffs' complaint, at face value, shows that Plaintiffs face no threat of irreparable injury, actual or imminent, because all of Plaintiffs' alleged harms are speculative in nature. *Louisiana v. Biden,* 55 F.4th 1017 at 1034 (5th Cir. 2022) (costs for irreparable harm must be based on more than "speculation" and "unfounded fears"); *see also Chacon v. Granata,* 515 F.3d 922, 925 (5th Cir. 1975).

Plaintiffs fear that their park permits or use of venues may be denied, or that future planned pride festivals would attract fewer visitors and less revenue.[13] So they claim. Plaintiffs offer no evidence to support these illusory harms, and no facts suggesting a concrete threat of enforcement against them.  An argument that the law will be enforced is not a constitutional claim. Likewise, arguing that Plaintiffs who organize pride festivals will have fewer visitors and revenue at these festivals is not a constitutional claim and certainly does not rise to the level of irreparable harm.  One could argue that SB 12 does not ban drag queens to these type of events in the unlikely event they conform to SB 12 requirements

---

[12] Protect Texas Kids Twitter Account: @protecttxkids_ June 2, 2023
[13] CM/ECF Document 10. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction Pgs. 20-21

on sexual conduct. However, Plaintiffs appear unwilling to conform. This unwillingness itself speaks volumes about the typically hyper-sexual nature of drag performances.

## IV. Senate Bill 12's requirements are well within First Amendment boundaries

In order to meet the definition of "sexually oriented performance" to activate SB 12's "no-minors" rule, there must be a convergence of (1) a performer, (2) engaging in sexual conduct, which is (3) appealing to the prurient interest.  If any one of these elements are missing, SB 12 restrictions concerning minors do not apply.

As part of their overbreadth argument, Plaintiffs allege a number of equally implausible and ludicrous scenarios which they believe would fall into SB 12's coverage. However, each of these scenarios falls short of the three-element requirement and in fact, makes a strong case that SB 12 is narrowly tailored.

## CONCLUSION AND PRAYER

Accordingly, Texas Values urges this Court to deny the Plaintiffs' Motion for Temporary Restraining Order as they have failed to meet the burden under federal law.

Respectfully Submitted,

/s/ Kevin Fulton
 Kevin Fulton
 Texas Bar Number: 24059787
 Southern District I.D.: 1127417
 Fulton Law Group PLLC
 7676 Hillmont Street, Suite 191
 Houston, Texas 77040
 713.589.6964
 832.201.8847 (fax)
 kevin@fultonlg.com
 *Counsel for Amicus Curiae*

/s/ Jonathan M. Saenz
 Jonathan M. Saenz
 Texas Bar Number: 24041845
 TEXAS VALUES
 1005 Congress Ave.
 Austin, TX 78701
 512.478.2220
 512.478.2229 (fax)
 jsaenz@txvalues.org
 *Co-Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I electronically filed the foregoing Brief of Amicus Curiae Texas Values using the CM/ECF system. Counsel for all parties to the case are registered users and will be served by the CM/ECF system.

/s/ Kevin Fulton
Kevin Fulton
