UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc., et al., *Plaintiffs*, v. Angela Colmenero, in an official capacity as Interim Attorney General of Texas, et al., *Defendants*. | Civil Action No. 4:23-cv-02847 |

**PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY AND STRIKE REPORT OF MICHAEL ARAMBULA, M.D.**

Defendant Angela Colmenero filed the expert report of Michael Arambula, M.D., and intends to offer his testimony as an expert witness in this matter, seemingly for the proposition that exposure to explicit sexual content can negatively affect children. Dkt. 53. In the context of Plaintiffs' challenge to SB 12, this generalized opinion is not relevant, reliable, or helpful for the trier of fact. No "fact of consequence" is made more or less probable by Dr. Arambula's opinion. Fed. R. Evid. 401. Plaintiffs respectfully request this Court strike Dr. Arambula's report and exclude him as a witness under Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

1

## ARGUMENT AND AUTHORITIES

### I. Expert Testimony Must Be Both Relevant and Reliable

Federal Rule of Evidence 702 allows a witness who is qualified as an expert to testify if his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The expert must use sufficient facts and data and reliable principles and methodologies. Fed. R. Evid. 702(b)-(d).

Scientific knowledge is based on the scientific method. *Daubert*, 509 U.S. at 590. Before allowing expert testimony based on scientific knowledge, the trial court must make a preliminary determination whether the underlying reasoning or methodology is valid. *Id.* at 593-94. Key questions include whether a theory can be, or has been, tested; whether it has been subject to peer review and publication; error rates; and whether it is generally accepted in the relevant scientific community. *Id.* at 594.

A trial court's obligation to determine the reliability and relevance of expert testimony also applies to other types of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). While not all of the factors may apply, the *Daubert* test can be useful in determining whether any testimony based on specialized knowledge has a reliable foundation in the relevant discipline. *Id.* Scientific knowledge forms the basis of, or is intertwined with, so many other types

of specialized or technical knowledge that it is not necessary for the Court to determine whether the expertise is scientific to evaluate whether it is reliable. *Id.* at 149-51.

Expert testimony is relevant if it has a "valid . . . connection to the pertinent inquiry." *Id.* (citation omitted). The relevance requirement for expert testimony is no stricter than the general relevance test for evidence—it must make a "fact . . . of consequence" more or less probable. Fed. R. Evid. 401. It also must assist the trier of fact to decide a fact in issue. Fed. R. Evid. 702.

## II. Dr. Arambula's Testimony Is Not Relevant

No "fact of consequence" is made more or less probable by Dr. Arambula's opinion. Defendant Angela Colmenero purportedly "offers the expert opinion of Dr. Michael Arambula to show that minors can be harmed by viewing sexually oriented performances." Dkt. 52 at 31. Dr. Arambula's expert report does nothing to further the position advanced by Defendant Colmenero. With no citations or methodology stated therein, his expert report states, "The exposure of minors to sexually oriented performances can adversely affect them in different ways." Dkt. 53 at 3. He then discusses only one way it can affect them: it can purportedly fuel a "sexual preoccupation." *Id.*

Critically, Dr. Arambula never defines "sexually oriented performances," so it is unclear whether he is applying the same sweeping definition as that in SB 12.

3

Indeed, Dr. Arambula never refers at all to SB 12 or the specific terms included in SB 12's definition of "sexually oriented performances." Further, the conclusion of his report does not refer to "sexually oriented performances" at all, and instead discusses "explicit sexual content," which indicates that he is not referring to the sorts of acts implicated by SB 12: a minor observing a dancer shimmy or hip thrust or make brief contact with another dancer's buttocks or perform sexual gesticulations.

Even with respect to "explicit sexual content," his report is too attenuated to aid the trier of fact. He goes on to say:

> Unfortunately, it has been my professional experience to observe that individuals who lacked healthy interpersonal relationships **and** who were exposed to explicit sexual content **and** who experienced brief sexual/emotional pleasure engaging in these similar sexual activities (they were exposed to), were those individuals who struggled with personal worth, anxiety, depression, substance abuse and sexual deviance.

Dkt. 53 at 3 (emphasis added). He is not opining on the effects of exposure to explicit sexual content alone but in combination with two other factors, one of which he earlier stated can cause adverse effects on its own. *See id.* ("Further, research has shown that minors who experienced poor attachment to others during their development are more prone to exhibit 'acting out' behavior."). Moreover, some of the potential consequences he describes for individuals who have experienced all three factors are conditions everyone knows can occur without any of those catalysts.

4

*Id.* (individuals who experienced all three circumstances "struggled with personal worth, anxiety, depression . . . .").

Dr. Arambula's report provides little insight into what can happen to minors who are exposed to sexually explicit conduct, but even if it did, that fact is not relevant to the inquiry here. It provides no insight whatsoever into the effects of the types of content banned by SB 12 that Plaintiffs actually perform. His testimony would not help this Court decide any facts in issue.

### III. Dr. Arambula's Testimony Is Not Reliable.

While psychiatry may be a scientific field, Dr. Arambula's conclusions were not drawn using the scientific method. No hypotheses were tested, no double-blind studies were conducted, no results published in peer-reviewed journals. In fact, Dr. Arambula's report makes no reference whatsoever to any underlying data or methodologies beyond his evaluations of his own patients.

Dr. Arambula makes only a few references to studies or research of any kind. He states, "Clinical research has demonstrated that brain development / maturation is a life-long process . . ." which is certainly not a fact in dispute. He then says, "research has shown that minors who experienced poor attachment" are more prone to acting out, which is also not a relevant fact at issue. He also states that "clinical research has shown that sexual behavior is largely a learned behavior." He does not cite or explain any of this research.

5

Dr. Arambula's information comes solely from his own clinical experience. Because the focus of his work is so specific, though, it cannot support the broad conclusions he seeks to draw. He works with sexual offenders and paraphiliacs and may be able to determine what factors contributed to their mental state, but he does not know how these experiences might relate to others in the community who are not sexual offenders or seeking his help for issues such as sexual promiscuity or preoccupation. Dr. Arambula does not specialize in child psychology or development; has not previously served as an expert on child psychology or development; and does not appear to have published any papers on child psychology or development. There is also nothing in his report to suggest he has any expertise in performances or the types of restrictions and regulations at issue in this case.

Dr. Arambula's report is not supported by sufficient data, principles or methodology to meet the reliability standard for expert testimony.

## CONCLUSION

The testimony of Defendant Angela Colmenero's witness Michael Arambula, M.D., cannot help this Court decide any disputed issues of fact. His conclusions are unreliable, irrelevant, not supported by any data or methodology, and cannot make any issues of fact more or less probable. This Court should strike the Expert Report of Michael Arambula, M.D., from the record and exclude Dr. Arambula from testifying in this matter.

Respectfully submitted,

| | /s/ Brandt Thomas Roessler |
|---|---|
| Brian Klosterboer, *attorney-in-charge* | Brandt Thomas Roessler |
|   TX Bar No. 24107833 |   TX Bar No. 24127923 |
|   SDTX No. 3314357 |   SDTX No. 3853796 |
| Chloe Kempf | BAKER BOTTS L.L.P. |
|   TX Bar No. 24127325 | 30 Rockefeller Plaza |
|   SDTX No. 3852674 | New York, NY 10112 |
| Thomas Buser-Clancy | Tel. (212) 408-2500 |
|   TX Bar No. 24078344 | Fax (212) 408-2501 |
|   SDTX No. 1671940 | Brandt.Roessler@BakerBotts.com |
| Edgar Saldivar | |
|   TX Bar No. 24038188 | Derek McDonald |
|   SDTX No. 618958 |   TX Bar No. 00786101 |
| Adriana Pinon |   SDTX No. 18546 |
|   TX Bar No. 24089768 | Maddy Dwertman |
|   SDTX No. 1829959 |   TX Bar No. 24092371 |
| ACLU FOUNDATION OF TEXAS, INC. |   SDTX No. 3853795 |
| P.O. Box 8306 | BAKER BOTTS L.L.P. |
| Houston, TX 77288 | 401 S. 1st Street, Suite 1300 |
| Tel. (713) 942-8146 | Austin, TX 78704 |
| Fax (713) 942-8966 | Tel. (512) 322-2500 |
| bklosterboer@aclutx.org | Fax (512) 322-2501 |
| ckempf@aclutx.org | Derek.McDonald@BakerBotts.com |
| tbuser-clancy@aclutx.org | Maddy.Dwertman@BakerBotts.com |
| esaldivar@aclutx.org | |
| apinon@aclutx.org | Ali Andrews |
| |   TX Bar No. 24059381 |
| |   SDTX No. 2247339 |
| | Emily Rohles |
| |   TX Bar No. 24125940 |
| |   SDTX No. 3715273 |
| | BAKER BOTTS L.L.P. |
| | 910 Louisiana Street |
| | Houston, TX 77002 |
| | Tel. (713) 229-1234 |
| | Fax (713) 229-1522 |
| | Ali.Andrews@BakerBotts.com |
| *Attorneys for Plaintiffs* | Emily.Rohles@BakerBotts.com |

7

## **CERTIFICATE OF CONFERENCE**

Plaintiffs notified Defendant Angela Colmenero of their intent to file this motion on the morning of August 27, 2023. Defendant Colmenero responded that she is opposed to Plaintiffs' motion.

*/s/Brandt Thomas Roessler*
Brandt Thomas Roessler

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 27th day of August 2023, a true and correct copy of the above document was served via the CM/ECF system to all counsel of record.

*/s/Brandt Thomas Roessler*
Brandt Thomas Roessler