IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| The Woodlands Pride, Inc,; *et al.*, § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> Angela Colmenero, in an official capacity as Interim § <br> Attorney General of Texas; *et al.*, § <br> *Defendants.* § | Case Number: 4:23-cv-02847 |

<u>MONTGOMERY COUNTY'S AND BRETT LIGON'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW</u>

TO THE HONORABLE DAVID HITTNER:

Montgomery County and Brett Ligon in his official Capacity as District Attorney appear pursuant to Federal Rule of Civil Procedure 52 to submit the following Proposed Findings of Fact and Conclusions of Law:

**Montgomery County's Proposed Findings of Fact:**

1. Senate Bill 12 Section 2 amends Texas Local Government Code allowing municipalities and counties to "regulate sexually oriented performances as the municipality or county considers necessary to promote the public health, safety, or welfare". Local Government Code Section 243.0031 as amended by Senate Bill 12 does not mandate that Montgomery County regulate sexually oriented performances.

2. Senate Bill 12 Section 2 amends the Texas Local Government Code prohibiting municipalities and counties from "authoriz[ing]" a "sexually oriented performance" on public property or in the presence of anyone under the age of 18.

3. None of the Plaintiffs other than the Woodlands Pride seek relief from Montgomery County.

4.      Jason Rocha testified at trial on behalf of The Woodlands Pride. The Woodlands Pride has never sought a permit from Montgomery County. *Transcript Day 1 at pg. 223 ln. 9-11*. The Woodlands Pride does not have a pending permit application with Montgomery County. *Id., at ln. 16-18*. The Woodlands Pride utilizes off-duty officers for its security; it does not contract with Montgomery County. *Id. at pg. 226. ln. 14-24*. The Woodlands pride does not have to use off-duty officers, it could employ private security officers. *Id. at pg. 226. ln. 25 – pg. 227 ln. 2*.

5.      The Woodlands Pride did not provide any evidence that Montgomery County adopted an ordinance affecting their ability to host any event.

**Montgomery County's Proposed Conclusions of Law:**

6.      The Woodlands Pride does not have standing to sue Defendant Montgomery County, Texas under 42 U.S.C. § 1983. To maintain a 42 U.S.C. § 1983 action against a County, a Plaintiff must plead and prove three elements: "(1) a policy makers; (2) an official policy; and (3) a violation of a constitutional force whose 'moving force' is the policy or custom." *Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-66 (5th Cir.2022).

7.      The Woodlands Pride did not plead or prove by a preponderance of the evidence the existence of a Montgomery County policy maker responsible for a policy that is the moving force of the enforcement of Senate Bill 12. Brett Ligon in his official capacity as District Attorney is not a County policy maker. *Arnone,* 29 F.4th, at 268-69. "When a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official." *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990); see also *Buffin v. California*, 23 F.4th 951, 962 (9th Cir.2022) ("any officer, be he state or local, is acting as a state official, i.e., a state agent when a state statutory regime comprehensively directs his actions") (internal quotations omitted) (citing *Echols*, 909 F.2d at 799 (5th Cir. 1990)). Where a plaintiff has complained actors of a local

government are "acting for the State," then "there is no case or controversy with, and no Article III jurisdiction over," the local government for which such 'state' actors serve. *Daves v. Dallas Cnty.*, 22 F.4th 522, 532 (5th Cir. 2022) (en banc).

8.  The Woodlands Pride did not plead or prove by a preponderance of the evidence the existence of a Montgomery County policy that is the moving force of the enforcement of Senate Bill 12.

9.  The Woodlands Pride did not adequately plead or prove by a preponderance of the evidence that Local Government Code Section 243.0031(b) as amended by Senate Bill 12 creates a controversy between Montgomery County and The Woodlands Pride because the complained statute is permissive.

10. The Woodlands Pride did not adequately plead or prove by a preponderance of the evidence that Local Government Code Section 243.0031(c) as amended by Senate Bill 12 creates a controversy between Montgomery County and The Woodlands Pride. The statute does not apply to The Woodlands Pride and Montgomery County because Montgomery County does not have an ordinance enforcing the new legislation, Plaintiff has not sought a permit from Montgomery County, and Plaintiff does not contract with Montgomery County. The Parties have no relationship or justiciable controversy.

11. The Woodlands Pride failed to prove by a preponderance of the evidence that it has a justiciable controversy with Montgomery County because its damages rest on future events that may not occur. "In pre-enforcement free speech challenges, 'chilled speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5th Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show is that: (1) it intends to engage in a course of

conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). Plaintiffs' request for declaratory relief is not ripe, and therefore not justiciable. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (quoting *Texas v. United States*, 523 U.S. 296 (1998)).

12. Neither standing nor ripeness are determined in gross. *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 434 n.27 (5th Cir. 2021). The Woodlands Pride failed to established standing and ripeness between itself and Montgomery County.

13. No threat of enforcement, or any action, by Montgomery County has chilled any planned speech or expression by The Woodlands Pride on public property over which Montgomery County has any power or legal authority to control.

**District Attorney Brett Ligon's Proposed findings of fact:**

14. The Woodlands Pride seeks relief against Brett Ligon in his official capacity as District Attorney pursuant 42 U.S.C. § 1983. *Doc. 1 pg. 39-42*. None of the Plaintiffs other than the Woodlands Pride seek relief from Brett Ligon in his official capacity.

15.     Brett Ligon is the elected District Attorney for 9th Judicial District of Texas, he is elected by the voters of Montgomery County.   Tex. Gov't. Code § 43.105.

**District Attorney Brett Ligon's Proposed Conclusions of Law:**

16.     The Woodlands Pride does not have standing against Defendant Brett Ligon, in an official capacity as District Attorney of Montgomery County under 42 U.S.C. § 1983.  *Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-55, 267 (5th Cir.2022) (citing *McMillian v. Monroe County,* 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed. 2d 1 (1997) and *Daves v. Dallas County, Texas,* 22 F.4th 522, 535-38 (5th Cir.2022)).

17.     *Ex parte Young*, 209 U.S. 123 (1908), is an exception to State sovereign immunity under the Eleventh Amendment.   Under *Ex parte Young*, "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action."   *Ex parte Young*, 209 U.S. at 155-56.   It is "a legal fiction that allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law."   *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).   "For the exception to apply, the state official, 'by virtue of his office,' must have 'some connection with the enforcement of the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party.'" *Id*. (quoting *Young*, 209 U.S. at 157) see also *Air Evac EMS, Inc. v. Tex. Dep't of Ins*., 851 F.3d 507, 517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. at 157).   A merely hypothetical or theoretical connection is not enough; the complaint must allege an ongoing violation of federal law and seek relief properly characterized as prospective.   *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S.

635, 646 (2002). To fit within the *Ex parte Young* exception to state sovereign immunity, it is not enough to allege that the defendant official has a "general duty to see that the laws of the state are implemented." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014).

18. The Woodlands Pride did not prove by a preponderance of the evidence more than a hypothetical or theoretical connection between it and the District Attorney. The Woodlands Pride did prove by a preponderance of the evidence that the District Attorney is responsible for an ongoing violation of federal law.

19. The Woodlands Pride did not plead waiver of Eleventh Amendment Immunity of Defendant Brett Ligon, in an official capacity as District Attorney; it only seeks relief under 42 U.S.C. § 1983.

20. Even if The Woodlands Pride had sought relief under *Ex Parte Young,* The Woodlands Pride failed to prove by a preponderance of the evidence waiver of Eleventh Amendment Immunity of Defendant Brett Ligon, in an official capacity as District Attorney.

**Claims against Montgomery County and Brett Ligon in his official capacity as District Attorney are mooted by any relief granted against The Attorney General:**

21. If the Court's Final Judgment declares Senate Bill 12 unconstitutional and enjoins the Texas Attorney General Attorney from enforcing its provisions, that ruling will bind all state and local governmental actors commanded or authorized to act under it. *Harris County v. Carmax Auto Superstores Inc.,* 177 F.3d 306, 318 (5th Cir.1999) (recognizing that "a local law enforcement official is bound when his interests are represented by the state attorney general") (internal citations omitted).

22. Such a ruling will render moot all causes of action and requests for declaratory and injunctive relief against Montgomery County and District Attorney.

**ORDER**

Based on the above findings of fact and conclusions of law, this Court dismisses all claims and causes of action against Montgomery County and Brett Ligon in his official capacity as District Attorney.

Respectfully submitted,

B. D. Griffin
County Attorney, Montgomery County

BY:   s/ Daniel Plake
Daniel Plake
Assistant Montgomery County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone:         (936) 539-7828
Facsimile:    (936) 538-8079
ATTORNEY FOR MONTGOMERY COUNTY and BRETT LIGON, DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 6th day of September, 2023, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system or via USPS Mail to all parties at the addresses below.

| | |
|---|---|
| Alison Dawn Andrews<br>Baker Botts LLP<br>910 Louisiana Street<br>Houston, TX 77002<br>713-229-1533<br>aliandrews@me.com | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Thomas Paul Buser-Clancy<br>ACLU of Texas<br>PO Box 8306<br>Houston, TX 77288<br>713-942-8146 | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |

| | |
|---|---|
| tbuser-clancy@aclutx.org | |
| Madeleine Rose Dwertman<br>Baker Botts LLP<br>401 S. 1st St., Suite 1300<br>Austin, TX 78704<br>512-322-2521<br>512-322-8321 (fax)<br>maddy.dwertman@bakerbotts.com | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Chloe Nicole Kempf<br>ACLU of Texas<br>1018 Preston Street<br>Houston, TX 77002<br>713-942-8146<br>ckempf@aclutx.org | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Brian Klosterboer<br>ACLU Foundation of Texas<br>5225 Katy Freeway, Suite 350<br>Houston, TX 77007<br>713-942-8146<br>bklosterboer@aclutx.org | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Derek Raymond McDonald<br>Baker Botts LLP<br>98 San Jacinto Blvd, Suite 1500<br>Austin, TX 78701-4039<br>512-322-2667<br>derek.mcdonald@bakerbotts.com | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Adriana Cecilia Pinon<br>ACLU of Texas<br>5225 Katy Freeway, Suite 350<br>Houston, TX 77007<br>713-942-8146<br>apinon@aclutx.org | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Brandt Thomas Roessler<br>Baker Botts LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>212-408-2583<br>brandt.roessler@bakerbotts.com | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Emily Arleen Rohles<br>Baker Botts, LLP<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002<br>713-229-2065<br>713-229-7865 (fax)<br>emily.rohles@bakerbotts.com | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |

| | |
|---|---|
| Edgar Saldivar<br>American Civil Liberties Union of Texas<br>5225 Katy Freeway, Suite 350<br>Houston, TX 77007<br>7139428146<br>7139428966 (fax)<br>esaldivar@aclutx.org | Attorney for 360 Queen Entertainment LLC<br>Abilene Pride Alliance<br>BB<br>Extragrams, LLC<br>The Woodlands Pride, Inc. |
| Travis W. Fife<br>Texas Civil Rights Project<br>PO Box 1108<br>Houston, TX 77251<br>512-474-5073<br>travis@texascivilrightsproject.org | Attorney for The Greater Houston LGBT Chamber of Commerce<br>*(Consol Plaintiff)*<br><br>The North Texas Gay Lesbian Bisexual Transgender Chamber of Commerce<br>*(Consol Plaintiff)*<br><br>The San Antonio LGBT Chamber of Commerce<br>*(Consol Plaintiff)*<br><br>VORTEX Repertory Company<br>*(Consol Plaintiff)*<br><br>Brock England<br>*(Consol Plaintiff)*<br><br>Jamie Brokaw<br>*(Consol Plaintiff)*<br><br>Mark Ivy<br>*(Consol Plaintiff)*<br><br>Oktavea Williams<br>*(Consol Plaintiff)* |
| Stanley E. Smith<br>PO Box 60<br>Abilene, Texas 79601<br>325-676-6251<br>Stanley.smith@abilenetx.gov | Attorney for City of Abilene, Texas<br>*(Defendant)* |
| Ramon G. Viada, III<br>Viada & Strayer<br>17 Swallow Tail Ct<br>The Woodlands, TX 77381<br>281-419-6338<br>rayviada@viadastrayer.com | Attorney for City of Abilene, Texas<br>*(Defendant)*<br><br>Attorney for The Woodlands Township<br>*(Defendant)* |
| Kimberly Gdula<br>Deputy Chief | Attorney for Angela Colmenero<br>*In an official capacity as Interim Attorney* |

| | |
|---|---|
| Office of the Attorney General of Texas<br>3300 W. 15th St.<br>Austin, Texas 78701<br>512-241-9629<br>Kimberly.gdula@oag.texas.gov | *General of Texas* |
| Taylor Gifford<br>Assistant Attorney General<br>Office of the Attorney General of Texas<br>3300 W. 15th St.<br>Austin, Texas 78701<br>512-936-2650<br>Taylor.gifford@oag.texas.gov | Attorney for Angela Colmenero<br>*In an official capacity as Interim Attorney General of Texas* |
| Frank Stamey<br>300 Oak St.<br>Abilene, Texas 79802<br>325-674-1377<br>Frank.stamey@taylorcounty.texasgov | Attorney for James Hicks<br>*In an official capacity as District Attorney of Taylor County* |
| Leslie W. Dippel<br>PO Box 1748<br>Austin, Texas 78767<br>512-854-9841 | Attorney for Delia Garza<br>*In an official capacity as County Attorney of Travis County* |
| Lisa V. Cubriel<br>101 W. Nuena, 7th Floor<br>San Antonio, Texas 78205<br>210-335-2142<br>Lisa.cubriel@bexar.org | Attorney for Joe D. Gonzalez<br>*In an official capacity as District Attorney of Bexar County* |

s/ Daniel Plake