UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE WOODLANDS PRIDE, INC., et al., § | |
| § | |
| *Plaintiffs*, § | |
| § | Civil No. 4:23-cv-02847 |
| v. § | |
| § | |
| ANGELA COLMENERO, IN AN OFFICIAL § | |
| CAPACITY AS INTERIM ATTORNEY § | |
| GENERAL OF TEXAS, et al., § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS AS DISTRICT ATTORNEY OF TAYLOR COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

FINDINGS OF FACT

1. On August 28 and 29, 2023, a hearing on Plaintiffs' Motion for Temporary Restraining Order and Temporary Injunction and a final trial on the merits was held.

2. On August 31, 2023, the Court issued a ruling that the Temporary Restraining Order be granted and remain in effect for the next fourteen (14) days or until further order of the Court. (Doc 75).

3. Senate Bill 12 Section 2 amends the Texas Local Government Code allowing municipalities and counties to "regulate sexually oriented

DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Page **1** of **8**

performances as the municipality or county considers necessary to promote the public health, safety, or welfare". Local Government Code Section 243.0031 as amended by Senate Bill 12 does not mandate that Taylor County regulate sexually oriented performances.

4. Senate Bill 12 Section 2 amends the Texas Local Government Code prohibiting municipalities and counties from "authoriz[ing]" a "sexually oriented performance" on public property or in the presence of anyone under the age of 18.

5. The only Plaintiff that alleged or offered any evidence they plan to host or engage in any drag performances, festivals, or related activities within Taylor County was the Abilene Pride Alliance. The Abilene Pride Alliance seeks relief against James Hicks in his official capacity as District Attorney pursuant to 42 U.S.C. § 1983. None of the other Plaintiffs seek relief from James Hicks in his official capacity.

6. Abilene Pride Alliance is a non-profit organization that has hosted drag-type festivals and activities within the City of Abilene and Taylor County. 1 Tr. 118-21.

7. In September of 2022, Abilene Pride Alliance hosted a street parade that featured drag performers on floats and followed with an all-ages Pride Festival at a local park which included drag performances.

8. Abilene Pride Alliance has been permitted by the City of Abilene for a parade on September 30, 2023. Drag performers are planned to perform in the parade. A festival is planned on property owned by Taylor County but operated by a non-profit organization.

DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Page **2** of **8**

9. The 2022 Parade and Festival were conducted in an age-appropriate matter that did not involve performers dressing indecently or engaging in simulated sex acts in the presence of children. 1 Tr. 121-23. The 2023 Parade and Festival is planned to be a similar all ages appropriate event and does not intend to violate SB 12. 1. Tr. 127, 137-43.

10. The Abilene Pride Alliance introduced no proof that either Taylor County or District Attorney James Hicks has ever threatened to prosecute SB 12, threatened to enact enforcement ordinances to or been in a conflict with the Abilene Pride Alliance. There was no proof of any plan to enforce SB 12 against the Abilene Pride Alliance, nor was there any communication that SB 12 now brings into question the activities from the 2022 Parade and Festival or the planned activities from the 2023 Parade and Festival.

## CONCLUSIONS OF LAW

Defendants Taylor County and District Attorney James Hicks hereby adopt any and all Conclusions of Law proffered by the other County Defendants, the other Prosecutorial Defendants and the City of Abilene, and in addition would show as follows:

## TAYLOR COUNTY

1. Arguably, Abilene Pride Alliance is the only Plaintiff who has a facial standing argument against Taylor County since none of the other Plaintiffs provided any evidence as to any involvement or potential involvement with Taylor County such that enforcement of SB 12 would be an issue. However, Abilene Pride Alliance failed to prove a *Monell* claim and thus, any standing to sue Taylor County under 42 U.S.C. § 1983. *Monell v. New York*

*Department of Social Services,* 436 U.S. 658, 691 (1978) requires that to establish a § 1983 cause of action against a local governmental entity, the plaintiff must demonstrate that "action pursuant to official municipal policy of some nature caused a constitutional tort."  A Plaintiff must plead and prove three elements against a county - (1) a policy maker of the county; (2) makes an official policy; which (3) violates a constitutional right whose 'moving force' is the policy or custom. *Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-66 (5th Cir.2022) (citing *Monell*).

2. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403-404 (1997). Thus, "[o]nly those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion) (emphasis added). Municipal liability under § 1983 cannot rest on agency principles or respondeat superior. *Monell* at 690-94; *Brown* at 403.

3. Assuming arguendo that SB 12 does create the claimed constitutional rights violation, Abilene Pride Alliance still failed to plead or prove the existence of a Taylor County policy maker responsible for a policy that is the "moving force" of any supposed enforcement of SB 12. District Attorney James hicks, in his official capacity, is not a Taylor County policy maker. See *Arnone,* 29 F.4th, at 268-69.  Since SB 12 directs prosecutors' enforcement actions, DA Hicks is considered a state official, not county, under these

DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Page **4** of **8**

pleadings and circumstances. See *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990) (when state statute directs a local official, they are acting for the state). With no evidence of a policy by a policy maker, Abilene Pride Alliance failed to plead or prove a *Monell* claim and a standing right to sue Taylor County.

4. Abilene Pride Alliance also failed to show a justiciable controversy under Local Government Code Section 243.0031(b) as amended by Senate Bill 12. There was no evidence put forth of any county ordinance, contract or other enforcement of SB 12 such that the constitutional rights are even possibly infringed by the new law through the county's actions. Further, such pre-enforcement claims by Abilene Pride Alliance are only justiciable and ripe if they can show that: (1) they intend to engage in a course of conduct arguably affected with a constitutional right or interest; (2) that the course of action arguably falls within the statute; and (3) there exists a credible threat of prosecution under the statute. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Further, "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id*. (*quoting Texas v. United States*, 523 U.S. 296 (1998)).

DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Page **5** of **8**

5. Abilene Pride Alliance testified they had no knowledge of any planned acts by the County or the DA to enforce SB 12, or any reason to believe that the County or DA would make their parade or festival an issue due to the new law. Abilene Pride Alliance also testified they would not be violating SB 12. Thus, no justiciable controversy was shown and the alleged claims are not ripe. Abilene Pride Alliance provided no evidence that Taylor County has threatened or indicated they would take any action to enforce such that free speech and expression would be arguably chilled.

6. As noted above, Abilene Pride Alliance has no standing under 42 U.S.C. § 1983 over District Attorney James Hicks acting in his Official Capacity. *Arnone, supra at* 267 (5th Cir.2022), (citing *McMillian v. Monroe County,* 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed. 2d 1 (1997) and *Daves v. Dallas County, Texas,* 22 F.4th 522, 535-38 (5th Cir.2022)).

7. Generally, the 11th Amendment governs State sovereign immunity. An exception to this immunity was carved out by *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." *Id*. at 155-56. But, a mere hypothetical or theoretical connection is not enough as the complaint must allege and evidence must support an actual ongoing or threatened violation of federal law and seek relief properly characterized as prospective. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002). It is not enough to allege

that the defendant official has a "general duty to see that the laws of the state are implemented" to fall within the *Ex parte Young* exception. See *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014).

8. Again, no evidence or proof was brought forth by the Abilene Pride Alliance to show the threat or actual enforcement of an unconstitutional act. The Plaintiff simply alleged that the DA has the "authority" to enforce SB 12 without the requisite proof.

9. The Plaintiff's claims against Taylor County under SB 12's grant of regulatory authorization are premature since the statute does not regulate expression; it merely authorizes counties to do so. In conjunction, the mere SB 12 authorization for Defendant Hicks to enforce criminal statutes does not create a ripeness claim against him.

10. All Plaintiffs' claims against Defendants Taylor County and District Attorney James Hicks should be dismissed.

DEFENDANTS TAYLOR COUNTY, TEXAS AND JAMES HICKS, IN AN OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF TAYLOR COUNTY'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Page **7** of **8**

Respectfully submitted,

BY: /s/ Robert B. Wagstaff
**Robert B. Wagstaff**
**Attorney-in-Charge**
**State Bar No. 20665000**
**SDTA Bar No. 13115**
rwagstaff@mcmahonlawtx.com

MCMAHON SUROVIK SUTTLE P.C.
P. O. Box 3679
Abilene, TX 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

ATTORNEYS FOR TAYLOR COUNTY,
TEXAS and JAMES HICKS

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was filed electronically with the Court's electronic filing system on this 6th day of September, 2023, in accordance with the Federal Rules of Civil Procedure and LR5.3 of the Southern District of Texas.

/s/ Robert B. Wagstaff
**Robert B. Wagstaff**