UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE WOODLANDS PRIDE, INC., *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:23-cv-02847 |
| ANGELA COLMENERO, *et al.*, | § § | |
| Defendants. | § | |

## DEFENDANT JOE D. GONZALES' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE DAVID HITTNER:

Defendant Joe D. Gonzales, in his official capacity as District Attorney of Bexar County, appears pursuant to Federal Rule of Civil Procedure 52 to submit the following Proposed Findings of Fact and Conclusions of Law on all claims against him:

## Proposed Findings of Fact

1. Plaintiff 360 Queen Entertainment, LLC ("360 Queen Entertainment") seeks relief against Joe D. Gonzales in his official capacity as District Attorney of Bexar County pursuant to 42 U.S.C. § 1983. (Docket No. 1, ¶¶ 13, 23, 117). 360 Queen Entertainment is the only Plaintiff seeking relief against Defendant Joe D. Gonzales.

2. Joe D. Gonzales is the duly elected District Attorney of Bexar County.

3. 360 Queen Entertainment filed suit against Defendant Gonzales because it fears criminal prosecution under Senate Bill 12 in the event its drag performances are construed to violate Senate Bill 12. (Docket No. 1, ¶¶ 23, 110-117).

4. 360 Queen Entertainment decided to stop hosting drag performances before Senate Bill 12 takes effect on September 1, 2023 because it did not want to expose itself, the performers, or the hosting establishment where 360 Queen Entertainment hosts drag performances to Senate Bill 12's criminal and civil penalties. (Docket No. 1, ¶ 115).

## **Proposed Conclusions of Law**

5. As the duly elected District Attorney of Bexar County, Defendant Gonzales occupies a constitutionally established position within the Judicial Department of the State of Texas. Tex. Const. art. V, sec. 21. As authorized by the Texas Constitution, the Texas Legislature has defined Defendant Gonzales' jurisdiction as representing the State of Texas in criminal cases pending in the district and inferior courts of Bexar County. *See* Tex. Code Crim. Proc. Art. 2.01.

6. 360 Queen Entertainment does not have standing against Defendant Joe D. Gonzales, in his official capacity as District Attorney of Bexar County,

under 42 U.S.C. § 1983. "When a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official." *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990); *see also Buffin v. California*, 23 F.4th 951, 962 (9th Cir. 2022) ("any officer, be he state or local, is acting as a state official, *i.e.*, a state agent when a state statutory regime comprehensively directs his actions") (internal quotations omitted) (citing *Echols*, 909 F.2d at 799 (5th Cir. 1990)). As a State official, Defendant Gonzales is entitled to Eleventh Amendment sovereign immunity.

7. *Ex parte Young*, 209 U.S. 123 (1908), is an exception to State sovereign immunity under the Eleventh Amendment. Under *Ex parte Young*, "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." *Ex parte Young*, 209 U.S. at 155-56. It is "a legal fiction that allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). "For the exception to apply, the state official, 'by virtue of his office,' must have 'some connection with the enforcement of

the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party.'" *Id.* (quoting *Young*, 209 U.S. at 157); *see also Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. at 157). A merely hypothetical or theoretical connection is not enough; the complaint must allege an ongoing violation of federal law and seek relief properly characterized as prospective. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002). To fit within the *Ex parte Young* exception to state sovereign immunity, it is not enough to allege that the defendant official has a "general duty to see that the laws of the state are implemented." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014).

8.  "In pre-enforcement free speech challenges, 'chilled speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5th Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show is that: (1) it intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). Plaintiffs' request for declaratory relief

against Defendant Gonzales is not ripe, and therefore not justiciable. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. United States*, 523 U.S. 296 (1998)). 360 Queen Entertainment did not prove by a preponderance of the evidence more than a hypothetical or theoretical connection between it and Defendant Joe D. Gonzales, in an official capacity as District Attorney of Bexar County.

9. 360 Queen Entertainment did prove by a preponderance of the evidence that Defendant Joe D. Gonzales, in an official capacity as District Attorney of Bexar County, is responsible for an ongoing violation of federal law.

10. 360 Queen Entertainment did not plead waiver of Eleventh Amendment Immunity of Defendant Joe D. Gonzales, in an official capacity

as District Attorney of Bexar County; it only sought relief under 42 U.S.C. § 1983.

11. Plaintiff 360 Queen Entertainment failed to prove by a preponderance of the evidence waiver of Defendant Joe D. Gonzales' Eleventh Amendment immunity.

12. Claims against Joe D. Gonzales in his official capacity as District Attorney of Bexar County are mooted by any relief granted against The Attorney General. If the Court's Final Judgment declares Senate Bill 12 unconstitutional and enjoins the Texas Attorney General from enforcing Senate Bill 12, that ruling will bind all state and local governmental actors commanded or authorized to act under it. *Harris County v. Carmax Auto Superstores Inc.*, 177 F.3d 306, 318 (5th Cir. 1999) (recognizing that "a local law enforcement official is bound when his interests are represented by the state attorney general") (internal citations omitted).

13. Such a ruling will render moot all causes of action and requests for declaratory and injunctive relief against Joe D. Gonzales, in his official capacity as District Attorney of Bexar County.

[INTENTIONALLY LEFT BLANK]

**ORDER**

Based on the above findings of fact and conclusions of law, this Court dismisses all claims and causes of action against Joe D. Gonzales in his official capacity as District Attorney of Bexar County.

Respectfully submitted,

JOE D. GONZALES
Bexar County Criminal District Attorney

By: /s/ *Lisa V. Cubriel*

**LISA V. CUBRIEL**
Assistant District Attorney
Texas Bar No. 24045731
SDTX Federal ID No. 3146931
Civil Division
101 W. Nueva, 7th Floor
San Antonio, Texas 78205
Telephone: (210) 335-2142
Fax: (210) 335-2773
Lisa.Cubriel@bexar.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this the September 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to each attorney who has made an appearance in this case.

/s/ *Lisa V. Cubriel*
LISA V. CUBRIEL