UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE WOODLANDS PRIDE, INC., *et al.*, <br>         *Plaintiffs*, <br><br> v. <br><br> ANGELA COLMENERO, *et al.*, <br>         *Defendants*. | Civil Action No. 4:23-cv-02847 |

## TRAVIS COUNTY ATTORNEY DELIA GARZA'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE HITTNER:

Delia Garza in her official capacity as Travis County Attorney (hereinafter collectively "CA Garza") files these Proposed Findings of Fact and Conclusions of Law.

**CA Garza's Proposed Findings of Fact:**

1. Senate Bill 12 Section 2 amends Texas Local Government Code allowing, but not mandating, municipalities and counties to "regulate sexually oriented performances as the municipality or county considers necessary to promote the public health, safety, or welfare."

2. Senate Bill 12 Section 2 amends the Texas Local Government Code prohibiting municipalities and counties from "authoriz[ing]" a "sexually oriented performance" on public property or in the presence of anyone under the age of 18.

1152139.2  385.384

3.     Senate Bill 12 Section 3 amends Texas Penal Code to add the prohibition of sexually oriented performances in the presence of individuals younger than 18 years of age.  Violation of this provision is a Class A misdemeanor.  Misdemeanors in Travis County are prosecuted by the Travis County Attorney's Office.

4.     Only Plaintiffs Extragrams, LLC and Bridget Bandit (collectively "Austin Plaintiffs") seek relief from CA Garza.

5.     Kerry Lynn Sieff testified at trial on behalf of Extragrams, LLC.  Extragrams has standards and guidelines for performers based on "where it's going to be, what type of people [they] think are going to be there" (P.55 LL.6-22).  Extragrams, LLC always has an on-site manager (P.55 L.23 – P.56 L.6).  They tailor their shows when "there might be a chance that under 18 people might be present or kids." (P.58 LL.4-15).  On-site managers make sure performers are fully clothed (but might have top of leotard come down or ride up) (P.62 LL. 10-24).  It has written policies and procedures about performers' outfits (P.72 L.21 -P.73 L.4) and it prohibits full nudity (P.73 LL.11-21) and exposed breasts in public settings (P.73 L.22 – P.74 L.14).

6.     Bridget Bandit is a drag show performer in Austin, Texas who performs and produces drag shows.  When she hosts drag shows she does not allow audiences on stage or allow them to touch performers (P.236 L.14 – P.235 L.1).  Bandit changes performances and appearance depending on audience (P.239 LL.5-18), never performs fully nude (P.252 LL.10-18) and caters her performance to the age of

audience (P.2-5 LL.9-19). All shows have an advertisement flier that clearly states if the show is all-ages, 18+, or 21+ show (P.2-9 LL.5-18). Bandit does not perform sexual shows at all-ages events (P.2-10 LL.15-22).

7. Austin Plaintiffs did not provide any evidence that CA Garza adopted an ordinance affecting their ability to host any event.

8. Austin Plaintiffs also did not provide any evidence they had received any credible threat of prosecution traceable to CA Garza regarding SB 12.

9. Austin Plaintiffs seek relief against CA Garza in her official capacity as County Attorney pursuant 42 U.S.C. § 1983. *Doc. 1 pg. 33 and 39*.

10. Delia Garza is the duly elected County Attorney for Travis County. Tex. Gov't. Code § 43.105.

**CA Garza's Proposed Conclusions of Law:**

11. Austin Plaintiffs do not have standing to sue Defendant CA Garza under 42 U.S.C. § 1983. To maintain a 42 U.S.C. § 1983 action against a County, a Plaintiff must plead and prove three elements: "(1) a policy maker; (2) an official policy; and (3) a violation of a constitutional force whose 'moving force' is the policy or custom." *Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-66 (5th Cir.2022).

12. Austin Plaintiffs did not plead or prove by a preponderance of the evidence the existence of a policy maker responsible for a policy that is the moving force of the

enforcement of SB 12.  CA Garza is not a county policy maker.  *Arnone,* 29 F.4th, at 268-69.  "When a state statute directs the actions of an official, as here, the officer, be [s]he state or local, is acting as a state official." *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990); *see also Buffin v. California*, 23 F.4th 951, 962 (9th Cir.2022) ("any officer, be [s]he state or local, is acting as a state official, i.e., a state agent when a state statutory regime comprehensively directs his actions") (internal quotations omitted) (citing *Echols*, 909 F.2d at 799 (5th Cir. 1990)).  Where a plaintiff has complained actors of a local government are "acting for the State," then "there is no case or controversy with, and no Article III jurisdiction over," the local government for which such 'state' actors serve. *Daves v. Dallas Cnty.*, 22 F.4th 522, 532 (5th Cir. 2022) (en banc).

13.     Austin Plaintiffs did not adequately plead or prove by a preponderance of the evidence that Local Government Code Section 243.0031(b) as amended by Senate Bill 12 creates a legal controversy between Austin Plaintiffs and CA Garza.

14.     Austin Plaintiffs have not sought a permit from CA Garza and CA Garza does not issue these types of permits.  The Parties have no relationship or justiciable controversy.

15.     Austin Plaintiffs did not prove by a preponderance of the evidence that a justiciable controversy exists with CA Garza because their damages rest on future events that have not occurred.  "In pre-enforcement free speech challenges, 'chilled

1152139.2 385.384

speech or self-censorship is an injury sufficient to confer standing.'" *Turtle Island Foods, S.P.C. v. Strain*, 65 F.4th 211, 215-16 (5th Cir. 2023) (quoting *Barilla v. City of Houston*, 13 F.4th 427, 431 (5th Cir. 2021)). However, in such a case, each plaintiff must show: (1) it intends to engage in a course of conduct arguably affected with a constitutional interest; (2) that the course of action is arguably proscribed by statute; and (3) that there exists a credible threat of prosecution under the statute. *Id.* (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014)). Plaintiffs' request for declaratory relief is not ripe, and therefore not justiciable. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006) (*quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). Further, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (*quoting Texas v. United States*, 523 U.S. 296 (1998)).

16. Austin Plaintiffs did not establish standing and ripeness between itself and CA Garza. Neither standing nor ripeness are determined in gross. *Huawei Techs. USA, Inc. v. FCC*, 2 F.4th 421, 434 n.27 (5th Cir. 2021).

17. Austin Plaintiffs did not establish a threat of enforcement, or any action, by CA Garza chilled any planned speech or expression by Austin Plaintiffs.

18. Austin Plaintiffs do not have standing against CA Garza, in an official capacity as County Attorney of Travis County under 42 U.S.C. § 1983. *Arnone vs. County of Dallas County, Texas,* 29 F.4th 262, 265-55, 267 (5th Cir.2022) (citing *McMillian v. Monroe County,* 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed. 2d 1 (1997) and *Daves v. Dallas County, Texas,* 22 F.4th 522, 535-38 (5th Cir.2022)).

19. *Ex parte Young*, 209 U.S. 123 (1908), is an exception to State sovereign immunity under the Eleventh Amendment. Under *Ex parte Young*, "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." *Ex parte Young*, 209 U.S. at 155-56. It is "a legal fiction that allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). "For the exception to apply, the state official, 'by virtue of his office,' must have 'some connection with the enforcement of the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party.'" *Id*. (quoting *Young*, 209 U.S. at 157)

see also *Air Evac EMS, Inc. v. Tex. Dep't of Ins.*, 851 F.3d 507, 517 (5th Cir. 2017) (quoting *Ex parte Young*, 209 U.S. at 157). A merely hypothetical or theoretical connection is not enough; the complaint must allege an ongoing violation of federal law and seek relief properly characterized as prospective. *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002). To fit within the *Ex parte Young* exception to state sovereign immunity, it is not enough to allege that the defendant official has a "general duty to see that the laws of the state are implemented." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014).

20. Austin Plaintiffs did not prove by a preponderance of the evidence more than a hypothetical or theoretical connection between Austin Plaintiffs and CA Garza. Austin Plaintiffs did not prove by a preponderance of the evidence that CA Garza is responsible for an ongoing violation of federal law.

21. Austin Plaintiffs did not plead or establish by a preponderance of the evidence a waiver of Eleventh Amendment Immunity of Defendant CA Garza, in an official capacity as County Attorney; they only sought relief under 42 U.S.C. § 1983.

**Claims against CA Garza in her official capacity as County Attorney are mooted by any relief granted against The Attorney General:**

22. If the Court's Final Judgment declares Senate Bill 12 unconstitutional and enjoins the Texas Attorney General Attorney from enforcing, that ruling will bind all state and local governmental actors commanded or authorized to act under it. *Harris County v. Carmax Auto Superstores Inc.,* 177 F.3d 306, 318 (5th Cir.1999)

1152139.2 385.384

(recognizing that "a local law enforcement official is bound when his interests are represented by the state attorney general") (internal citations omitted).

23.   Such a ruling will render moot all causes of action and requests for declaratory and injunctive relief against CA Garza.

## ORDER

Based on the above findings of fact and conclusions of law, this Court dismisses all claims and causes of action against Delia Garza in her official capacity as Travis County Attorney.

1152139.2 385.384

Respectfully submitted,

**DELIA GARZA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By: /s/Leslie W. Dippel
LESLIE W. DIPPEL
State Bar No. 00796472
SDTX Federal ID No. 236158
Leslie.Dippel@traviscountytx.gov
AMY S. YBARRA
State Bar No. 24013573
SDTX Federal ID No. 3854149
Amy.Ybarra@traviscountytx.gov
CYNTHIA W. VEIDT
State Bar No. 24028092
SDTX Federal ID No. 35785
cynthia.veidt@traviscountytx.gov
Assistant Travis County Attorneys
**Attorneys for Travis County Attorney Delia Garza**

## CERTIFICATE OF SERVICE

I certify that on the 6th day of September, 2023, a true and correct copy of the foregoing document was delivered by electronic notice to all counsel of record who have appeared via the Court's CM/ECF system.

By: /s/Leslie W. Dippel
LESLIE W. DIPPEL
Assistant County Attorney

1152139.2 385.384