United States District Court
Southern District of Texas
**ENTERED**
September 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE WOODLANDS PRIDE, INC., ABILENE PRIDE ALLIANCE, EXTRAGRAMS LLC., 360 QUEEN ENTERTAINMENT LLC., BRIGITTE BANDIT, <br><br> Plaintiffs, <br><br> v. <br><br> ANGELA COLMENERO, *in her official capacity as Interim Attorney General of Texas*, MONTGOMERY COUNTY, BRETT LIGON, *in his official capacity*, CITY OF ABILENE, TAYLOR COUNTY, JAMES HICKS, *in his official capacity,* DELIA GARZA, *in her official capacity*, JOE D. GONZALES, *in his official capacity*, <br><br> Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. H-23-2847 |

## ORDER

On August 31, 2023, the Court granted Plaintiff the Woodlands Pride, Inc. ("Woodlands Pride"), Plaintiff Abilene Pride Alliance ("Abilene Pride Alliance"), Plaintiff Extragrams, LLC ("Extragrams"), Plaintiff 360 Queen Entertainment ("360 Queen Entertainment"), and Plaintiff Brigitte Bandit ("Brigitte Bandit") (collectively, "Plaintiffs") motion for a temporary restraining order ("TRO"),

restraining the named defendant's from enforcing senate bill 12 ("S.B. 12"). The Court found that the Plaintiffs demonstrated through the evidence: (1) substantial likelihood of success of their claims on the merits; (2) immediate and irreparable injury would result to the Plaintiffs; (3) the balance of harms weighed in the Plaintiffs favor; and (4) the public interest weighed in favor of granting a TRO.[1]

A TRO expires on the date and time set by the Court, or exactly 14 days after going into effect, whichever comes first. Fed. R. Civ. P. 65(b)(2). A court may, however, for good cause, extend a TRO for a second period no longer than the first. Fed. R. Civ. P. 65(b)(2). Courts consider the continued existence of the grounds that made the TRO necessary sufficient good cause to extend it. *See Hill v. Chester White Rec. Ass'n*, No. 5:21-CV-274-M-BQ, 2021 WL 5446511, at *4 (N.D. Tex. Nov. 18, 2021), report and recommendation adopted, No. 5:21-CV-274-M-BQ, 2021 WL 5459762 (N.D. Tex. Nov. 21, 2021) (Bryant, J.). The Court finds that the grounds for originally granting the TRO continue to exist. Further, courts have found good cause to extend TROs when a court needs time to fully consider the various arguments and motions of the parties. *SEC v. AriseBank*, 2018 U.S. Dist. WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (Lynn, C.J.). Accordingly, the Court hereby

---

[1] *Temporary Restraining Order*, Document No. 75 1–5.

**ORDERS** that the Temporary Restraining order is **EXTENDED** an additional 14 days.

SIGNED at Houston, Texas, on this __13__ day of September, 2023 at __1:06__ p.m.

_____
DAVID HITTNER
United States District Judge