UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE WOODLSLANDS PRIDE, INC., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:23-CV-2847 |
| KEN PAXTON, in his official capacity as Attorney General of Texas, *et al.*, Defendants. | § § § § § | |

---

## DEFENDANT PAXTON'S NOTICE OF SUPPLEMENTAL AUTHORITY: *SPECTRUM WT v. WENDLER.*

---

On September 21, 2023, Judge Mathew J. Kacsmaryk issued a memorandum opinion and order in *Spectrum WT, et al. v. Wendler, et al.*, No. 2:23-CV-o48-Z, in the Northern District of Texas. *See* Exhibit A. The order is relevant to this issue before this Court and supports a ruling in Defendants' favor in this case.

In *Spectrum*, a student group at West Texas A&M University planned to host an on-campus drag show, but the President of the University, Walter Wendler, cancelled it and sent an all-campus email explaining his reasons. *See* Ex. A at 1–3. The student group moved the event off-campus and sued, seeking injunctive and declaratory relief asserting that their future events were allegedly "in imminent peril due to President

Wendler's edict," and damages under 42 U.S.C. § 1983. Ex. A at 3. President Wendler filed a motion to dismiss based in part on arguments similar to those raised by Defendant Paxton in this case – namely that drag shows do not categorically express support of a particular message and therefore not inherently expressive conduct. *See Spectrum WT*, ECF 34.

Judge Kacsmaryk ruled that President Wendler was entitled to qualified immunity because the plaintiffs failed to clearly establish a First Amendment right to perform a drag show. Ex. A at 18-20. Judge Kacsmaryk also found that drag shows are not inherently expressive conduct, which is consistent with Defendant Paxton's arguments in this case. Defendant Paxton would direct this Court's attention to pages 11-14 of the attached Order.

Relying on *Texas v. Johnson*, 491 U.S. 397 (1989), as Defendant Paxton did in this case, Judge Kacsmaryk reasoned that:

> "In deciding whether particular conduct possesses sufficient communicative elements to bring the First Amendment into play," this Court must ascertain whether "[a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it." *Johnson*, 491 U.S. at 404. Courts have "considered the context in which it occurred," and whether "[t]he expressive, overtly political nature of th[e] conduct was both intentional and overwhelmingly apparent." *Id.* at 405-06. And while "[i]t is possible to find some kernel of expression in almost every activity a person undertakes … such a kernel is not sufficient to bring the activity within the protection of the First Amendment." *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989). Accordingly, a party must advance more than a mere "plausible contention" that its conduct is expressive. *Church of Am. Knights of the KKK v. Kerik*, 356 F.3d 197, 205 (2d Cir. 2004) (holding that white masks worn by Klan members have no independent expressive value) [footnote omitted].

Ex. A at 11.

Judge Kacsmaryk went on to explain how wearing certain apparel or attire without any accompanying message is insufficient to evoke First Amendment protection. *See* Ex. A at 11-14.

> Though apparel and attire "are certainly a way in which people express themselves, clothing as such is not—not normally at any rate--constitutionally protected expression." *Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460,465 (7th Cir. 2007) (Posner, J.).[15] Instead, courts have applied Free Speech protection to manners of dress only when and where the context "establish[es] that an unmistakable communication is being made." *Edge v. City of Everett*, 929 F.3d 657, 668 (9th Cir. 2019) ("Because wearing pasties and g-strings while working at Quick-Service Facilities is not 'expressive conduct' within the meaning of the First Amendment, the dress code Ordinance does not burden protected expression."); *Edge v. City of Everett*, 291 F. Supp. 3d 1201, 1204 (W.D. Wash. 2017). Thus, the Ninth Circuit rejected the argument that scantily clad baristas conveyed a Free Speech-protected message of "fearless body acceptance and freedom from judgment." *Edge*, 291 F. Supp. 3d at 1204. And consequently, at this point in Free Speech jurisprudence, it is not clearly established that all "drag shows" are categorically "expressive conduct." *See Edge*, 929 F.3d at 669.

> > Footnote 15: *See also Blau v. Fort Thomas Pub. Sch. Dist.*, 40 I F.3d 381, 390 (6th Cir. 2005) (the First Amendment does not protect "vague and attenuated" notions of self-expression); *Zalewslca v. Cnty. of Sullivan, N.Y.*, 316 F.3d 314,320 (2d Cir. 2003) ("[A] person's choice of dress or appearance in an ordinary context does not possess the communicative elements necessary to be considered speech-like conduct entitled to First Amendment protection."); *Canady v. Bossier Petr. Sch. Bd.*, 240 F.3d 437, 440 (5th Cir. 2001) ("[A] male student's choice of hair length [does] not convey sufficient communicative content to warrant First Amendment coverage."); *Stephenson v. Davenport Cmty. Sch. Dist.*, 110 F.2d 1303, 1307 n.4 (8th Cir. 1997) (upholding school's ban on students displaying gang tattoos because the tattoos were "nothing more than 'self-expression'"); *Star v. Gramley*, 815 F. Supp. 276, 279 (C.D. Ill. 1993) ("[T]he plaintiff has no 'clearly established' right to cross-dress …); *but see A.A. ex rel. Betenbaugh v. Needville lndep. Sch. Dist.*, 701 F. Supp. 2d 863,882 (S.D. Tex. 2009), ajf'd, 611 F.3d 248 (5th Cir. 2010) ("A.A.'s braids convey a

particularized message of his Native American heritage and *religion*.") (emphasis added).

Furthermore, as Plaintiffs admit, some drag shows "are intentionally risqué, some comedic, some outlandish, and some would not give a moment's pause to a Motion Picture Association reviewer." ECF No. 28 at 18. Accordingly, an objective viewer observing biological men "performing" while dressed in attire stereotypically associated with women—without accompanying political speech or dialogue—would not necessarily discern an "unmistakable" or "overwhelmingly apparent" communication of "LGBTQ+ rights." *Id.* at 17.[16] For example, persons viewing "male football players posing in cheerleader skirts" or the drag scene from the 1943 film "This is the Army" are unlikely to discern a political message. *Id.* And even if explanatory speech could aid Plaintiffs, the context of this show does not help. That is because an observer may not discern that the performers' conduct communicates "advocacy in favor of LGBTQ+ rights." *See Tagami v. City of Chi.*, 875 F.3d 375, 378 (7th Cir. 2017) (Sykes, J.) (rejecting argument that a woman's public nudity in the context of "Go Topless Day" communicated a message of political protest against gender-specific standards of public decency because such message was not "overwhelmingly apparent" to onlookers).

> Footnote 16: *See* [*Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 66 (2006)] ("The fact that such explanatory speech is necessary is strong evidence that the conduct at issue here is not so inherently expressive that it: warrants protection"); *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 388 (5th Cir. 2013) ("Conduct does not become speech for First Amendment purposes merely because the person engaging in the conduct intends to express an idea.").

Ex. A at 11-13.

*Spectrum WT* and the present case before this Court are distinguishable from other recent cases finding First Amendment protections related to drag shows because the other courts did not consider the argument that drag shows are not categorically speech or inherently expressive conduct. In *Southern Utah Drag Stars v. City of St. George*, No. 4:23-cv-00044, 2023 WL 4053395 (D. Utah June 16, 2023), the Utah court did not

consider whether drag shows, categorically, are inherently expressive conduct. The court stated that the city had advanced "thin arguments" that the drag show was not free speech—arguments that "do not merit discussion" *Id.* at *12, *20. Unlike the Utah case, the argument that drag shows are not inherently expressive conduct was fully briefed and argued in both *Spectrum WT* and this case. In *Friends of Georges, Inc. v. Mulroy*, No. 2:23-cv-02163, 2023 WL 3790583 (W.D. Tenn. June 2, 2023), the defendants conceded that the challenged statute regulated constitutionally protected speech. *Id.* at *18. Not so here. And likewise, in *HM Florida-ORL, LLC v. Griffin*, No. 6:23-cv-950-GAP-LHP, 2023 WL 4157542 (M.D. Fla. June 24, 2023), defendants did not advance the argument that drag shows are not inherently expressive conduct. Again, not the case here.

## CONCLUSION

Defendant Paxton respectfully requests this Court take notice of the recent memorandum opinion and order issued in *Spectrum WT, et al. v. Wendler, et al.*, dismiss Plaintiffs' claims, and render judgment in favor of Defendant Paxton.

Dated: September 22, 2023.

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Acting Deputy Attorney General for Civil
Litigation

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

*/s/ Taylor Gifford*
**TAYLOR GIFFORD**
Assistant Attorney General
Attorney-in-Charge
Texas Bar No.  24027262
Southern District ID No. 3624053

**CHARLES K. ELDRED**
Chief, Legal Strategy Division
Texas Bar No. 00793681
Southern District ID No. 20772

**JOHNATHAN STONE**
Assistant Attorney General
Texas Bar No. 24071779
Southern Dist. No. 1635446

General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

6

(512) 463-2120 | FAX: (512) 320-0667
Taylor.Gifford@oag.texas.gov
Charles.Eldred@oag.texas.gov
Johnathan.Stone@oag.texas.gov
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, a true and correct copy of the foregoing document was served via the Court's electronic filing manager system to all counsel of record.

*/s/ Taylor Gifford*
**TAYLOR GIFFORD**
Assistant Attorney General