# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

The Woodlands Pride, Inc.; Abilene Pride Alliance; Extragrams, LLC; 360 Queen Entertainment LLC; Brigitte Bandit,

      Plaintiffs,

v.

Warren Kenneth Paxton, in an official capacity as Attorney General of Texas; Montgomery County, Texas; Brett Ligon, in an official capacity as District Attorney of Montgomery County; City of Abilene, Texas; Taylor County, Texas; James Hicks, in an official capacity as District Attorney of Taylor County; Delia Garza, in an official capacity as County Attorney of Travis County; Joe D. Gonzales, in an official capacity as District Attorney of Bexar County,

      Defendants.

Civil Action No. 4:23-cv-02847

## OPPOSED MOTION TO EXTEND
## DEADLINE FOR BILL OF COSTS AND ATTORNEY'S FEES

The Woodlands Pride, Inc., Abilene Pride Alliance, Extragrams, LLC, 360 Queen Entertainment LLC, and Brigitte Bandit (collectively, "Plaintiffs"), file this

motion to extend the deadline to file a bill of costs and move for attorney's fees. On September 26, 2023, the Court rendered findings of fact and conclusions of law and enjoined Defendants from enforcing S.B. 12 (Dkt. 94). On September 29, 2023, Defendant Warren Kenneth Paxton, in his official capacity as Attorney General for the State of Texas, filed a notice of appeal and moved to stay all granted injunctive relief pending appeal (Dkts. 95, 96).

A prevailing party may move for attorney's fees no later than 14 days after the entry of judgment "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). An "application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment. When attorney's fees are taxable as costs, an application for them must be made with the application for other costs." S.D. Tex. Loc. R. 54.2.

When the appeal raises questions about who may be a "prevailing party" entitled to costs and fees, courts may defer adjudicating these issues and extend the deadline to parties seeking costs or fees until after the appeal to preserve judicial resources. *See, e.g., Colonial Oaks Assisted Living Lafayette v. Hannie Dev. Inc*., No. 6:18-CV-01606, 2019 WL 7290951, at *1 (W.D. La. Dec. 27, 2019) ("[T]his Court believes that it would be in the interest of judicial economy and prudent to wait and consider the attorneys' fees and costs issue after the appeal has been resolved."); *Team Contractors, LLC v. Waypoint NOLA, LLC*, No. CV 16-1131,

2021 WL 5911278, at \*4 (E.D. La. Nov. 18, 2021), *report and recommendation adopted*, No. CV 16-1131, 2021 WL 5907759 (E.D. La. Dec. 14, 2021) ("Having failed to establish any prejudice from the deferral of the fee determination until after the Fifth Circuit rules and considering the substantial resources that must be expended to determine the appropriate fee award which may be mooted by the appeal, deferral of the fee determination at this time is appropriate."). Postponing adjudication on costs and fees until the appeal is resolved would reduce the overall expenses incurred in the case, since the Parties would not have to separately litigate costs and fees issues for trial and appeal, but could file consolidated briefing all at once.[1]

In light of the Attorney General's appeal, Plaintiffs respectfully request that the Court exercise its authority to extend the deadline to file a bill of costs and move for attorney's fees to thirty (30) days after the appeals court issues the mandate in this case. If any party petitions for certiorari after the mandate issues, Plaintiffs request that the court further extend these deadlines until thirty (30) days after resolution of the petition for certiorari and any subsequent proceeding.

---

[1] Plaintiffs do not believe that the time limit for filing a motion for costs and fees has started running, because a separate entry of final judgment still seems to be forthcoming from the Court. In an abundance of caution and to clarify future deadlines, Plaintiffs file this motion for an extension within the 14-day window of the Court issuing its Findings of Fact and Conclusions of Law (Dkt. 94).

Respectfully submitted,

By: /s/ Brian Klosterboer                         /s/ Emily Rohles
Brian Klosterboer, *attorney-in-charge*      Emily Rohles
   TX Bar No. 24107833                 TX Bar No. 24125940
   SDTX No. 3314357                    SDTX No. 3715273
Chloe Kempf                               BAKER BOTTS L.L.P.
   TX Bar No. 24127325              910 Louisiana Street
   SDTX No. 3852674                 Houston, TX 77002
Thomas Buser-Clancy                       Tel. (713) 229-1234
   TX Bar No. 24078344              Fax (713) 229-1522
   SDTX No. 1671940                 Emily.Rohles@BakerBotts.com
Edgar Saldivar
   TX Bar No. 24038188
   SDTX No. 618958                  Derek R. McDonald
Adriana Pinon                                TX Bar No. 00786101
   TX Bar No. 24089768                 SDTX No. 18546
   SDTX No. 1829959                 Maddy Dwertman
ACLU FOUNDATION OF TEXAS, INC.               TX Bar No. 24092371
P.O. Box 8306                                SDTX No. 3853795
Houston, TX 77288                         BAKER BOTTS L.L.P.
Tel. (713) 942-8146                       401 S. 1st Street, Suite 1300
Fax (713) 942-8966                        Austin, TX 78704
bklosterboer@aclutx.org                   Tel. (512) 322-2500
ckempf@aclutx.org                         Fax (512) 322-2501
tbuser-clancy@aclutx.org                  Derek.McDonald@BakerBotts.com
esaldivar@aclutx.org                      Maddy.Dwertman@BakerBotts.com
apinon@aclutx.org
                                          Brandt Thomas Roessler
                                             TX Bar No. 24127923
                                             SDTX No. 3853796
                                          BAKER BOTTS L.L.P.
                                          30 Rockefeller Plaza
                                          New York, NY 10112
                                          Tel. (212) 408-2500
                                          Fax (212) 408-2501
                                          Brandt.Roessler@BakerBotts.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

On the morning of October 5, 2023, Plaintiffs notified Defendants of their intent to file this motion to extend the deadline to file a bill of costs and move for attorney's fees. The City of Abilene indicated that it is opposed to the motion. No other Defendant responded before the filing of this motion.

*/s/ Emily Rohles*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Emily Rohles*