IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| The Woodlands Pride, Inc.; et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | C.A. No. 4:23-cv-2847 |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| Warren Keith Paxton, in an official | § | |
| capacity as Attorney General | § | |
| of Texas, et al., | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT CITY'S OPPOSITION TO MOTION TO EXTEND DEADLINE FOR BILL OF COSTS AND ATTORNEYS' FEES

Defendant, City of Abilene (the "City"), will respond to Plaintiffs' motion to extend deadline to file their bill of costs and application for attorneys' fees.

1. On September 26, 2023, the Court issued its fact findings and legal conclusions. [Dkt. 94]. Those fact findings and legal conclusions make no determination as to attorney fee liability. In its proposed findings and conclusions, the City has contended that it should not be held liable for an attorney fee award, even if the Court decides to strike down the state statute. [Dkt. 79, p. 23-24].

2. No Final Judgment has yet been issued. At the foot of its fact findings and legal conclusions, the Court announced that it "will issue a separate order disposing of all remaining ministerial matters in this case." [Dkt. 94, p. 56 n.105].

Plaintiffs have acknowledged that the time clock on their request for fees and costs has not even begun to run because no Final Judgment has been entered. *See* Pl. Mot., at p. 3 n. 1 ("Plaintiffs do not believe that the time limit for filing a motion for costs and fees has started running, because a separate entry of final judgment still seems to be forthcoming from the Court.").

3.  The City has assumed that the Court's reference to "all remaining ministerial matters" to be separately addressed does include the Court's intention to enter a Final Judgment, particularly since no attorney fee award has been made. Out of an abundance of caution, however, the City requests – pursuant to Rule 58(d) – that the Court clarify whether the case is ripe for appeal by the entry of a Final Judgment.

4.  A postponement of a determination of Plaintiffs' right to recover attorneys' fees against the City will not promote judicial economy or economy for the City. Whether the City is liable for Plaintiffs' costs or attorneys' fees, and if so, the financial burden of that liability, will factor into whether the City will appeal the Judgment. If the liability beyond the injunction itself will be granted, the City would want to appeal both rulings in the same appeal. The piecemeal appeal forecast by the Plaintiffs will be assured if the City, without notice of its financial fee liability must

first appeal whether Plaintiffs are prevailing parties as to the City and then later appeal any fee award imposed after the initial appeal.

\* \* \* \* \*

Accordingly, the Court should deny Plaintiffs' motion to extend deadline for its fee application and bill of costs; and further, the Court should set a clear appellate deadline by entering a Final Judgment by separate document under Rule 58.

    Respectfully submitted,

    VIADA & STRAYER

    By: /s/ **Ramón G. Viada III**
        Ramón G. Viada III
        State Bar No. 20559350
        Fed I.D. No. 10689
        rayviada@viadastrayer.com
        17 Swallow Tail Court
        The Woodlands, Texas 77381
        281-419-6338

    COUNSEL FOR DEFENDANT
    CITY OF ABILENE

## CERTIFICATE OF SERVICE

I certify that all counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Electronic Case Files System of the Southern District of Texas on October 6, 2023.

    /s/ **Ramón G. Viada III**
    Ramón G. Viada III